ADR

E-filing

ORIGINAL FILED
07 APR 10 AM 11:46
RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

JAMES C. YOON, State Bar No. 177155
RYAN SMITH, State Bar No. 229323
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
jyoon@wsgr.com
rsmith@wsgr.com

Attorneys for Plaintiff
DISPLAYLINK CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISPLAYLINK CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MAGIC CONTROL TECHNOLOGY, CORPORATION, a Taiwanese Corporation;<br><br>Defendants. | CASE NO.: C07 01998 EMC<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY**<br><br>**DEMAND FOR JURY TRIAL** |

DisplayLink Corporation ("DisplayLink") hereby alleges for its complaint against defendant Magic Control Technology Corporation ("MCT") on personal knowledge as to their own actions and on information and belief as to actions of others, as follows:

**THE PARTIES**

1. Declaratory plaintiff DisplayLink is a privately held Washington corporation with its corporate headquarters at 480 South California Avenue, Suite 304, Palo Alto, California 94306.

2. DisplayLink was founded in December 2003. DisplayLink is in the business of designing and selling cutting edge display interface technology that uses digital network and bus

interfaces to connect PCs to displays. DisplayLink adapter technology enables personal computers and lap tops to connect to display via a universal serial bus (USB) connection.

3. Upon information and belief, declaratory defendant Magic Control Technology Corporation is a Taiwanese corporation with offices at 6F, #120-11, Sec 3, Jhongshan Rd., Jhonghe City, Taipei 235, Taiwan, R.O.C.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action involves a claim arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(a), 1391(b), 1391(c), and/or 1400(b), in that DisplayLink resides in this judicial district, and a substantial part of the events giving rise to this action are occurring in this judicial district. MCT products, upon information and belief, are incorporated into the products of others and are offered for sale and/or sold in the Northern District of California through retail outlets including CompUSA.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,203,788)**

6. DisplayLink repeats and realleges the allegations of paragraphs 1 through 5 in their entirety.

7. MCT claims that it owns United States Patent Number 7,203,788 ("the '788 patent"), entitled, "USB-to-VGA Converter." A true and correct copy of the '788 patent is attached hereto as Exhibit A.

8. Through its communications and conduct, MCT has indicated that it will assert its rights under the '788 patent against DisplayLink products.

9. Since late 2006, MCT has been making statements to certain DisplayLink customers and commercial partners that it intends to enforce its rights in the '788 patent against competing USB-to-VGA display adapter providers. DisplayLink is MCT's primary, if not only,

competitor in the market for USB-to-VGA display adapters. These statements threaten to disrupt DisplayLink's relationship with these customers and partners.

10. On January 10, 2007, in an effort to address the concerns being expressed by its customers and commercial partners, Hamid Farzaneh, DisplayLink's CEO, met with James Liu, MCT's CEO, at the Consumer Electronics Show in Las Vegas, Nevada.

11. During the January 10, 2007 meeting, DisplayLink and MCT discussed ways of resolving any dispute between the two companies regarding the '788 patent. As a result of these discussions, the companies agreed to submit the '788 patent dispute to an arbitration panel comprised of three arbitrators. The companies also agreed they would be jointly bound by the recommendation of the panel as determined by a majority vote of the three arbitrators.

12. Further, DisplayLink and MCT agreed that in the event that the panel determined that DisplayLink's USB-to-VGA display adapter technology falls within the scope of the '788 patent, the two companies would negotiate a mutually agreed upon compensation to MCT for use of the '788 patent. However, in the event that the panel determined DisplayLink's USB-to-VGA technology did not infringe the '788 patent, MCT would agree that it would not assert the '788 patent against DisplayLink or its customers and commercial partners.

13. After the January 10, 2007 meeting, MCT walked away from the parties' agreement and began to engage in a series of aggressive acts to disrupt DisplayLink's business. Instead of working with DisplayLink to resolve the dispute through arbitration, MCT demanded that DisplayLink direct its customers and commercial partners to use MCT's facilities to produce their products incorporating DisplayLink USB-to-VGA technology. MCT made this demand with knowledge that it had not participated in the agreed upon arbitration to determine if the '788 patent covered DisplayLink's adapter technology. MCT's demands did not stop at manufacturing.

