**WANG, HARTMANN & GIBBS, P.C.**
A Professional Law Corporation
Richard F. Cauley (SBN: 109194)
Franklin E. Gibbs (SBN: 189015)
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Telephone: (949) 833-8483
Facsimile: (949) 833-2281

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISPLAYLINK CORPORATION, a Washington corporation<br><br>Plaintiff,<br><br>vs.<br><br>MAGIC CONTROL TECHNOLOGY, CORPORATION, a Taiwanese Corporation;<br><br>Defendant. | Case No. 3:2007cv01998<br><br>ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |
| MAGIC CONTROL TECHNOLOGY, CORPORATION, a Taiwanese Corporation;<br><br>Counterclaim Plaintiff.<br><br>vs.<br><br>DISPLAYLINK CORPORATION, a Washington corporation<br><br>Counterclaim Defendant, | |

- 1 -

ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT
AND COUNTERCLAIM FOR PATENT INFRINGEMENT

Magic control Technology ("MCT") for its Answer and Counterclaim to the Complaint for Declaratory Judgment brought against it by DisplayLink Corporation ("DisplayLink"), alleges and states as follows:

### THE PARTIES

1. MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

2. MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies such allegations.

3. MCT admits to each and every allegation of this paragraph.

### JURISDICTION AND VENUE

4. MCT admits the allegations of the paragraph

5. Based on its concurrently-filed counterclaim, MCT does not dispute that there is personal jurisdiction over it in this District; MCT is without sufficient knowledge as to the truth or falsity of the remaining allegations of this paragraph and, therefore denies such allegations. .

### FIRST CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,203,788)**

6. MCT repeats and realleges its responses to paragraphs 1 through 5 in their entirety.

7. MCT admits that it is the assignee of Untied States Patent Number 7,203,788 (the "MCT Patent"). MCT admits that what purports to be a copy of the MCT Patent was attached to the Complaint as Exhibit A.

8. MCT admits that it intends to enforce its patent rights. As to all other allegations in this paragraph, because of the vagueness of the allegations of this paragraph, MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations and therefore denies such allegations.

9. Because of the vagueness of the allegations of this paragraph, MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations and therefore denies such allegations.

10. MCT admits that a meeting between Mr. Faraneh and R. Liu occurred on or about January 10, 2007. As to all other allegations in this paragraph, implied or expressed, MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations and therefore denies such allegations.

11. MCT denies the allegations of this paragraph.

12. MCT denies the allegations of this paragraph.

13. MCT denies the allegations of this paragraph.

14. MCT denies the allegations of this paragraph.

15. MCT denies the allegations of the first sentence of this paragraph and is without sufficient information to form a belief as to the truth or falsity of the remaining allegations.

16. MCT is without sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph.

17. MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph except admits that it requested samples of DisplayLink's USB to VGA products.

18. MCT admits that the Court has jurisdiction over this matter. As to all other allegations, expressed or implied in this paragraph, MCT denies the allegations.

19. MCT admits that it believes that the MCT Patent is valid and enforceable.

20. MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph but denies that the '788 patent is invalid.

21. MCT denies the allegations of this paragraph.

22. MCT admits that a justiciable controversy has arisen between MCT and DisplayLink. As to all other allegations, expressed or implied in this paragraph, MCT denies the allegations.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 7,203,788)**

23. MCT repeats and realleges its responses to paragraphs 1 through 22.

24. MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph but denies that the '788 patent is invalid..

25. MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph but denies that the '788 patent is not infringed.

26. MCT admits that a justiciable controversy has arisen between MCT and DisplayLink. As to all other allegations, expressed or implied in this paragraph, MCT denies the allegations.

## COUNTERCLAIM FOR PATENT INFRINGEMENT

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the claims asserted herein according to 28 U.S.C. §§ 1331 and 1339.

2. Venue is proper in this judicial district according to 28 U.S.C. § 1400.

## FACTS

3. MCT is the owner of all right, title and interest in United States Patent No. 7,203,788 ("the '788 patent") entitled "USB-to-VGA converter." A true and correct copy of the '788 patent is attached hereto as Exhibit A.

