1  JAMES C. YOON, State Bar No. 177155 (jyoon@wsgr.com)
   RYAN R. SMITH, State Bar No. 229323 (rsmith@wsgr.com)
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
   Attorneys for Plaintiff/Counterclaim Defendant
6  DisplayLink Corporation

7  RICHARD F. CAULEY, State Bar No. 109194
   FRANKLIN E. GIBBS, State Bar No. 189015
8  WANG, HARTMANN & GIBBS, P.C.
   A Professional Corporation
9  1301 Dove Street, Suite 1050
   Newport Beach, CA 92660
10 Telephone: (949) 833-8483
   Facsimile: (949) 833-2281
11
   Attorneys for Defendant/Counterclaim Plaintiff
12 Magic Control Technology Corporation

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                            SAN JOSE DIVISION

16
   DISPLAYLINK CORPORATION, a Washington  )   CASE NO.: CV07-01998-RMW
17 corporation,                            )
                                           )   **JOINT CASE MANAGEMENT**
18            Plaintiff,                   )   **STATMENT**
                                           )
19       v.                                )
                                           )
20 MAGIC CONTROL TECHNOLOGY                )
   CORPORATION, a Taiwanese corporation;   )
21                                         )
              Defendant.                   )
22 _____)
   MAGIC CONTROL TECHNOLOGY                )
23 CORPORATION, a Taiwanese corporation,   )
                                           )
24           Counterclaim Plaintiff,       )
                                           )
25       v.                                )
                                           )
26 DISPLAYLINK CORPORATION, a Washington   )
   corporation;                            )
27                                         )
              Counterclaim Defendant.      )
28 _____)

Plaintiff and counterclaim defendant DisplayLink Corporation ("DisplayLink") and defendant and counterclaim plaintiff Magic Control Technology Corporation ("MCT") jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as the Case Management Order in this case:

## I.     JURISDICTION AND SERVICE

The parties agree that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The parties further agree that personal jurisdiction and venue are proper in this district. There are no remaining parties to be served.

## II.    FACTS

### A.     Brief chronology of the facts

On April 10, 2007, DisplayLink filed a complaint against MCT, seeking a declaratory judgment that U.S. Patent No. 7,203,788 ("the '788 patent") is invalid and not infringed by DisplayLink. On June 5, 2007, MCT filed its Answer and Counterclaim, denying DisplayLink's allegations and alleging that DisplayLink infringes the '788 patent. On June 28, 2007, DisplayLink filed its Reply to Counterclaim, denying MCT's allegations and asserting as affirmative defenses that the '788 patent is invalid and that MCT's damages are limited under 35 U.S.C. §§287 and 288.

### B.     Statement of the principal factual issues in dispute

The principal factual issues which the parties dispute are:

1. whether the '788 patent is valid and enforceable;
2. whether DisplayLink infringes any valid claim of the '788 patent;
3. whether MCT is entitled to damages, and if so, the amount of such damages;
4. whether MCT is entitled to any form of injunctive relief; and
5. whether this case is "exceptional" within the meaning of 35 U.S.C. § 285.

## III.   LEGAL ISSUES

The principal legal issues which the parties dispute are:

1. whether the '788 patent is valid under 35 U.S.C. § 102, 103 and/or 112 and enforceable;

2. whether DisplayLink infringes the '788 patent under 35 U.S.C. § 271, and in particular, the proper construction of certain claim terms of the '788 patent;

3. whether MCT is entitled to damages under 35 U.S.C. § 284, and if so, the amount of such damages;

4. whether MCT is entitled to any form of injunctive relief under 35 U.S.C. § 283; and

5. whether this case is "exceptional" within the meaning of 35 U.S.C. § 285.

### IV.   MOTIONS

There are no pending motions.

### V.   AMENDMENT OF PLEADINGS

The parties currently do not anticipate amending the pleadings.

