1   JAMES C. YOON, State Bar No. 177155 (jyoon@wsgr.com)
    RYAN R. SMITH, State Bar No. 229323 (rsmith@wsgr.com)
2   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
3   650 Page Mill Road
    Palo Alto, CA 94304-1050                 **\*ORDER E-FILED: 8/14/2007\***
4   Telephone: (650) 493-9300
    Facsimile: (650) 565-5100
5
    Attorneys for Plaintiff/Counterclaim Defendant
6   DisplayLink Corporation

7   RICHARD F. CAULEY, State Bar No. 109194
    FRANKLIN E. GIBBS, State Bar No. 189015
8   WANG, HARTMANN & GIBBS, P.C.
    A Professional Corporation
9   1301 Dove Street, Suite 1050
    Newport Beach, CA 92660
10  Telephone: (949) 833-8483
    Facsimile: (949) 833-2281
11
    Attorneys for Defendant/Counterclaim Plaintiff
12  Magic Control Technology Corporation

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16

17  DISPLAYLINK CORPORATION, a Washington )      CASE NO.: CV07-01998-RMW
    corporation,                          )
18                                        )      [PROPOSED] STIPULATED
                 Plaintiff,               )      PROTECTIVE ORDER
19                                        )
           v.                             )      (MODIFIED BY THE COURT)
20                                        )
    MAGIC CONTROL TECHNOLOGY              )
21  CORPORATION, a Taiwanese corporation; )
                                          )
22               Defendant.               )
    _____)
23  MAGIC CONTROL TECHNOLOGY              )
    CORPORATION, a Taiwanese corporation, )
24                                        )
              Counterclaim Plaintiff,     )
25                                        )
           v.                             )
26                                        )
    DISPLAYLINK CORPORATION, a Washington )
27  corporation;                          )
                                          )
28            Counterclaim Defendant.     )
    _____)

1    Pursuant to Fed. R. Civ. P. 26(c), Plaintiff/Counterclaim Defendant DisplayLink

2    Corporation and Defendant/Counterclaim Plaintiff Magic Control Technology Corporation, by

3    and through their respective undersigned counsel, hereby stipulate and agree to the request for,

4    and entry of, the following Protective Order:

5    1.    All documents, materials, items, and/or information that contain or comprise

6    confidential research, development, or commercial information produced either by a party or by a

7    nonparty to or for either of the parties shall be governed by this Protective Order.

8    2.    Any information or materials produced by any party or nonparty as part of

9    discovery in this action may be designated by such party or nonparty as (1) "Confidential" or (2)

10   "Highly Confidential - Attorneys' Eyes Only" under the terms of this Protective Order.

11   3.    Information or materials may be designated as "Confidential" if a party has a good

12   faith belief that the item so designated constitutes a trade secret or other confidential research,

13   development, or commercially sensitive information.  Absent a specific order by this Court,

14   information designated as "Confidential" shall be used by the parties solely in connection with this

15   litigation, and not for any business, competitive, legal, or governmental purpose or function, and

16   such information shall not be disclosed to anyone except as provided herein.

17   4.    Information or materials may be designated as "Highly Confidential - Attorneys'

18   Eyes Only" if the item so designated is highly proprietary and/or competitively sensitive and the

19   risk of improper use arising from disclosure outweighs the rights of the parties to review the item.

20   Absent a specific order by this Court, information designated as "Highly Confidential - Attorneys'

21   Eyes Only" shall be used by the parties solely in connection with this litigation, and not for any

22   business, competitive, legal, or governmental purpose or function, and such information shall not

23   be disclosed to anyone except as provided herein.

