1   JAMES C. YOON, State Bar No. 177155 (jyoon@wsgr.com)
    STEFANI E. SHANBERG, State Bar No. 206717 (sshanberg@wsgr.com)
2   RYAN R. SMITH, State Bar No. 229323 (rsmith@wsgr.com)
    WILSON SONSINI GOODRICH & ROSATI
3   Professional Corporation
    650 Page Mill Road
4   Palo Alto, CA 94304-1050
    Telephone:  (650) 493-9300
5   Facsimile:   (650) 565-5100

6   Attorneys for Plaintiff/Counterclaim Defendant
    DisplayLink Corporation
7
    RICHARD F. CAULEY, State Bar No. 109194
8   FRANKLIN E. GIBBS, State Bar No. 189015
    WANG, HARTMANN & GIBBS, P.C.
9   A Professional Corporation
    1301 Dove Street, Suite 1050
10  Newport Beach, CA  92660
    Telephone:  (949) 833-8483
11  Facsimile:   (949) 833-2281

12  Attorneys for Defendant/Counterclaim Plaintiff
    Magic Control Technology Corporation
13
                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15
                        SAN JOSE DIVISION        *E-FILED - 9/13/07*
16

17  DISPLAYLINK CORPORATION, a Washington )   CASE NO.:  CV07-01998-RMW
    corporation,                          )
18                                         )
                    Plaintiff,            )   **CASE MANAGEMENT ORDER**
19                                         )
            v.                            )
20                                         )
    MAGIC CONTROL TECHNOLOGY              )
21  CORPORATION, a Taiwanese corporation; )
                                          )
22                  Defendant.            )
    _____)
23  MAGIC CONTROL TECHNOLOGY              )
    CORPORATION, a Taiwanese corporation, )
24                                         )
                    Counterclaim Plaintiff, )
25                                         )
            v.                            )
26                                         )
    DISPLAYLINK CORPORATION, a Washington )
27  corporation;                          )
                                          )
28  _____)
            Counterclaim Defendant.       )

On August 31, 2007, Plaintiff and counterclaim defendant DisplayLink Corporation ("DisplayLink") and defendant and counterclaim plaintiff Magic Control Technology Corporation ("MCT") appeared before this Court for a Case Management Conference in the above-captioned action.   The below schedule and limitations are hereby adopted by the Court as the Case Management Order for this case, and the parties are ordered to comply with the Order.

## I.    DISCOVERY CHANGES AND LIMITATIONS

1.   All pleading, motions, discovery, or other papers shall, to the extent possible, be served on all parties by electronic means.  Service shall be deemed proper and effective if the document is sent to:

| For DisplayLink: | For MCT: |
|---|---|
| jyoon@wsgr.com | rcauley@jcpw.com |
| sshanberg@wsgr.com | phuang@jcpw.com |
| bdietzel@wsgr.com | fegibbs@jcpw.com |
| rsmith@wsgr.com | faiza@jcpw.com |
| nfurino@wsgr.com | |

2.   When service has been properly affected through electronic delivery, no additional time for response shall be added as is otherwise permitted under Fed. R. Civ. P. 6(e).  For purposes of calculating the response date of any pleading motion or other paper, the date of service shall be considered to be the date the e-mail transmission was sent to opposing counsel if such transmission was sent before 6:00 p.m. (Pacific).  Otherwise, the date of service shall be the next business day following the transmission.

3.   Each party may take ten (10) fact depositions per side.  Each party is entitled to take one deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).  That deposition may last up to three days and will count as one fact deposition regardless of the number of topics noticed or number of notices issued.

4.   DisplayLink may depose any alleged inventor of the patent-in-suit for two days, with each day being limited to seven hours.

5.   The parties will make available for deposition each expert witness that submits an expert report in this case.  The parties are allowed to depose any such expert witness for two days, with each day being limited to seven hours.

6.   The parties will make good faith efforts to ensure that all deponents are made available for deposition in the United States.

7.   The parties may seek permission to expand any discovery limitation (whether set forth above or by the Federal Rule of Civil Procedure) based upon a showing of good cause.  The parties agree to meet-and-confer regarding whether to expand a discovery limitation.

