1  JAMES C. YOON, State Bar No. 177155
       Email:  jyoon@wsgr.com
2  STEFANI E. SHANBERG, State Bar No. 206717
       Email:  sshanberg@wsgr.com
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  650 Page Mill Road
   Palo Alto, CA 94304-1050
5  Telephone:  (650) 493-9300
   Facsimile:   (650) 565-5100
6
   Attorneys for Plaintiff and Counterclaim Defendant
7  DISPLAYLINK CORPORATION

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

| | |
|---|---|
| 13  DISPLAYLINK CORPORATION, a Washington ) <br> Corporation, ) | CASE NO.:  5:07-CV-01998-RMW |
| 14 ) <br> ) | DECLARATION OF STEFANI E. |
|         Plaintiff, ) | SHANBERG IN SUPPORT OF |
| 15 ) <br> ) | ADMINISTRATIVE MOTION <br> RELATING CASES |
|    v. ) | |
| 16 ) | |
| MAGIC CONTROL TECHNOLOGY, ) | |
| 17  CORPORATION, a Taiwanese Corporation; ) | |
| ) | |
| 18         Defendant. ) | |
| ) | |
| 19  _____ ) | |
| MAGIC CONTROL TECHNOLOGY, ) | |
| 20  CORPORATION, a Taiwanese Corporation, ) | |
| ) | |
| 21       Counterclaim Plaintiff, ) | |
| ) | |
| 22     v. ) | |
| ) | |
| 23  DISPLAYLINK CORPORATION, a Washington ) <br> Corporation, ) | |
| 24 ) | |
|      Counterclaim Defendant. ) | |
| 25 ) | |
| 26  _____ ) | |

27

28

**DECLARATION OF STEFANI E. SHANBERG
IN SUPPORT OF ADMINISTRATIVE
MOTION RELATING CASES**

I, Stefani E. Shanberg, hereby declare that:

1.      I am over the age of 18 and have personal knowledge about the facts described below.

2.      I am an attorney at Wilson Sonsini Goodrich & Rosati, counsel for Plaintiff and Counterclaim Defendant, DisplayLink Corporation.  I submit this declaration in support of Stipulated Administrative Motion Relating Cases.

3.      Attached as Exhibit A is a true and correct copy of the Case Management Order entered on September 13, 2007 in the United States District Court for the Northern District of California, Case No. 5:07-01998-RMW.

4.      Attached as Exhibit B is a true and correct copy of the Central District of California Court's Order Granting DisplayLink's Motion to Intervene and Granting in Part DisplayLink's Motion to Stay or Transfer Action ordered on September 12, 2007 and the Central District of California Court's October 19, 2007 Minutes of [In Chambers] Order Granting Unopposed Refiled Motion to Transfer Action in Case No. 8:07-CV-00833 AG (MLG).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 14, 2007, at Palo Alto, California.

                              /s/ Stefani E. Shanberg
                              Stefani E. Shanberg

# EXHIBIT A

1  JAMES C. YOON, State Bar No. 177155 (jyoon@wsgr.com)
   STEFANI E. SHANBERG, State Bar No. 206717 (sshanberg@wsgr.com)
2  RYAN R. SMITH, State Bar No. 229323 (rsmith@wsgr.com)
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   650 Page Mill Road
4  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
5  Facsimile: (650) 565-5100

6  Attorneys for Plaintiff/Counterclaim Defendant
   DisplayLink Corporation
7
   RICHARD F. CAULEY, State Bar No. 109194
8  FRANKLIN E. GIBBS, State Bar No. 189015
   WANG, HARTMANN & GIBBS, P.C.
9  A Professional Corporation
   1301 Dove Street, Suite 1050
10 Newport Beach, CA 92660
   Telephone: (949) 833-8483
11 Facsimile: (949) 833-2281

12 Attorneys for Defendant/Counterclaim Plaintiff
   Magic Control Technology Corporation
13
                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15
                  SAN JOSE DIVISION        *E-FILED - 9/13/07*
16

17 DISPLAYLINK CORPORATION, a Washington )   CASE NO.: CV07-01998-RMW
   corporation,                          )
18                                        )
              Plaintiff,                  )   **CASE MANAGEMENT ORDER**
19                                        )
         v.                               )
20                                        )
   MAGIC CONTROL TECHNOLOGY               )
21 CORPORATION, a Taiwanese corporation;  )
                                          )
22            Defendant.                  )
                                          )
23 MAGIC CONTROL TECHNOLOGY               )
   CORPORATION, a Taiwanese corporation,  )
24                                        )
           Counterclaim Plaintiff,        )
25                                        )
         v.                               )
26                                        )
   DISPLAYLINK CORPORATION, a Washington  )
27 corporation;                           )
                                          )
28         Counterclaim Defendant.        )

