WANG, HARTMANN, GIBBS & CAULEY, P.C.
A Professional Law Corporation
Richard F. Cauley (SBN: 109194)
Franklin E. Gibbs (SBN: 189015)
Erick P. Wolf (SBN: 224906)
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Telephone: (949) 833-8483
Facsimile: (949) 833-2281
rcauley@whglawfirm.com

Attorneys for Defendant and Counterclaim
Plaintiff, Magic Control Technology Corporation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| DISPLAYLINK CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MAGIC CONTROL TECHNOLOGY CORPORATION, a Taiwanese corporation;<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO.: 5:07-CV-01998-RMW<br><br>**DEFENDANT AND COUNTERCLAIM PLAINTIFF MAGIC CONTROL TECHNOLOGY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE THE JONES DECLARATION AND CORRESPONDING PORTIONS OF DISPLAYLINK CORPORATION'S RESPONSIVE BRIEF** |

## I. INTRODUCTION

Magic Control Technologies ("MCT") hereby moves this Court for an order striking the Declaration of Alan H. Jones, Ph.D and portions of DisplayLink Corporation's ("DisplayLink") Responsive Claim Construction Brief that describe, refer, or relate to new documents and testimony proffered by DisplayLink in violation of Patent Local Rules 4-3 and 4-4.

First, DisplayLink improperly uses extrinsic evidence that it failed to produce in discovery, identify in the Joint Claim Construction Statement or refer to in the deposition of Dr. Jones:

- USB Monitor Control Class Specification (Jones Decl., Exhibit 9);
- IBM Personal Computer (Jones Decl., Exhibit 15); and
- IBM (Information Systems Division, Entry Systems Business) Press Release, August 12, 1981 (Jones Decl., Exhibit 16).

Second, DisplayLink improperly uses extrinsic evidence that it produced in this litigation, but failed to identify in the Joint Statement or refer to in the Jones Deposition:

- U.S. Patent Application No. 2004/0021615 (Jones Decl., Exhibit 11);
- U.S. Patent Application No. 2004/0017333 (Jones Decl., Exhibit 12);
- U.S. Patent Application No. 2003/0120849 (Jones Decl., Exhibit 13); and
- U.S. Patent Application No. 2002/0135584 (Jones Decl., Exhibit 14).

Third, DisplayLink attempts to incorporate web pages without labeling such references as exhibits and without previously citing these web pages ("undisclosed web pages") in any manner:

- http://www-03.ibm.com/ibm/history/exhibits/pc25/pc25_birth.html (Jones Decl. at ¶ 6);
- http://www-03.ibm.com/ibm/history/exhibits/pc25/pc25_PH06.html (Jones Decl. at ¶ 10); and
- http://www.usb.org/developers/docs/ (Jones Decl. at ¶ 17).

Finally, Display Link failed to disclose the extensive substance of Dr. Jones' 27-page Declaration in the Joint Statement that was referred to over 100 times in the Responsive Brief. Moreover, as the Jones Declaration relies on Exhibits 9, 11-16 (as well the previously existing exhibits) and the undisclosed web pages to describe the scope of the claim terms, the Jones Declaration necessarily incorporates all of the shortcomings of the aforementioned exhibits and references.[1]

---

[1] See Document No. 32, Joint Claim Construction and Prehearing Statement ("Joint Statement"), attached to the Declaration of Erick P. Wolf ("Wolf. Decl.") as Exhibit A; Document No. 37, Declaration of Alan H. Jones, Ph.D ("Jones Decl."), attached to the Wolf Decl. as Exhibit B (including Exhibits 9 and 11-16); Document No. 36, DisplayLink's Responsive Claim Construction Brief ("Responsive Brief") (not attached).

2
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE**
**CASE NO.: 5:07-CV-01998-RMW**

1  Here, DisplayLink's failure to cite this extrinsic evidence is contrary to the Patent Local
2  Rules, which requires that DisplayLink identify <u>any</u> extrinsic evidence (including expert
3  testimony) it intends to rely on in the Joint Statement, and which requires claim construction
4  discovery be completed 30 days after service of the Joint Statement. By failing to disclose these
5  extrinsic sources in a timely manner, DisplayLink severely prejudiced MCT by preventing MCT
6  from its right to conduct discovery prior to the <u>Markman</u> briefing.
7  MCT respectfully requests this Court strike all portions of DisplayLink's Responsive
8  Brief that describe, refer, or relate to the Jones Declaration and all aforementioned extrinsic
9  evidence, as untimely and in violation of the Patent Local Rules. Moreover, MCT specifically
10 requests that this Court strike the <u>entire</u> Jones Declaration as based on this impermissible
11 evidence and in view of DisplayLink's failure to provide MCT with proper notice of its
12 extensive reliance on the Jones Declaration for construction of <u>every</u> term at issue.