14. Subsequent to January 10, 2007, MCT further demanded that DisplayLink inform its customers and commercial partners that they will be required to pay MCT a license fee for rights arising under the '788 patent. As with its manufacturing demand, MCT made its licensing

demand with full knowledge that no arbitration panel nor judicial body had ever determined that DisplayLink's adapter technology was covered by the '788 patent.

15. In late January 2007, MCT continued its pattern of disrupting DisplayLink's business. DisplayLink was informed that MCT had expressly told a DisplayLink customer that they would be required to use MCT's facilities for the production of their products incorporating DisplayLink's USB-to-VGA adapter technology and that they would be required to pay a licensing fee to MCT for the production of such products.

16. On March 30, 2007, DisplayLink learned that MCT CEO, Mr. Liu, believes that the two companies should not engage in negotiations relating to the '788 patent before MCT institutes legal proceedings against DisplayLink.

17. Recently, DisplayLink received reports that MCT is investigating whether DisplayLink's products indeed infringe one or more claims of the '788 patent. Consistent with these reports, MCT recently requested that DisplayLink provide sample pieces of its USB-to-VGA products to MCT's patent counsel.

18. Based on the above conduct, this Court has jurisdiction over this action. There is a clear and objective basis for DisplayLink to believe that there is a real and imminent danger that MCT will sue for alleged infringement of the '788 patent. Furthermore, a declaratory judgment action is proper because MCT's frequent allegations of infringement against DisplayLink and its customers are (1) endangering DisplayLink customer relationships and (2) may give rise to patent infringement indemnification claims against DisplayLink by its customers. This declaratory judgment action seeks a prompt and definitive resolution of MCT's claim that DisplayLink's adapter technology incorporates the inventions of the '788 patent.

19. Based on the above conduct, DisplayLink is informed and believes, and on that basis avers, that MCT contends that the '788 patent is valid and enforceable.

20. DisplayLink contends that the '788 patent is invalid because it fails to satisfy the conditions and requirements for patentability as set forth, *inter alia*, in Sections 102, 103, and/or 112 of Title 35 of the United States Code.

21. On at least the basis that it believes the '788 patent is invalid, DisplayLink does not require a license to the '788 patent and has the right to continue selling its display adapter product incorporating, among other technologies, USB-to-VGA conversion, without interference from MCT's '788 patent.

22. Accordingly, a valid and justiciable controversy has arisen and exists between DisplayLink and MCT. DisplayLink desires a judicial determination and declaration of the respective rights of the duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 7,203,788)**

23. DisplayLink repeats and realleges the allegations of paragraphs 1 through 22 in their entirety.

24. As discussed above, DisplayLink believes that the claims of the '788 patent are invalid because it fails to satisfy the conditions and requirements for patentability as set forth, *inter alia*, in Sections 102, 103, and/or 112 of Title 35 of the United States Code. Unless a patent claim is valid, there can be no finding of infringement.

25. DisplayLink contends that it has not infringed, has not willfully infringed, is not now infringing, has not contributorily infringed, and has not induced infringement of any claim of the '788 patent.

26. Accordingly, a valid and justiciable controversy has arisen and exists between DisplayLink and MCT. DisplayLink desires a judicial determination and declaration of the respective rights of the duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff DisplayLink requests entry of judgment in its favor and against defendants MCT as follows:

a. Declaring that DisplayLink has not infringed, willfully infringed, induced others to infringe or contributed to the infringement of any valid claims of the '788 patent;

b. Declaring that the claims of the '788 patent are invalid;

c. Enjoining MCT, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them from making any claims that DisplayLink infringes the '788 patent;

d. Enjoining MCT, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of DisplayLink to make, use or sell the products which allegedly infringe the '788 patent.;

e. Awarding DisplayLink its costs of suit, including reasonable attorneys' fees; and

f. Granting such other and further relief as this Court may deem just and appropriate.

Dated: April 10, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: ______________________
James C. Yoon

Attorneys for Plaintiff
DISPLAYLINK CORPORATION

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 3-6(a) of the Local Rules of the United States District Court for the Northern District of California, plaintiff DisplayLink demands a trial by jury of this action.

Dated: April 10, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: ______________________
James C. Yoon

Attorneys for Plaintiff
DISPLAYLINK CORPORATION