4. DisplayLink offers a product called Merlin ("Merlin") as found on the DisplayLink website at http://www.displaylink.com/products/boards.htm.

5.      Merlin incorporates the DisplayLink DL-160 Integrated Circuit.

6.      Merlin is a USB-to-VGA converter and is designed to connect a PC with a USB 2.0 port to any VGA display device.

### First Counterclaim

### (Patent Infringement by DisplayLink)

7.      MCT repeats and realleges paragraphs 1 through 6 as though fully set forth herein.

8.      DisplayLink has infringed and is continuing to infringe the claims of the '788 patent and is currently directly infringing, contributorily infringing and/or inducing infringement of the '788 Patent, by among other things, making using, offering to sell, selling and/or importing without authority or license from MCT infringing products including, but not limited to, the Merlin device.

9.      MCT is informed and believes, and thereon alleges, that DisplayLink infringement of the MCT Patent has been and continues to be willful.

10.     Unless enjoined, DisplayLink will continue to infringe the MCT Patent, and MCT will suffer irreparable injury as a direct and proximate result of DisplayLink's conduct.

11.     MCT has been damaged by DisplayLink's conduct, and until an injunction issues will continue to be damaged in an amount yet to be determined.

### PRAYER FOR RELIEF

WHEREFORE, MCT requests that the Court grant the following relief:

A.      Judgment that the '788 Patent is valid and enforceable;

B.      Judgment that DisplayLink infringes the '788 Patent;

C.      Judgment that this case is exceptional in accordance with 35 U.S.C. § 285;

D.  An order that preliminarily and permanently enjoins DisplayLink, its directors, officers, employees, attorneys, agents and all persons in concert or participation with any of the foregoing from further acts that infringe, contributorily infringe or induce infringement of the '788 Patent;

E.  An order that awards MCT recovery for all damages that result from DisplayLink's infringing acts;

F.  An order that trebles the amount of damages as a result of the willful and deliberate nature of DisplayLink's acts;

G.  An order that awards interest on damages;

H.  An order that directs DisplayLink to pay MCT's costs, expenses, and awards attorney fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure; and

I.  For such other and further relief as the Court may deem proper.

Dated: June 4, 2007

WANG, HARTMANN & GIBBS
A Professional Law Corporation

By: _____
Richard F. Cauley
Franklin E. Gibbs
Attorneys for Defendant
Counterclaim Plaintiff

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 4, 2007

WANG, HARTMANN & GIBBS
A Professional Law Corporation

By: _____
Richard F. Cauley
Franklin E. Gibbs
Attorneys for Defendant
Counterclaim Plaintiff

## PROOF OF SERVICE [CCP 1013A(3)]

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California, am over the age of eighteen (18), and not a party to the within action. My business address is: 1301 Dove Street, Suite 1050, Newport Beach, California 92660.

On June 5, 2007 I served the foregoing document, described as

**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM FOR PATENT INFRINGEMENT**

on the interested parties in this action

XXX   by placing the true copies thereof (or the original where required by law) enclosed in sealed envelopes addressed as follows:

> Mr. James Yoon
> Wilson Sonsini Goodrich & Rosati
> 650 Page Mill Road
> Palo Alto, CA 94304
> *Attorney for Plaintiff Displaylink Corporation*

XXX   BY U.S. MAIL - I caused such envelope to be deposited in the United States Mail, First Class Postage Prepaid at Newport Beach, California on June 5, 2007.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day, in the ordinary course of business. I am aware that on motion of the parties served, service is presumed invalid if the postal cancellation date, or postage meter date, is more than one day after the date of deposit for mailing in the affidavit.

XXX   I declare that I am employed in the office of a member of the Bar of this Court, at whose discretion the service was made.

XXX   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on June 5, 2007, at Newport Beach, California.

*/s/ Kelly Floyd*
Kelly Floyd