### VI.   EVIDENCE PRESERVATION

The parties have agreed to electronically preserve information that is stored, or otherwise maintained, in computers reasonably likely to have information relevant to this action. Absent a showing of good cause and a reasonable belief that any archived electronic materials contain discoverable information that is not reasonably obtained from another source and/or that is not duplicative or other information (or sources), parties need not search archived electronic materials. The parties further agree to discuss in good faith whether good cause and reasonable belief exist.

The parties have distributed a memo to all of their respective employees reasonably expected to have relevant, discoverable information instructing them to retain documents in hard copy and electronic form.

MCT agrees to preserve all communications with third parties regarding DisplayLink, or DisplayLink's products, including any allegation of infringement of MCT's patents by DisplayLink's products or products incorporating Display products.

### VII.   DISCLOSURES

The parties have agreed to exchange their initial Fed. R. Civ. P. 26(a)(1) disclosures by August 24, 2007.

**VIII. DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following discovery plan:

1. <u>Initial Disclosure Requirement</u>: Pursuant to Fed. R. Civ. P. 26(a), the parties will exchange initial disclosures on August 24, 2007.

2. <u>Scope of Discovery</u>: The parties anticipate that the scope of discovery will encompass each of the factual issues discussed above. The parties agree that discovery should not be conducted in phases.

3. <u>Electronic Discovery</u>: The parties anticipate that certain discovery may be produced in electronic form and will meet and confer, as necessary, to resolve any issues concerning electronic discovery.

4. <u>Claims of Privilege</u>: The parties will comply with the requirements of Fed. R. Civ. P. 26(b)(5) and will meet and confer, as necessary, to resolve any issues concerning claims of privilege.

5. <u>Proposed Changes to Discovery Rules</u>: The parties propose the following modifications to the discovery rules:

   a. All pleading, motions, discovery, or other papers shall, to the extent possible, be served on all parties by electronic means. Service shall be deemed proper and effective if the document is sent to:

   | **For DisplayLink:** | **For MCT:** |
   | --- | --- |
   | jyoon@wsgr.com | rcauley@jcpw.com |
   | bdietzel@wsgr.com | phuang@jcpw.com |
   | rsmith@wsgr.com | fegibbs@jcpw.com |
   | nfurino@wsgr.com | faiza@jcpw.com |

   b. When service has been properly effected through electronic delivery, no additional time for response shall be added as is otherwise permitted under Fed. R. Civ. P. 6(e). For purposes of calculating the response date of any pleading motion or other paper, the date of service shall be considered to be the date the e-mail transmission was sent to opposing counsel if such transmission was sent before 6:00 p.m. (Pacific time). Otherwise, the date of service shall be the next business day following the transmission.

    c. The parties agree that the Court should impose a limit of ten depositions per side on any fact deposition, including any deposition noticed pursuant to Rule 30(b)(6). The parties further agree that the Court should further limit the number of depositions noticed pursuant to Rule 30(b)(6) to no more than three fact depositions per side, irrespective of the number of topics noticed for deposition. Under Rule 30(d)(1), each deposition shall be limited to one day of seven hours; however, DisplayLink may depose any alleged inventor of the '788 patent for two days.

    d. The parties agree to make available for deposition each expert witness that submits an expert report in this case. The parties further agree that the Court should limit the deposition of an expert witness to two days, with each day being limited to seven hours.

    e. The parties may seek permission to expand any discovery limitation (whether set forth above or by the Federal Rule of Civil Procedure) based upon a showing of good cause. The parties agree to meet-and-confer regarding whether to expand a discovery limitation.

    f. The parties will make good faith efforts to ensure that all deponents are made available for deposition in the United States.

6. <u>Protective Order</u>: The parties have prepared a stipulated protective order which has been filed with the Court.

## IX. CLASS ACTIONS

This case is not a class action.

## X. RELATED CASES

The parties are not aware of any case related to this action.

## XI. RELIEF

DisplayLink seeks a declaratory judgment that it has not infringed, willfully infringed, induced others to infringe or contributed to the infringement of any valid claims of the '788 patent. DisplayLink also seeks a judgment that the claims of the '788 patent are invalid.