24   5.    The designation of information or material as "Confidential" or "Highly

25   Confidential - Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the

26   following manner by the party or nonparty seeking protection:

27   A.    in the case of documents, exhibits, briefs, memoranda, interrogatory

28   responses, responses to requests for admission, or other materials (apart from depositions or other

1   pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY

2   CONFIDENTIAL-ATTORNEYS' EYES ONLY", as appropriate, to each page containing any

3   confidential information or material at the time such documents are produced or such information

4   is disclosed, or within 60 days of production or disclosure of such confidential information or

5   material in the event the party or nonparty seeking protection becomes aware of the confidential

6   nature of the information or material disclosed subsequent to the date the information or material

7   was disclosed or produced;

8          B.      in the case of depositions, by written notice of such designation sent by

9   counsel to all parties within fourteen (14) days after the hand delivery to counsel of the transcript

10  of the deposition; or, during a deposition, the deponent or his counsel, or any other counsel of

11  record present at the deposition, may invoke the provisions of this Protective Order in a timely

12  manner, giving adequate warning to counsel for the party or nonparty that testimony about to be

13  given is deemed "Confidential" or "Highly Confidential-Attorneys' Eyes Only." The parties shall

14  treat all depositions as "Highly Confidential - Attorneys' Eyes Only" hereunder until the expiration

15  of fourteen (14) days after the delivery to counsel of the transcript of the deposition. Unless so

16  designated, any confidentiality is waived after the expiration of the fourteen (14) day period unless

17  otherwise stipulated or ordered. The parties may modify this procedure for any particular

18  deposition or proceeding through agreement on the record at such deposition or proceeding or

19  otherwise by written stipulation, without further order of the Court.

20         C.      If any document or information designated as "Confidential" or "Highly

21  Confidential - Attorneys' Eyes Only" is used during the course of a deposition, that portion of the

22  deposition record reflecting such confidential document or information shall be sealed and

23  stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant

24  to the other terms of this Protective Order.

25      6.      Information or material designated as "Confidential," or copies or extracts

26  therefrom and compilations and summaries thereof, may be disclosed, summarized, described,

27  characterized, or otherwise communicated or made available in whole or in part only to the

28  following persons:

1    A.    counsel of record for the parties to this litigation and their clerical and legal

2    staff and litigation support providers (including copy services, graphics art and visual aid

3    providers, and jury consultants) whose function in connection with this litigation requires access

4    to such material; provided, however, that under no circumstances shall persons employed in legal

5    departments of persons or entities who are not parties to the above-entitled action be given access

6    to the documents;

7    B.    employees of the parties whose assistance is needed by counsel for the

8    purposes of this litigation;

9    C.    consultants as defined in Paragraph 8 herein and pursuant to the provisions

10    of Paragraph 9 herein;

11    D.    the Court, ~~pursuant to Paragraph 12 herein;~~

12    E.    court reporters employed in connection with this action;

13    F.    any other person only upon order of the Court or upon written consent of

14    the party producing the "Confidential" information or material subject to and conditioned upon

15    compliance with Paragraph 10 herein.

16    7.    Information or material designated as "Highly Confidential - Attorneys' Eyes

17    Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed,

18    summarized, described, characterized, or otherwise communicated or made available in whole or

19    in part only to the following persons:

20    A.    counsel of record for the parties to this litigation and their employees

21    (including copy services, graphic arts and visual aid providers, and jury consultants) whose

22    function in connection with this litigation require access to such material; provided, however, that

23    under no circumstances shall persons employed in legal departments of persons or entities who are

24    parties to the above-titled action be given access to the documents;

25    B.    consultants as defined in Paragraph 8 herein and pursuant to the provisions

26    of Paragraph 9 herein;

27    C.    the Court, ~~pursuant to Paragraph 12 herein;~~

28    D.    court reporters employed in connection with this action;

1    E.    any other person only upon order of the Court or upon written consent of

2    the party producing the "Highly Confidential – Attorney's Eyes Only" information or material

3    subject to and conditioned upon compliance with Paragraph 10 herein.

4    8.    For purposes of Paragraphs 6(C) and 7(B) herein, a consultant shall be defined as a

5    person who is neither an employee of a party nor anticipated to become an employee in the near

6    future, and who is retained or employed as a bona fide consultant or expert for purposes of this

7    litigation, whether full or part time, by or at the direction of counsel for a party.

8    9.    The procedure for having a consultant approved for access to information or

9    materials designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall be as

10    follows:

11    A.    The party seeking to have a consultant, as defined in Paragraph 8 herein,

12    approved shall provide the other party with a current resume or curriculum vitae of such person,

13    which shall include a description of past and present employers and persons or entities with

14    whom the consultant has been engaged in any consulting relationships in the display interface

15    industry, and a copy of a completed and signed undertaking in the form attached hereto as

16    Exhibit A.

17    B.    Within ten (10) business days after hand delivery of the information and

18    signed undertaking described in subparagraph (A) by the party seeking approval, the other party

19    may object to the person proposed for approval.  Any such objection must include a statement of

20    the basis for objection.