## II.    NARROWING OF ISSUES

1.   The parties discussed with this Court the litigation pending between MCT and certain DisplayLink customers in the Central District of California entitled *Magic Control Technologies v. Kensington Computer Products Group, et al.*, Case No. 8:07-CV-00833 AG (MLG).  The parties agreed to promptly inform this Court if DisplayLink's motion to transfer the Central District of California litigation to the Northern District of California is granted so that this Court may consolidate the related actions.  A hearing on DisplayLink's motion to intervene and to stay or transfer action is set before the Central District of California Court for September 10, 2007.

2.   Attorney-client privileged materials communicated between counsel and client after the filing of this lawsuit and/or work product materials generated after the filing of this lawsuit need not be included on a privilege log.

3.   Oral and written communications between an expert witness (for any party) and the party, their attorneys, or representatives employing such expert that are made in connection with the expert witness's engagement for this case will not be discoverable, except to the extent that the expert relies upon them for his opinions.

4.   Drafts of a report of an expert witness for a party or parties that are prepared in connection with the expert witness's engagement for this case will not be discoverable.

5.   The provisions of Federal Rule of Civil Procedure 26(a)(2)(B) regarding the content of a report of an expert witness are not changed, except that "considered" is replaced by "relied upon."

III.    **CASE SCHEDULE**

| Event | Date |
|---|---|
| All named parties shall make their initial disclosures pursuant to F.R.Civ.P. 26(a)(1) | August 24, 2007 |
| MCT shall serve Disclosure of Asserted claims and Preliminary Infringement Contentions (Pat. L.R. 3-1) and accompanying document production (Pat. L.R. 3-2) | September 10, 2007 |
| DisplayLink shall serve the Preliminary Invalidity Contentions (Pat. L.R. 3-3) and accompanying document production (Pat. L.R. 3-5) | October 252007 |
| Parties shall exchange Proposed Terms and Claim Elements for Construction (Pat. L.R. 4-1) | October 29 2007 |
| Parties shall exchange Preliminary Claim Constructions and Extrinsic Evidence (Pat. L.R. 4-2) | November 19, 2007 |
| Parties shall file Joint Claim Construction and Prehearing Statement (Pat. L.R. 4-3) | December 14, 2007 |
| Claim Construction Discovery shall be completed (Pat. L.R. 4-4) | January 14, 2008 |
| Opening Claim Construction Brief shall be filed (Pat. L.R. 4-5) | January 28, 2008 |
| Claim Construction Opposition Brief shall be filed (Pat. L.R. 4-5(b)) | February 11, 2008 |
| Claim Construction Reply Brief shall be filed (Pat. L.R. 4-5(c)) | February 18, 2008 |
| Claim Construction Hearing (Pat. L.R. 4-6) | March 3, 2008 at 1:30 p.m. |
| Further Case Management Conference | March 3, 2008 (following Claim Construction Hearing) |
| Factual Discovery Closes | TBD |
| Parties shall serve Opening Expert Reports | TBD |
| Parties shall serve Rebuttal Expert Reports | TBD |
| Expert Discovery closes | TBD |

C:\NrPortbl\PALIB1\ANB\3186966_1.DOC

| Event | Date |
|-------|------|
| Last day to file summary judgment motions | TBD |
| Last day to file oppositions to summary judgment motions | TBD |
| Last day to file replies to summary judgment motions | TBD |
| Parties shall file motions *in limine* and *Daubert* motions | TBD |
| Parties shall file pretrial disclosures and proposed jury instructions | TBD |
| The Court will hold the final pre-trial conference | TBD |
| A jury trial shall commence. | TBD |

Dated:  September 6, 2007

WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation


By: /s/James C. Yoon
      James C. Yoon

Attorneys for Plaintiff/Counterclaim Defendant
DISPLAYLINK CORPORATION


Dated:  September 6, 2007

WANG, HARTMANN & GIBBS, P.C.


By: /s/Richard F. Cauley
      Richard F. Cauley

Attorneys for Defendant/Counterclaim Plaintiff
MAGIC CONTROL TECHNOLOGY
CORPORATION

IT IS ORDERED.

Dated:__ 9/13/07 _____

*Ronald M. Whyte*
_____
The Honorable Ronald M. Whyte
UNITED STATES DISTRICT COURT JUDGE

1

## ATTESTATION PURSUANT TO GENERAL ORDER 45

2      I, James C. Yoon, attest that concurrence in the filing of this document has been obtained

3  from each of the other signatories.  I declare under penalty of perjury under the laws of the

4  United States of America that the foregoing is true and correct.  Executed on September 6, 2007,

5  at Palo Alto, California.

6

7                                           /s/James C. Yoon
                                            James C. Yoon
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28