1    On August 31, 2007, Plaintiff and counterclaim defendant DisplayLink Corporation

2  ("DisplayLink") and defendant and counterclaim plaintiff Magic Control Technology

3  Corporation ("MCT") appeared before this Court for a Case Management Conference in the

4  above-captioned action.  The below schedule and limitations are hereby adopted by the Court as

5  the Case Management Order for this case, and the parties are ordered to comply with the Order.

6  **I.      DISCOVERY CHANGES AND LIMITATIONS**

7     1.  All pleading, motions, discovery, or other papers shall, to the extent possible, be

8  served on all parties by electronic means.  Service shall be deemed proper and effective if the

9  document is sent to:

| For DisplayLink: | For MCT: |
|---|---|
| jyoon@wsgr.com | rcauley@jcpw.com |
| sshanberg@wsgr.com | phuang@jcpw.com |
| bdietzel@wsgr.com | fegibbs@jcpw.com |
| rsmith@wsgr.com | faiza@jcpw.com |
| nfurino@wsgr.com | |

17     2.  When service has been properly affected through electronic delivery, no additional

18  time for response shall be added as is otherwise permitted under Fed. R. Civ. P. 6(e).  For

19  purposes of calculating the response date of any pleading motion or other paper, the date of

20  service shall be considered to be the date the e-mail transmission was sent to opposing counsel if

21  such transmission was sent before 6:00 p.m. (Pacific).  Otherwise, the date of service shall be the

22  next business day following the transmission.

23     3.  Each party may take ten (10) fact depositions per side.  Each party is entitled to take

24  one deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).  That deposition may last

25  up to three days and will count as one fact deposition regardless of the number of topics noticed

26  or number of notices issued.

27     4.  DisplayLink may depose any alleged inventor of the patent-in-suit for two days, with

28  each day being limited to seven hours.

1      5.  The parties will make available for deposition each expert witness that submits an

2  expert report in this case.  The parties are allowed to depose any such expert witness for two

3  days, with each day being limited to seven hours.

4      6.  The parties will make good faith efforts to ensure that all deponents are made

5  available for deposition in the United States.

6      7.  The parties may seek permission to expand any discovery limitation (whether set

7  forth above or by the Federal Rule of Civil Procedure) based upon a showing of good cause.  The

8  parties agree to meet-and-confer regarding whether to expand a discovery limitation.

9  **II.  NARROWING OF ISSUES**

10      1.  The parties discussed with this Court the litigation pending between MCT and certain

11  DisplayLink customers in the Central District of California entitled *Magic Control Technologies*

12  *v. Kensington Computer Products Group, et al.*, Case No. 8:07-CV-00833 AG (MLG).  The

13  parties agreed to promptly inform this Court if DisplayLink's motion to transfer the Central

14  District of California litigation to the Northern District of California is granted so that this Court

15  may consolidate the related actions.  A hearing on DisplayLink's motion to intervene and to stay

16  or transfer action is set before the Central District of California Court for September 10, 2007.

17      2.  Attorney-client privileged materials communicated between counsel and client after

18  the filing of this lawsuit and/or work product materials generated after the filing of this lawsuit

19  need not be included on a privilege log.

20      3.  Oral and written communications between an expert witness (for any party) and the

21  party, their attorneys, or representatives employing such expert that are made in connection with

22  the expert witness's engagement for this case will not be discoverable, except to the extent that

23  the expert relies upon them for his opinions.

24      4.  Drafts of a report of an expert witness for a party or parties that are prepared in

25  connection with the expert witness's engagement for this case will not be discoverable.

26      5.  The provisions of Federal Rule of Civil Procedure 26(a)(2)(B) regarding the content

27  of a report of an expert witness are not changed, except that "considered" is replaced by "relied

28  upon."