13 **II.  PROCEDURAL HISTORY**

14 On December 12, 2007, MCT and DisplayLink filed their Joint Statement. DisplayLink
15 reserved its right to call Dr. Jones to demonstrate the understanding of one of ordinary skill in the
16 art and to rebut the expert testimony of MCT's expert, Dr. Paul Min.[2] See Exhibit A, Joint
17 Statement. Pursuant to Patent Local Rule 4-3(b), MCT and DisplayLink were to identify all
18 references from the specification or prosecution history that supported their respective
19 constructions, and identify any extrinsic evidence that they intended to rely on to support their
20 proposed constructions or to oppose the other's proposed construction. See Patent L.R. 4-3(b).
21 In particular, MCT cited the specification of the '788 patent as support for all thirteen
22 (13) terms and the testimony of Dr. Paul Min as additional support for "VGA" and "USB."
23 DisplayLink cited the specification and prosecution history of the '788 patent as well as a
24 number of extrinsic sources including USB specifications, dictionary definitions[3], PS/2 Video

---

[2] DisplayLink also cited two other individuals, but has yet to produce either for deposition or to offer testimony from either individual in support of its proposed constructions.
[3] Although DisplayLink cites several dictionary definitions in the Joint Statement, it fails to refer to any of these definitions in its Responsive Brief.

1  Subsystem Technical Reference Manual, and IBM Personal System/2 and Personal Computer
2  BIOS Interface Technical Reference. DisplayLink did <u>not</u> cite to the additional evidence set
3  forth in Exhibits 9, 11-16, or the web pages that were later set forth in its Responsive Brief.
4  DisplayLink also failed to inform MCT that it would be relying almost exclusively on the
5  extrinsic testimony of Dr. Jones to support its proposed claim constructions. <u>See</u> Exhibit A, Joint
6  Statement; Document No. 36, Responsive Brief.

7  MCT deposed Dr. Jones on January 8, 2008 based upon DisplayLink's Patent Local Rule
8  4-3 disclosure. During his testimony Dr. Jones failed to describe any of the additional evidence
9  set forth in Exhibits 9, 11-16, or the undisclosed web pages. Dr. Jones also failed to advise MCT
10 that he would essentially be writing DisplayLink's brief with a 27-page declaration - rather than
11 merely testifying to what one skilled in the art would understand the disputed claim terms to
12 mean. <u>See</u> Wolf Decl. at ¶ 5; Exhibit B, Jones Decl.

13 On January 28, 2008, MCT filed its Opening Claim Construction Brief based upon the
14 '788 patent specification, the half-day deposition of Dr. Jones, and the limited testimony of Dr.
15 Min directed to "USB" and "VGA." In fact, Dr. Min's testimony was not discussed absent
16 "USB" and "VGA." MCT of course did not have an opportunity to address Exhibits 9, 11-16, or
17 the undisclosed web pages, as none of this extrinsic evidence had been identified yet. <u>See</u> Wolf
18 Decl. at ¶ 7; Document No. 33, MCT's Opening Claim Construction Brief ("Opening Brief")
19 (not attached).

20 On February 11, 2008, DisplayLink filed its Responsive Brief, relying almost exclusively
21 on the Jones Declaration, which it cited over <u>100</u> times. The 27-page Jones Declaration contains
22 sixteen (16) exhibits – seven (7) of which MCT did not have the opportunity to address because
23 DisplayLink held them back from the Joint Statement and the Jones Deposition. In response to
24 DisplayLink's extrinsic evidence-based Responsive Brief, MCT's counsel emailed
25 DisplayLink's counsel immediately in an attempt to meet and confer over the new evidence cited
26 in the Jones Declaration. However, counsel for DisplayLink would not agree that the Jones
27 Declaration contained improper extrinsic evidence that should have been disclosed. Counsel was
28

therefore not able to reach a resolution. See Wolf Decl. at ¶ 8; Exhibit B, Jones Decl.; Email from Richard Cauley to Stefani Shanberg and James Yoon and responsive letter from Stefani Shanberg, collectively attached to the Wolf Decl. as Exhibit C.

### III. DISCUSSION

The Patent Local Rules of the Northern District were adopted to "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." Atmel Corp. v. Info. Storage Devices, Inc., 1998 U.S. Dist. LEXIS 17564 at *7 (N.D. Cal. Nov. 5, 1998) (Smith, J.), attached to the Wolf Decl. as Exhibit D. The Local Rules were also adopted to place the parties on an "orderly pretrial track." Integrated Circuit Systems, Inc. v. Realtek Semiconductor Co., 308 F. Supp. 2d 1107 (N.D. Cal. 2004).