Additionally, DisplayLink seeks a judgment enjoining MCT, it officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them from making any claims that DisplayLink infringes the '788 patent or from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of DisplayLink to make, use or sell the products which allegedly infringe the '788 patent. Finally, DisplayLink seeks reasonable attorneys' fees and costs and such other and further relief as this Court may deem just and appropriate.

MCT seeks a judgment that the '788 patent is valid and enforceable, that DisplayLink infringes the '788 patent, and a judgment that this case is exceptional in accordance with 35 U.S.C. § 285. MCT also seeks an order that preliminary and permanently enjoins DisplayLink, its directors, officers, employees, attorneys, agents, and all person in concert or participation with any of the foregoing from further acts that allegedly infringe, contributorily infringe, of induce infringement of the '788 patent. MCT also seeks an order that awards MCT recovery for all damages that result from DisplayLink's allegedly infringing acts, an order that trebles the amount of damages as a result of the allegedly willful and deliberate nature of DisplayLink's acts, an order that awards interest on damages, and an order that directs DisplayLink to pay MCT's costs, expenses, and awards attorneys' fees and for such other relief as the Court may deem proper.

## XII. SETTLEMENT AND ADR

The parties agreed to contact the Court within thirty (30) days of the issuance of a claim construction order to seek a settlement conference with a Magistrate Judge.

## XIII. CONSENT TO MAGISTRATE FOR ALL PURPOSES

On April 11, 2007, DisplayLink filed a declination to proceed before a Magistrate Judge for all purposes. *See* Docket No. 4.

## XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties hereby agree as follows:

1. Attorney-client privileged materials communicated between counsel and client after the filing of this lawsuit and/or work product materials generated after the filing of this lawsuit need not be included on a privilege log;

2. Oral and written communications between an expert witness (for any party) and the party, their attorneys or representatives employing such expert that are made in connection with the expert witness's engagement for this case will not be discoverable, except to the extent that the expert relies upon them for his opinions;

3. Drafts of a report of an expert witness for a party or parties that are prepared in connection with the expert witness's engagement for this case will not be discoverable; and

4. The provisions of Federal Rule of Civil Procedure 26(a)(2)(B) regarding the content of a report of an expert witness are not changed, except that "considered" is replaced by "relied upon."

Discovery in this case has just begun; accordingly, the parties are not currently aware of any further issues that can be narrowed by agreement or by motion.

## XVI. EXPEDITED SCHEDULE

This case is not suitable for handling on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The parties request that the Court enter their proposed schedule, which is attached as Exhibit A.

## XVIII. TRIAL

Both parties have demanded a jury trial. The parties currently estimate that a trial in this case would take approximately five to eight trial days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On April 10, 2007, DisplayLink filed its Certification of Interested Entities or Persons. *See* Docket No. 2. DisplayLink further restates that the following investors/shareholders have a financial interest in a party to the proceeding or any other kind of interest that could be

1  substantially affected by the outcome of the proceeding: Atlas Venture; Benchmark Europe;
2  Espirit Capital; Martin King; Henry Happel; and David Mooring.
3    MCT filed its Certification of Interested Entities or Persons on June 4, 2007. MCT's
4  counsel certified that there were not any interested parties to report. *See* Docket No. 7.

**XX. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER.**

  The parties are currently unaware of any such other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: August 1, 2007        WILSON SONSINI GOODRICH & ROSATI
                   Professional Corporation


By: /s/ James C. Yoon
   James C. Yoon

Attorneys for Plaintiff/Counterclaim Defendant
DisplayLink Corporation


Dated: August 1, 2007        WANG, HARTMAN & GIBBS
                   A Professional Law Corporation


By: /s/ Richard F. Cauley
   Richard F. Cauley

Attorneys for Defendant and
Counterclaim Plaintiff
Magic Control Technology Corporation

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order, including the Proposed Schedule as set forth in Exhibit A, is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with the Order

Dated: _____

Hon. Ronald M. Whyte
United States District Court Judge