21    C.    If the other party so objects, the parties shall, within three (3) business

22    days from the date of hand delivery of the notice of objection, confer and attempt to resolve the

23    dispute.  At that conference the objecting party shall inform the party requesting approval of its

24    reasons for objecting to the designated person.  If the parties cannot resolve the dispute, or if the

25    conference does not take place, then, within five (5) business days from the date of the

26    conference, the objecting party may move the Court for an order that access to information

27    designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" be denied to the

**On any such motion, the burden of persuasion shall be on the party opposing disclosure.**

28    designated person.  Until the dispute is resolved by the Court, any disputed information or
^

1  documents shall be treated as designated by the producing party.  These time periods are not to

2  restrict either party from moving for a court order earlier if the circumstances so require.

3       10.    Subject to the other provisions of this Protective Order, with the exception of the Court,
   ^

4  counsel of record, their clerical and legal staff, and their litigation support providers, individuals

5  may not be given access to any information or material designated as "Confidential" or "Highly

6  Confidential - Attorneys' Eyes Only" unless they first (1) confirm their understanding and

7  agreement to abide by the terms of this Protective Order by completing and signing a copy of an

8  undertaking in the form attached hereto as Exhibit A and (2) submit to the jurisdiction of the

9  district court for the Northern District of California for matters related to the above-entitled action.

10  Access to "Confidential" information or material will be limited to individuals identified in

11  Paragraph 6.  Access to "Highly Confidential - Attorneys' Eyes Only" information or material will

12  be limited to the individuals identified in Paragraph 7.

13       11.    Any person who is not otherwise qualified under Paragraph 6 or 7 to view

14  information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes

15  Only," respectively, may be examined as a witness at trial or during a deposition concerning any

16  information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes

17  Only" which that person had lawfully received or authored prior to and apart from this action.

18  During examination, any such witness may be shown information or material designated as

19  "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by a party which appears on its

20  face or from other documents or testimony to have been received or authored by that witness from,

21  or communicated to that witness by, that same party provided that the examining party makes a

22  reasonable effort to obtain the witness' compliance with Paragraph 10.

              **Except for the Court,**

23       12.    For a period commencing with the execution of this stipulation and terminating one
             ^

24  year following the conclusion of the present litigation, under no circumstances shall persons who

25  have had access to "Highly Confidential - Attorneys' Eyes Only" materials participate in, or offer

26  advise concerning, the preparation or prosecution of any patent application that relates to USB-to-

27  VGA conversion technology and/or the design of any data interface relating to a display device or

28  video graphics.

13.    If a party files pleadings with the Court that include documents, interrogatory responses, responses to requests for admission, depositions transcripts, or other information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," the party shall seek permission of the Court to file the items under seal pursuant to L.R. 79-5 in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of the litigation; the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and "PURSUANT TO COURT ORDER" as an indication of the nature of the contents; and a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court or consent of the parties."

Copies of any confidential documents and any portions of transcripts of testimony which contain any "Confidential" or "Highly Confidential-Attorneys' Eyes Only" material of one party shall not be made public by another party or otherwise be made part of the public record of this action by another party. Any "Confidential" or "Highly Confidential-Attorneys' Eyes Only" material filed with the court prior to trial or received in evidence at trial of this action, any filed portions of any transcripts of depositions or trial testimony in this action containing any "Confidential" or "Highly Confidential-Attorneys' Eyes Only" material, and any other materials falling within the terms of this Order which are so designated at trial or at time of filing shall be kept by the Clerk of the Court, until further order of the Court. Where possible only those portions of documents consisting of "Confidential" or "Highly Confidential-Attorneys' Eyes Only" material shall be filed in sealed envelopes.