CASE MANAGEMENT ORDER           -2-             C:\NrPortbl\PALIB1\ANB\3186966_1.DOC
CASE NO. CV07-01998-RMW

III.   CASE SCHEDULE

| Event | Date |
|---|---|
| All named parties shall make their initial disclosures pursuant to F.R.Civ.P. 26(a)(1) | August 24, 2007 |
| MCT shall serve Disclosure of Asserted claims and Preliminary Infringement Contentions (Pat. L.R. 3-1) and accompanying document production (Pat. L.R. 3-2) | September 10, 2007 |
| DisplayLink shall serve the Preliminary Invalidity Contentions (Pat. L.R. 3-3) and accompanying document production (Pat. L.R. 3-5) | October 252007 |
| Parties shall exchange Proposed Terms and Claim Elements for Construction (Pat. L.R. 4-1) | October 29 2007 |
| Parties shall exchange Preliminary Claim Constructions and Extrinsic Evidence (Pat. L.R. 4-2) | November 19, 2007 |
| Parties shall file Joint Claim Construction and Prehearing Statement (Pat. L.R. 4-3) | December 14, 2007 |
| Claim Construction Discovery shall be completed (Pat. L.R. 4-4) | January 14, 2008 |
| Opening Claim Construction Brief shall be filed (Pat. L.R. 4-5) | January 28, 2008 |
| Claim Construction Opposition Brief shall be filed (Pat. L.R. 4-5(b)) | February 11, 2008 |
| Claim Construction Reply Brief shall be filed (Pat. L.R. 4-5(c)) | February 18, 2008 |
| Claim Construction Hearing (Pat. L.R. 4-6) | March 3, 2008 at 1:30 p.m. |
| Further Case Management Conference | March 3, 2008 (following Claim Construction Hearing) |
| Factual Discovery Closes | TBD |
| Parties shall serve Opening Expert Reports | TBD |
| Parties shall serve Rebuttal Expert Reports | TBD |
| Expert Discovery closes | TBD |

| Event | Date |
|---|---|
| Last day to file summary judgment motions | TBD |
| Last day to file oppositions to summary judgment motions | TBD |
| Last day to file replies to summary judgment motions | TBD |
| Parties shall file motions *in limine* and *Daubert* motions | TBD |
| Parties shall file pretrial disclosures and proposed jury instructions | TBD |
| The Court will hold the final pre-trial conference | TBD |
| A jury trial shall commence. | TBD |

Dated:  September 6, 2007            WILSON SONSINI GOODRICH & ROSATI
                                              Professional Corporation


                                         By: /s/James C. Yoon
                                              James C. Yoon

                                         Attorneys for Plaintiff/Counterclaim Defendant
                                         DISPLAYLINK CORPORATION


Dated:  September 6, 2007            WANG, HARTMANN & GIBBS, P.C.


                                         By: /s/Richard F. Cauley
                                              Richard F. Cauley

                                         Attorneys for Defendant/Counterclaim Plaintiff
                                         MAGIC CONTROL TECHNOLOGY
                                         CORPORATION


IT IS ORDERED.


Dated:  9/13/07                      *Ronald M. Whyte*
                                         _____
                                         The Honorable Ronald M. Whyte
                                         UNITED STATES DISTRICT COURT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTESTATION PURSUANT TO GENERAL ORDER 45

I, James C. Yoon, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 6, 2007, at Palo Alto, California.


_____/s/James C. Yoon_____
          James C. Yoon

# EXHIBIT B



Priority
Send
JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**



Case No.  CV 07-0833 AG (MLGx)                  Date  October 19, 2007

Title  MAGIC CONTROL TECHNOLOGIES V. KENSINGTON COMPUTER
PRODUCTS GROUP, ET AL.

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:             Attorneys Present for Defendants:

Not Present                                   Not Present

**Proceedings:**      [IN CHAMBERS] ORDER GRANTING UNOPPOSED REFILED
MOTION TO TRANSFER ACTION


On October 12, 2007, Intervenor Displaylink Corporation filed its Unopposed Refiled Motion to
Transfer Action ("Motion"). Under 28 U.S.C. 1404(a), a district court may transfer any action
for "the convenience of parties and witnesses, in the interest of justice." Having weighed the
convenience of the parties, the convenience of the witnesses, and the interest of justice in this
case, this Court has concluded that this action should be transferred to the Northern District of
California.

This Court previously postponed this decision to allow the Northern District Court to decide
whether to accept transfer. As the Northern District Court has indicated willingness to accept
transfer, the Court hereby GRANTS the unopposed Motion.