Here, in contravention of the Patent Local Rules, DisplayLink failed to "crystallize" its theory of claim construction prior to the close of Markman discovery or prior to the submission of MCT's Opening Brief. By failing to abide by the Patent Local Rules, DisplayLink has disrupted the orderly pretrial track of this litigation and forced MCT to bring this Motion to Strike DisplayLink's newly introduced extrinsic evidence including the testimony of its expert and numerous extrinsic exhibits and references.

### A. In Violation Of Patent Local Rule 4-3, DisplayLink Failed To Disclose Exhibits And References From The Jones Declaration In The Joint Statement

DisplayLink's failure to cite Exhibits 9, 11-16 and the undisclosed web pages in the December 12, 2007 Joint Statement violates Patent Local Rule 4-3 and therefore precludes DisplayLink from using any arguments or evidence that describe, refer, or relate to this prejudicial evidence.

The Joint Statement disclosure rules are clearly set forth in Patent Local Rule 4-3:

> Not later than 60 days after service of the "Preliminary Invalidity Contentions," [December 12, 2007] the parties shall complete and file a Joint Claim Construction and Prehearing statement, which shall contain the following information:
>
> (b) Each party's proposed construction of each disputed claim…and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other

party's proposed construction of the claim, including, but not limited to…testimony of…expert witnesses. [emphasis added]

Patent L.R. 4-3 (emphasis added). Here, DisplayLink violated Patent Local Rule 4-3(b) by failing to cite Exhibits 9, 11-16 or the undisclosed web pages in the Joint Statement. DisplayLink's failure to cite this extrinsic evidence prejudiced MCT by preventing MCT from conducting related discovery. Moreover, the policy of the Patent Local Rules to "further the goal of full, timely discovery" would clearly be violated if this Court were to allow DisplayLink to raise new extrinsic evidence at its convenience. IXYS Corp. v. Advanced Power Technology, Inc., 2004 U.S. Dist. LEXIS 10934 at *8 (N.D. Cal. June 16, 2004) (Patel, J.), attached to the Wolf Decl. as Exhibit E. Similarly, the Patent Local Rules do not exist to "create supposed loopholes through which parties may practice litigation by ambush." Id.

Here, this Court should strike DisplayLink's extrinsic evidence, the testimony from Dr. Jones depending on the extrinsic evidence, and the portions of DisplayLink's Responsive Brief that depend on this evidence. Here, DisplayLink's "ambush" tactics are in clear contravention of local authority as they are highly prejudicial and in clear violation of Patent Local Rule 4-3.

### B. Displaylink Failed To Disclose The Exhibits And References From The Jones Declaration Prior To The Close Of Claim Construction Discovery

DisplayLink's failure to cite the aforementioned extrinsic evidence prior to the Markman discovery cut-off of January 14, 2008 violates Patent Local Rule 4-4 and provides this Court with further reason to preclude DisplayLink from depending on any arguments or evidence that describe, refer, or relate to this prejudicial evidence.

Patent Local Rule 4-4 sets the Markman discovery cut-off as follows:

> No later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement [January 14, 2008], the parties shall complete all discovery relating to claim construction, including any depositions…including experts, identified in the Joint Claim Construction and Prehearing Statement.

Patent L.R. 4-4 (emphasis added). In this instance, DisplayLink never produced Exhibits 9, 11-16 or the undisclosed web pages prior to the January 12, 2008 discovery cut-off. DisplayLink's failure to cite this extrinsic evidence prejudiced MCT by preventing MCT from conducting

related discovery. For similar reasons as those cited in section "A," this Court should strike this extrinsic evidence, the testimony from Dr. Jones depending on this extrinsic evidence, and the portions of DisplayLink's Responsive Brief that depend on this evidence. This extrinsic evidence is submitted by DisplayLink in contravention of Patent Local Rule 4-4 and therefore should be stricken by this Court.

### C. The Jones Declaration And All References Thereto Should Be Stricken As Dr. Jones Relies On Tainted Extrinsic Evidence To Offer His Opinion

The Jones Declaration contains a total of sixteen (16) exhibits – seven (7) of which were not disclosed to MCT prior to the Responsive Brief and which are the subject of the present Motion to Strike. However, aside from just the exhibits, the Jones Declaration is a direct reflection of the content of the exhibits and as such is inherently prejudicial to MCT. Dr. Jones here admits that he relies on the aforementioned extrinsic evidence:

> Based on my review of the above-referenced materials [including Exhibits 9 and 11-16] and my knowledge as a person of ordinary skill in the art, I offer my opinion as to the proper scope of claims 1, 2, and 19 of the '788 Patent, which are stated herein and reflected in the accompanying Markman Brief.