14.    A party may challenge any other party's designation of information or materials produced herein as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by notifying the producing party. Upon notification, the parties shall confer in good faith as to the validity of the designation. If the parties are unable to reach an agreement as to the designation within ten (10) days of notification, the objecting party may make an appropriate application to this Court after this 10-day period, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in

**On any such motion, the burden of persuasion shall be on the designating party.**

1  terms of the degree of protection provided. Until a dispute over the asserted designation is finally

2  resolved by the parties or the Court, all parties and persons shall treat the information or materials

3  in question as designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

4       15.    All "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information and

5  material covered by this Protective Order shall be kept in secure facilities, and access to those

6  facilities shall be permitted only to those designated persons set forth in Paragraphs 6 and 7 above

7  as persons properly having access thereto.

8       16.    All counsel for the parties who have access to information or material designated as

9  "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Protective Order

10 acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes

11 of enforcing this Order.

12      17.    Entering into, agreeing to, and/or producing or receiving information or material

13 designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," or otherwise

14 complying with the terms of this Protective Order shall not:

15           A.    operate as an admission by any party that any particular information or

16 material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contains

17 or reflects trade secrets, proprietary or commercially sensitive information, or any other type of

18 confidential information;

19           B.    operate as an admission by any party that the restrictions and procedures

20 set forth herein constitute or do not constitute adequate protection for any particular information

21 deemed by any party to be "Confidential" or "Highly Confidential - Attorneys' Eyes Only";

22           C.    prejudice in any way the rights of the parties to object to the production of

23 documents they consider not subject to discovery or privileged;

24           D.    prejudice in any way the rights of any party to object to the authenticity or

25 admissibility into evidence of any document, testimony or other evidence subject to this

26 Protective Order;

27

28

1      E.    prejudice in any way the rights of a party to seek a determination by the

2  Court whether any information or material should be subject to the terms of this Protective

3  Order;

4      F.    prejudice in any way the rights of a party to petition the Court for a further

5  protective order relating to any purportedly confidential information; or

6      G.    prevent the parties to this Protective Order from agreeing in writing or on

7  the record during a deposition or hearing in this action to alter or waive the provisions or

8  protections provided for herein with respect to any particular information or material.

9      18.    This Protective Order has no effect upon, and shall not apply to, a party's use or

10  disclosure of its own confidential information for any purpose.  Nothing contained herein shall

11  impose any restrictions on the use or disclosure by a party of documents, information or material

12  designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" obtained lawfully by

13  such party independently of any proceedings in this action, or which:

14      A.    was already known to such party by lawful means prior to acquisition

15  from, or disclosure by, the other party in this action;

16      B.    is or becomes publicly known through no fault or act of such party; or

17      C.    is rightfully received by such party from a third party which has authority

18  to provide such information or material and without restriction as to disclosure.

19      19.    Nothing in this Stipulation and Order shall restrict any counsel from advising its

20  client with respect to this action; and from relying in a general way upon an examination of

21  material designated pursuant to this Order in giving such advice; provided, however, that in giving

22  such advice and communicating with the client, counsel shall not disclose the contents of any

23  "Highly Confidential - Attorneys' Eyes Only" material.

24      20.    In the event that information in the possession or control of a party involves the

25  confidentiality rights of a non-party or that its disclosure would violate a Protective Order issued

26  in another action, the party with possession or control of the information will undertake timely and

27  reasonable efforts to obtain the consent of the non-party to disclose the information under this

28  Order.  If the consent of the non-party cannot be obtained, the party will notify the party seeking

1   discovery of: (a) the existence of the information without producing such information and; (b) the

2   identity of the non-party (provided, however, that such disclosure of the identity of the non-party

3   does not violate any confidentiality obligations).  The party seeking discovery may then make

4   further application to the non-party or seek other means to obtain such information.