:      0

Initials of Preparer

DOCKETED ON CM

OCT 2 3 2007

BY _____  Page 11 of 78

FILED - SOUTHERN DIVISION
CLERK. U.S. DISTRICT COURT

SEP 11 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

**ORIGINAL**

Priority
Send

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  **MAGIC CONTROL**                )        **CASE NO. SACV 07-833 AG(MLGx)**
    **TECHNOLOGIES, a Taiwan**        )
12  **corporation,**                  )
                                      )        ~~[TENTATIVE]~~ **ORDER GRANTING**
13                                    )        **DISPLAYLINK'S MOTION TO**
                **Plaintiff,**        )        **INTERVENE AND GRANTING IN**
14                                    )        **PART DISPLAYLINK'S MOTION**
        **v.**                        )        **TO STAY OR TRANSFER ACTION**
15                                    )
                                      )
16  **KENSINGTON COMPUTER**           )
    **PRODUCTS GROUP, a division of** )
17  **ACCO Brands Corporation, a**    )
    **Delaware corporation, GWC**     )
18  **TECHNOLOGY, INC., a California** )
    **corporation; GOOD WAY**         )
19  **TECHNOLOGY CO. LTD., a Taiwan** )
    **corporation; and GOOD WAY**     )
20  **ELECTRONICS, a China corporation,** )
                                      )
21                                    )
                **Defendants.**       )
22                                    )
                                      )
23  _____  )

24



DOCKETED ON CM

SEP 12 2007

BY _____ 178

25        The Court considers the Motion to Intervene and to Stay or Transfer Action ("Motion")

26  filed by DisplayLink Corporation ("DisplayLink"). This action is related to *DisplayLink Corp.*

27  *v. Magic Control Technology, Corp.*, Case No. CV 07-01998-RMW, an action in the Northern

28  District of California (referred to as the "Northern District Suit"). Plaintiff Magic Control

1  Technologies ("Plaintiff") filed an opposition to DisplayLink's Motion. The only defendant

2  served in this action, GWC Technology, Inc., filed a Statement of Non-Opposition to

3  DisplayLink Corporation's Motion. After considering all of the moving, opposing, and reply

4  papers, and oral argument by some of the parties, the Court GRANTS DisplayLink's Motion to

5  Intervene. The Court further GRANTS DisplayLink's Motion to STAY the Action, pending

6  resolution by the judge in the Northern District Suit of whether this action and the Northern

7  District Suit should be heard there, and DENIES DisplayLink's Motion to Transfer the Action

8  without prejudice.

9

10  **BACKGROUND**

11

12  This Motion centers on DisplayLink's contention that this action is highly related to the

13  Northern District Suit. DisplayLink is a corporation that designs and sells new ways of

14  connecting computers to displays over data networks and general purpose bus interconnection

15  technologies. (Van Den Heever Declaration in Support of DisplayLink Corporation's Motion to

16  Intervene and to Stay or Transfer Action ("Van Den Heever Decl.") ¶ 2.) Specifically,

17  DisplayLink designs and manufacturers technology used to implement USB-to-VGA display

18  adaptors and USB Docking Stations with Video. (Van Den Heever Decl. ¶ 3.) DisplayLink also

19  provides a reference design using its technology for such a USB-to-VGA adapter. (Van Den

20  Heever ¶ 3.) DisplayLink is Plaintiff's primary competitor in the market for USB-to-VGA

21  display adaptor technology. (Van Den Heever ¶ 4.)

22  Between December 2006 and April 2007, Plaintiff indicated its intent to assert a claim

23  against DisplayLink's products based on the alleged infringement of U.S. Patent Number

24  7,203,788 ("the '788 patent"), allegedly owned by Plaintiff. (Van Den Heever Decl. ¶¶ 5-8.)

25  For example, in early April 2007, DisplayLink received reports that Plaintiff was investigating

26  whether DisplayLink's products infringed any of the '788 patent claims, and Plaintiff requested

27  that DisplayLink provide sample pieces of its USB-to-VGA products to Plaintiff's patent

28  counsel. (Van Den Heever Decl. ¶ 8.) Based on this and other actions, DisplayLink filed the

2

1 | Northern District Suit for declaratory judgment and invalidity of the '788 patent on April 10,

2 | 2007. (Van Den Heever Decl. ¶ 9; Declaration of Stefani E. Shanberg in Support of

3 | DisplayLink Corporation's Motion to Intervene and to Stay or Transfer ("Shanberg Decl."), Ex.

4 | A.) On June 5, 2007, Plaintiff filed its answer and counterclaims in the Northern District Suit

5 | alleging that DisplayLink's USB-to-VGA technology directly infringes, contributorily infringes,

6 | and induces infringement of the '788 patent. (Shanberg Decl., Ex. B.)