Exhibit B, Jones Decl. at ¶ 4. Here, Dr. Jones and DisplayLink concede that their claim interpretations are based on the tainted extrinsic evidence that DisplayLink precluded MCT from discovering. Therefore, the entirety of the Jones Declaration should be excluded as it is dependent on the evidence improperly proffered by DisplayLink in violation of Patent Local Rules 4-3 and 4-4. Similarly, the sections of DisplayLink's brief that describe, refer, or relate to the Jones Declaration should be stricken. Here, DisplayLink cited to the tainted Jones Declaration over 100 times. See Document No. 36, Responsive Brief.

Allowing DisplayLink to advance claim construction arguments based on Dr. Jones' impermissible extrinsic testimony would be contrary to the Patent Local Rules and highly prejudicial to MCT. Accordingly, this Court should strike the Jones Declaration in its entirety, as well as those portions of DisplayLink's Responsive Brief that depend on the Jones Declaration.

### D. DisplayLink's Reliance On The Jones Declaration For Substantive Support Of Its Proposed Constructions Is Misplaced And Prejudicial

DisplayLink submits the Jones Declaration and its accompanying exhibits as substantive evidence in support of its claim constructions – citing to the Jones Declaration over 100 times in its Responsive Brief. However, DisplayLink, in violation of Patent Local Rule 4-3, which required DisplayLink to identify all extrinsic evidence, including that related to "expert witnesses," failed to mention in the Joint Statement that Jones would essentially be writing its Responsive Brief.

Jones admits that the Jones Declaration constitutes his "opinion[s] as to the proper scope of claims 1, 2, and 19 of the '788 Patent." Jones further admits that his opinion testimony is "reflected in the accompanying [DisplayLink's] *Markman* brief." See Exhibit B, Jones Decl. at ¶ 4. Indeed, DisplayLink styled the Jones Declaration "in support of DisplayLink's Responsive Claim Construction Brief." Exhibit B, Jones Decl.

As set forth in Vitronics, there may be two types of expert testimony - one that is "testimony on technology," and the other that is "testimony on claim construction." Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576 (Fed. Cir. 1996). The Jones Declaration falls squarely within "testimony of claim construction" as Jones admits that his declaration constitutes his "opinion[s] as to the proper scope of claims 1, 2, and 19 of the '788 Patent" – testimony on claim construction. See Exhibit B, Jones Decl. at ¶ 4.

Such "opinion testimony on claim construction should be treated with the utmost caution, for it is no better than opinion testimony on the meaning of statutory terms." Vitronics, 90 F.3d at 1585. The Court in Phillips v. AWH, 415 F.3d 1303 (Fed. Cir. 2005) similarly stressed that while courts may consider extrinsic evidence, including expert testimony, extrinsic evidence is "less significant" than intrinsic evidence. The Phillips court provided five reasons why "extrinsic evidence in general is less reliable than the patent and its prosecution history in determining how to read claim terms." One of the five reasons is that "extrinsic evidence can be biased because it is litigation-generated." The Jones Declaration is a prime example of "litigation-generated" extrinsic evidence.

1  Here, the Jones Declaration is "testimony on claim construction," rather than just
2  "testimony on technology." As such, DisplayLink was required to advise MCT, pursuant to
3  Patent Local Rule 4-3, of its intention to rely on Dr. Jones for the substance of its claim
4  constructions. However, DisplayLink again failed to provide MCT with advanced notice despite
5  the fact that DisplayLink had ample time to prepare the Joint Statement to reflect all extrinsic
6  evidence, including the Jones Declaration (and the aforementioned exhibits), which it intended to
7  rely on in support of its proposed constructions. However, DisplayLink held back substantive
8  evidence - in this case the 27-page Jones Declaration cited to over 100 times that serves as the
9  basis for almost all of DisplayLink's claim constructions. Accordingly, this Court should strike
10 the Jones Declaration in its entirety because DisplayLink violated Patent Local Rule 4-3 by
11 failing to disclose the substantive nature of the Jones Declaration in the Joint Statement.

## IV. CONCLUSION

MCT respectfully requests that this Court strike the Jones Declaration, Exhibits 9, 11-16, as well as the undisclosed web pages cited in the Jones Declaration. MCT also requests that this Court strike the portions of DisplayLink's Responsive Brief that correspond to the Jones Declaration.

Dated: March 3, 2008

WANG, HARTMANN, GIBBS &
CAULEY, PC
A Professional Law Corporation

By: _____
Richard F. Cauley
Franklin E. Gibbs
Erick P. Wolf
Attorneys for Defendant and Counterclaim
Plaintiff