5          21.    If a party inadvertently produces "Confidential" or "Highly Confidential -

6   Attorneys' Eyes Only" information without marking it as such, the producing party shall promptly

7   upon discovery of such inadvertent disclosure inform the receiving party in writing and the

8   receiving party shall thereafter treat the document, thing or information as Confidential Material

9   under this Order.  To the extent such document, thing or information may have been disclosed to

10  persons other than authorized persons described in this Order, the receiving party shall make every

11  reasonable effort to retrieve the document, thing or information promptly from such persons and to

12  limit any further disclosure to non-authorized persons.  If a producing party inadvertently

13  discloses to a receiving party information that is privileged or otherwise immune from discovery,

14  said producing party shall promptly upon discovery of such inadvertent disclosure so advise the

15  receiving party and request that the item or items of information be returned.  It is further agreed

16  that the receiving party will return such inadvertently produced item or items of information and

17  all copies thereof within ten (10) business days of the earliest of (a) discovery by the receiving

18  party of its inadvertent production, or (b) receiving a written request for the return of such item or

19  items of information.  The party having returned such inadvertently produced item or items of

20  information may thereafter, without asserting waiver because of the inadvertent production, seek

21  production of any such documents in accordance with the Federal Rules of Civil Procedure.

22         22.    The terms of this Protective Order shall apply to all manner and means of

23  discovery, including entry onto land or premises, and inspection of books, records, documents,

24  and tangible things.

25         23.    Each of the parties hereto shall be entitled to seek modification of this Protective

26  Order by application to the Court on notice to the other party hereto for good cause.

27         24.    The parties agree to be bound by the terms of this Protective Order pending its

28  entry by the Court.

25.    The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.  Within forty-five (45) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder shall destroy such material and all copies thereof including summaries and excerpts.  Such destruction shall be certified by each party in writing.  Alternately, at the option of the producing party and at that party's expense, a party may request all confidential materials it produced be returned for its own disposition.  Counsel described in Paragraphs 6(a) and 7(a) above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts and exhibits, and attorney work product that contain information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only") provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material.  **This paragraph shall not apply to materials filed with or otherwise submitted to the Court.** ~~All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.~~

26.    In the event that any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" through such use.  Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

27.    If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party

to this action, seeking information or material which was produced or designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission to those who produced or designated the information or material "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and shall object to its production to the extent permitted by law and/or cooperate with the producing party in such objection.  Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order.  Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

28.    This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person, nor obligate any party or person to provide any discovery to which it asserts objections.

**29.    For a period of six months after the final termination of this action, this Court shall retain jurisdiction to enforce the terms of this protective order.**

1   Dated:  August 1, 2007

2

3                                                    WILSON SONSINI GOODRICH & ROSATI
                                                     Professional Corporation

4                                                    By: /s/ James C. Yoon
                                                              James C. Yoon

5                                                    Attorneys for Plaintiff and
                                                     Counterclaim Defendant

6                                                    DisplayLink Corporation

7
    Dated:  August 1, 2007                           WANG, HARTMAN & GIBBS

8                                                    A Professional Law Corporation

9

10                                                   By: /s/ Richard F. Cauley
                                                              Richard F. Cauley

11

12                                                   Attorneys for Defendant and
                                                     Counterclaim Plaintiff
                                                     Magic Control Technology Corporation

13

14

15      **PURSUANT TO STIPULATION (AS MODIFIED BY THE COURT),**

16   IT IS SO ORDERED.
       ^
17

18   Dated:    August 14, 2007                       _____
                                                     Hon. Ronald M. Whyte    Howard R. Lloyd
19                                                   United States District Court Judge
                                                                  Magistrate
20

21

22

23

24

25

26

27

28

## **CERTIFICATION**

I, James C. Yoon, am the ECF User whose identification and password are being used to file the [Proposed] Stipulated Protective Order.  In compliance with General Order 45.X.B, I hereby attest that Richard F. Cauley has concurred in this filing.

DATED:  August 1, 2007                    WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation


                                          By:   /s/ James C. Yoon
                                              James C. Yoon
                                          Attorneys for Plaintiff and Counterclaim
                                          Defendant DisplayLink Corporation

# EXHIBIT A

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, _____, (print or type name), hereby acknowledges that he/she received a copy of the Protective Order entered in the action titled DisplayLink Corporation v. Magic Control Technology Corporation, CV07-01998-RMW, pending in the United States District Court for the Northern District of California, has read same and agrees to (1) be bound by all of the provisions thereof, (2) submit to the jurisdiction of the United States District Court for the Northern District of California for matters relating to this action, and (3) hereby appoints _____, (print or type name), at_____ (print or type address), as his/her California agent for service of process in connection with this action.

Dated: _____          _____