7 |      On July 20, 2007, Plaintiff filed this action against DisplayLink's customers Kensington

8 | Computer Products Group, GWC Technology, Inc., Good Way Technology Co. Ltd., and Good

9 | Way Electronics (collectively referred to as "Defendants"). (Van Den Heever Decl. ¶ 10;

10 | Shanberg Decl., Ex. J.) Here, Plaintiff alleges that Defendants infringed the '788 patent by

11 | "making, using, offering to sell, selling (directly or through intermediaries, and/or importing"

12 | products that "incorporate[] a USB to VGA converter." (Shanberg Decl., Ex. J.) No other

13 | claims for relief were alleged. (Shanberg Decl., Ex. J.)

14 |      The USB-to-VGA technology that Defendants import, sell, offer to sell, and use in their

15 | accused products are provided and manufactured by DisplayLink. (Van Den Heever Decl. ¶ 11.)

16 | The USB-to-VGA technology is the only component of Defendants' accused products related to

17 | the invention claimed in the '788 patent. (Van Den Heever Decl. ¶ 12.) DisplayLink has agreed

18 | to indemnify and defend Defendants against Plaintiff's claims of infringement. (Van Den

19 | Heever Decl. ¶ 13.)

20 |      DisplayLink moves to intervene in the instant action. DisplayLink also moves to stay or

21 | transfer this action to the Northern District of California while the Northern District Suit is

22 | pending.

23 |

24 | **ANALYSIS**

25 |

26 | 1.     **MOTION TO INTERVENE**

27 |

28 |      Federal Rule of Civil Procedure 24(a) provides for intervention as a matter of right. The

1  Ninth Circuit applies a four-part test to determine whether a non-party should be permitted to

2  intervene under Rule 24(a):

3

4      (1) the application for intervention must be timely;

5      (2) the applicant must have a 'significantly protectable' interest

6      relating to the property or transaction that is the subject of the action;

7      (3) the applicant must be so situated that the disposition of the action

8      may, as a practical matter, impair or impede the applicant's ability to

9      protect that interest; and

10     (4) the applicant's interest must not be adequately represented by the

11     existing parties in the lawsuit.

12

13  *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817-18 (9th Cir. 2001) (citing

14  *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)). "In general,

15  we construe Rule 24(a) liberally in favor of potential intervenors." *Id.* at 818 (citing *Forest*

16  *Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995).

17      Here, DisplayLink has made a sufficient showing that it meets all of these four factors.

18  Indeed, in its opposition papers, Plaintiff does not contest most of the points raised. The Court

19  now analyzes each factor.

20

21      **1.1    Timeliness**

22

23      First, DisplayLink has established that its Motion was timely filed. Timeliness is

24  determined by considering "(1) the stage of the proceeding at which an applicant seeks to

25  intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay."

26  *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002). DisplayLink's Motion was

27  filed approximately one month after Plaintiff filed its complaint. When DisplayLink filed this

28  Motion, Plaintiff had not served its complaint on all Defendants, the Court had not issued a

1   scheduling order, and no discovery had been taken. (Shanberg Decl. ¶ 13.) Thus, the Court

2   finds that since DisplayLink filed its Motion at such an early stage in the litigation, DisplayLink

3   did not delay in filing its Motion. Further, Plaintiff has not established that any party would be

4   prejudiced by the timeliness of DisplayLink's Motion. Thus, the Court finds that DisplayLink's

5   Motion is timely.

6

7         **1.2    Significantly Protectable Interest**

8

9        Second, DisplayLink has established that it has a significantly protectable interest. The

10   Ninth Circuit has held that "the 'interest' test is primarily a practical guide to disposing of

11   lawsuits by involving as many apparently concerned persons as is compatible with efficiency and

12   due process." *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). "The 'interest

13   test' is basically a threshold one, rather than the determinative criterion for intervention, because

14   the criteria of practical harm to the applicant and the adequacy of representation by others are

15   better suited to the task of limiting extension of the right to intervene." *Id.*

16        DisplayLink argues that because its technology is accused of infringing the '788 patent

17   and its customers are involved in this action due to their use of its technology, it has "a clear,

18   compelling, and significantly protectable interest relating to the subject of this action."

19   (DisplayLink's Memorandum of Points and Authorities in Support of Motion to Intervene and to

20   Stay or Transfer Action ("P&A's") 8:5-7.) DisplayLink also states that court's "routinely grant

21   requests to intervene by manufacturers of product components that are at the center of an

22   infringement dispute," and "as the manufacturer of the technology that is at the heart of this

23   litigation, DisplayLink has an interest in any ruling by this court relating to the claim

24   construction, validity, or infringement of the '788 patent as it relates to DisplayLink's USB-to-

25   VGA technology." (P&A's 8:7-9, 18-22.) The Court agrees with DisplayLink.

26        As a manufacturer of the product components that are accused of infringement,

27   DisplayLink has a compelling interest in this case. Most significantly, the outcome of this case

28   will effect DisplayLink's capacity to continue selling its technology. *LG Elecs., Inc. v. Q-Lity*

1  *Computer, Inc. v. Asustek Computer, Inc.*, 211 F.R.D. 360, 365 (N.D. Cal. 2002) ("An applicant

2  demonstrates a significantly protectable interest when the injunctive relief sought by the

3  plaintiffs will have direct, immediate and harmful effects upon its legally protectable interests.")

4  Further, DisplayLink is interested in this action because it has agreed to indemnify and defend

5  all Defendants in this action, who are DisplayLink's customers. (Van Den Heever Decl. ¶ 13.)

6  Thus, the Court finds that DisplayLink has established this factor.

7

8          **1.3    Impairment of Interest**

9

10         Third, DisplayLink has demonstrated that it is so situated that the disposition of the action

11  may, as a practical matter, impair or impede DisplayLink's ability to protect its interest.  In

12  determining whether a third party meets the requirements of this factor, "the Ninth Circuit has

13  relied on the advisory committee notes to Rule 24, which state 'that if an absentee would be

14  substantially affected in a practical sense by the determination made in an action, he should, as a

15  general rule, be entitled to intervene.'"  *Id.* (citing *Southwest Center for Biological Diversity*,

16  268 F.3d at 822 and Fed. R. Civ. P. 24 advisory committee notes.)  As stated in section 1.2, if the

17  Defendants are enjoined from selling products that incorporate DisplayLink's technology,

18  DisplayLink would be prohibited from selling its technology.  This result establishes that

19  DisplayLink's interests may be impaired or affected by the disposition of this action.  Thus, the

20  Court finds that DisplayLink has established that the disposition of this action may impair or

21  impede DisplayLink's ability to protect its interests.

22

23          **1.4    Adequacy of Representation**

24

25         Last, DisplayLink has established that absent intervention, it would not be adequately

26  represented in this action.  "The prospective intervenor bears the burden of demonstrating that

27  the existing parties may not adequately represent its interest." *Southwest Ctr. for Biological*

28  *Diversity*, 268 F.3d at 822-823 (citing *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th

1    Cir. 1983)). "However, the burden of showing inadequacy is 'minimal,' and the applicant need

2    only show that representation of its interests by existing parties 'may be' inadequate. *Id.* (citing

3    *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)).

4        DisplayLink must intervene to adequately represent its interests because "it is uniquely

5    situated to understand and defendant its own products." *Honeywell Intern. Inc. v. Audiovox*

6    *Communications Corp.*, No. Civ.A. 04-1337-KAJ, Civ.A. 04-1338-KAJ, Civ.A. 04-1536-KAJ,

7    2005 WL 2465898, at *4 (D. Del. 2005.) As the manufacturer of the product, DisplayLink has

8    all of the relevant documentation, information, and knowledge to defend against Plaintiff's

9    claims of infringement. Moreover, because DisplayLink has an agreement to defend its

10    customers, it has a stronger incentive than Defendants to defend its claims.

11        Plaintiff claims that "[i]ntervention by DisplayLink . . . as a practical matter adds nothing

12    to this case" because "the same law firm is representing both third party DisplayLink and

13    Defendant GWC Technology, Inc." (Magic Control Technologies' Opposition to DisplayLink's

14    Motion to Intervene and to Stay or Transfer Action ("Opposition") 2:4-7.) The Court does not

15    find that this fact is relevant in considering whether the Defendants in this action would

16    adequately represent DisplayLink's interest as the identity of counsel may not translate into

17    shared documents, knowledge, and information. Thus, while the Court finds that Defendants

18    have an interest in defending against Plaintiff's claims, Defendants may not adequately represent

19    DisplayLink's interests.

20

21        **1.5    Conclusion**

22

23        Because DisplayLink has established the threshold elements for intervention as a matter

24    of right, the Court GRANTS DisplayLink's Motion to Intervene.

25

26    **2.    MOTION TO STAY OR TRANSFER**

27

28        DisplayLink argues that this action should be stayed or transferred. DisplayLink asserts

1   that under the First-to-File Rule, the Northern District of California is the appropriate forum for

2   these claims. DisplayLink also states that in cases like this, the forum of the suit against the

3   manufacturer, as here, takes precedence over the forum of the suit against the manufacturer's

4   customers, as in the Northern District Suit. Also, DisplayLink asserts that the convenience of

5   the parties and witnesses and the interest of justice dictate that this case should be transferred to

6   the Northern District of California. In response, Plaintiff asserts that a transfer would be

7   premature as it would be damaging to Plaintiff's settlement efforts and would violate Plaintiff's

8   right to select its forum. The Court agrees with DisplayLink that this action falls under the First-

9   to-File Rule, but defers to the decision of the judge in the Northern District Suit as to where this

10   case should be heard.

11

12      **2.1**   **Legal Standard**

13

14      Under 28 U.S.C. 1404(a), "For the convenience of parties and witnesses, in the interest of

15   justice, a district court may transfer any civil action to any other district or division where it

16   might have been brought." The moving party has the burden of demonstrating that "the

17   convenience of parties and witnesses" and "the interest of justice" require transfer. *Commodity*

18   *Futures Trading Com. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

19      A district court has the inherent power to stay its proceedings. The Court may enter a stay

20   of proceedings to "control the disposition of the causes on its docket with economy of time and

21   effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

22

23      **2.2**   **The First-to-File-Rule and the Customer Suit Doctrine**

24

25      DisplayLink claims that this case should be stayed or transferred because it was the first

26   to file suit on nearly identical issues. "There is a generally recognized doctrine of federal

27   comity which permits a district court to decline jurisdiction over an action when a complaint

28   involving the same parties and issues has already been filed in another district." *Intuitive*

1  *Surgical, Inc. v. California Inst. of Tech.*, No. C07-0063-CW, 2007 WL 1150787, at *2 (N.D.

2  Cal. April 18, 2007) (citing *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-5 (9th

3  Cir. 1982)). This doctrine, called the First-to-File Rule, "gives priority, for purposes of choosing

4  among possible venues when parallel litigation has been instituted in separate courts, to the party

5  who first establishes jurisdiction." *Id.* (citing *Northwest Airlines, Inc. v. American Airlines, Inc.*,

6  989 F.2d 1002, 1006 (8th Cir.1993)).

7         This principle applies in the patent context. In *Genentech, Inc. v. Eli Lilly & Co.*, 998

8  F.2d 931 (Fed. Cir. 1993), the Federal Circuit held that courts in patent cases should prefer the

9  forum of the first-filed action, whether or not that action is a declaratory action or an

10  infringement action. *Genentech*, 998 F.2d at 937. The Federal Circuit stated that this preference

11  should be maintained unless "considerations of judicial and litigant economy, and the just and

12  effective disposition of disputes, require otherwise." *Id.*

13         Application of this rule depends on three factors: "(1) the chronology of the two actions;

14  (2) the similarity of the parties, and (3) the similarity of the issues." *Intuitive Surgical*, 2007

15  WL 1150787, at * 2 (citing *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D.

16  Cal.2003). If the First-to-File Rule does apply to a suit, the court where the second suit was filed

17  may transfer, stay, or dismiss the proceeding to allow the court where the first suit was filed to

18  decide whether to try the case. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th

19  Cir. 1991). "Circumstances under which an exception to the first-to-file rule typically will be

20  made include bad faith, anticipatory suit and forum shopping." *Id.* at 628 (internal citations

21  omitted).

22         Here, the chronology of the filings and the similarity of the issues support the application

23  of the First-to-File Rule. DisplayLink's Northern District Suit was filed three months before the

24  instant suit. (Shanberg Decl. ¶ 3, Ex. A.) In the earlier case, DisplayLink sought declaratory

25  relief from Plaintiff based on the invalidity of the '788 patent and the non-infringement of that

26  patent by its USB-to-VGA display adaptor technology. (Shanberg Decl., Ex. A.) In the instant

27  case, Plaintiff claims that Defendants' products incorporating DisplayLink's USB-to-VGA

28  adaptor technology infringe the '788 patent. The issues overlap so substantially that should

1    Plaintiff prevail in the Northern District Suit, Plaintiff could potentially recover the damages

2    sought in the instant case. See *Glenayre Electronics, Inc. v. Jackson*, 443 F.3d 851, 864 (Fed.

3    Cir. 2006). Thus, DisplayLink's first-filed case raises similar issues of infringement and

4    invalidity of the '788 patent.

5        The Court also finds that the parties are sufficiently similar to fit within the First-to-File

6    Rule, particularly because the Northern District of California is the more preferable forum under

7    the Customer Suit Doctrine. Because the Court has permitted DisplayLink to intervene in this

8    action, DisplayLink and Plaintiff are identical parties in both cases. The remaining Defendants

9    are DisplayLink's customers. Thus, the parties are substantially similar, and the First-to-File

10    Rule should be applied.

11        The Customer-Suit Doctrine further establishes that the relationship of the parties favors

12    resolution of this case in the Northern District of California. The Customer-Suit Doctrine states

13    that "litigation against or brought by the manufacturer of infringing goods takes precedence over

14    a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*,

15    909 F.2d 1459, 1464 (Fed. Cir. 1990). The policy underlying this doctrine dictates that "at the

16    root of the preference for a manufacturer's declaratory judgment action is the recognition that, in

17    reality, the manufacturer is the true defendant in the customer suit. . . . it is a simple fact of life

18    that a manufacturer must protect its customers, either as a matter of contract, or good business,

19    or in order to avoid the damaging impact of an adverse ruling against its products." *Codex Corp.*

20    *v. Milgo Electronic Corp.*, 553 F.2d 735, 737-38 (1st Cir.), cert. denied, 434 U.S. 860 (1977).

21    While this doctrine is usually applied to stay a first-filed action as an exception to the First-to-

22    File Rule, where a customer suit is filed first, see *Katz*, 909 F.2d at 1464; *Codex Corp.*, 553 F.2d

23    at 737-38, the Court finds that the Customer Suit Doctrine is equally applicable here.

24        In this case, DisplayLink filed the manufacturer suit first in the Northern District of

25    California, and Plaintiff filed the customer suit with this Court approximately three months later.

26    This Court credits the preference of deciding manufacturer suits first and finds that while

27    Plaintiff has brought his suit against customers of DisplayLink, DisplayLink is the rightful

28    opponent in this dispute. Thus, the Customer-Suit Doctrine bolsters the Court's conclusion that

1  the parties are sufficiently similar in both cases to apply the First-to-File Rule.

2

3        **2.3    Deference to the Northern District of California**

4

5        DisplayLink argues that because the First-to-File Rule applies, the Court should stay or

6  transfer this action.  Plaintiff states that a stay or transfer should not be granted because it would

7  violate its selection of forum and would interrupt ongoing settlement negotiations with

8  Kensington Computer Products Groups ("Kensington").  (Opposition 2:8-10.)  The Court finds

9  that judicial economy dictates that these cases should be consolidated in the Northern District of

10  California, but the arguments of Plaintiff and DisplayLink relating to transfer are better

11  addressed to the judge in the Northern District Suit.

12        The Court owes deference to the judge in the first-filed case in the Northern District of

13  California.  "[W]here identical, or nearly identical, actions are pending before two courts, it is

14  the court in which the action was first filed that makes the determination of which court is to

15  hear the case."  *Kimberly-Clark Corp. v. McNeil-PPC, Inc.*, 260 F. Supp. 2d 738, 741 (E.D. Wis.

16  2003).  Therefore this Court will not conduct a balancing of convenience factors at this time.

17  This Court defers to the judge in the Northern District Suit to decide the appropriate forum and

18  whether an exception to the First-to-File Rule is applicable, see *Intuitive Surgical*, 2007 WL

19  1150787, at *3, because such decisions should generally be addressed to the court in the

20  first-filed action.  See *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir.

21  1982); see also 8 Donald Chisum, Chisum on Patents § 21.02[4][b]("If the second-filed court is

22  demonstrably more convenient for the parties and witnesses, a motion to transfer under

23  § 1404(a) should be addressed to the first-filed court.")

24        Thus, the Court GRANTS DisplayLink's Motion to Stay until the judge in the Northern

25  District Suit can address these issues.

26  //

27  //

28  //

**DISPOSITION**

DisplayLink's Motion to Intervene is GRANTED. DisplayLink's Motion to Stay is GRANTED pending decision of the judge in the Northern District Suit. Plaintiff must file a motion to transfer the Northern District Suit to this Court within three weeks. If Plaintiff does not file a motion to transfer, or if the judge in the Northern District Suit denies Plaintiff's motion to transfer, DisplayLink should refile its motion to transfer with this Court, and the Court will transfer this case to the Northern District of California.

IT IS SO ORDERED.

DATED: September 10, 2007

Andrew J. Guilford
United States District Judge