1  JAMES C. YOON, State Bar No. 177155
      Email: jyoon@wsgr.com
2  STEFANI E. SHANBERG, State Bar No. 206717
      Email: sshanberg@wsgr.com
3  MONICA MUCCHETTI ENO, State Bar No. 164107
      Email: meno@wsgr.com
4  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
5  650 Page Mill Road
   Palo Alto, CA 94304-1050
6  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
7
   Attorneys for Plaintiff and Counterclaim Defendant
8  DISPLAYLINK CORPORATION

9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11
                    SAN JOSE DIVISION
12

13
14  DISPLAYLINK CORPORATION, a Washington  )   CASE NO.: 5:07-CV-01998-RMW
    Corporation,                            )
15                                          )   **DISPLAYLINK'S OPPOSITION TO**
            Plaintiff,                      )   **MCT'S MOTION TO STRIKE**
16                                          )   **JONES DECLARATION AND**
        v.                                  )   **PORTIONS OF DISPLAYLINK'S**
17                                          )   **CLAIM CONSTRUCTION BRIEF**
    MAGIC CONTROL TECHNOLOGY                )
18  CORPORATION, a Taiwanese Corporation;   )   Date: April 18, 2008
                                            )   Time: 9:00 a.m.
19          Defendant.                      )   Courtroom: Courtroom 6 – 4th Floor
                                            )   Before: Hon. Ronald M. Whyte
20                                          )
    AND RELATED COUNTERCLAIMS               )
21                                          )

22
23
24
25
26
27
28

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................ 1

II.    STATEMENT OF FACTS .................................................................................................. 2

III.    ARGUMENT ....................................................................................................................... 4

    A.    All But Two of the Challenged Exhibits and the Challenged Web Pages are Cited in the Jones Declaration Solely for Purposes of Describing the Background of the Technology ................................................................................ 4

    B.    The Remaining Two Challenged Exhibits are Cited Solely for the Purposes of Rebutting an Argument Advanced by MCT That DisplayLink Could Not have Anticipated ................................................................................................. 5

    C.    DisplayLink Does Not Rely Heavily on Extrinsic Evidence by Dr. Jones and Fully Disclosed What Little Testimony It Does Rely Upon ............................ 7

IV.    CONCLUSION .................................................................................................................. 11

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) .................................................................. 7

*SanDisk Corp. v. Lexar Media, Inc.*, No. C 98-01115, 1999 WL 129512 (N.D. Cal.
    Mar. 4, 1999) ..................................................................................................................... 6, 7, 11

**RULES**

Patent L.R. 4-3 ................................................................................................................................. 5

## I. INTRODUCTION

In its motion to strike, Magic Control Technology Corporation ("MCT") claims that the declaration of DisplayLink Corporation's ("DisplayLink") expert witness Dr. Alan Jones and portions of DisplayLink's claim construction brief citing to that declaration should be stricken for essentially two reasons. First, MCT complains that seven exhibits and some citations to web pages referenced in the Jones Declaration should be stricken because DisplayLink failed to disclose them in its Patent Local Rule 4-3(b) Disclosures ("Rule 4-3 Disclosures") and did not produce some of the items prior to the close of claim construction discovery. Yet five of these exhibits and the web pages are cited only in the Background of the Technology portion of the Jones Declaration and are not submitted or relied on in any way as "evidence" in support of DisplayLink's proposed construction. Thus, under Patent Local Rule 4-3, DisplayLink had no obligation to disclose any of these exhibits or web pages to MCT.

The other two challenged exhibits are pending patent applications listed as cited references to the patent-in-suit. DisplayLink did not include these references in its Rule 4-3(b) Disclosures because, at the time, they were not relevant to its construction of any disputed term or to opposition of MCT's constructions. The cited references were discussed in the Jones Declaration not for purposes of *defining* a term, but to rebut arguments advanced in MCT's claim construction brief that DisplayLink could not have reasonably foreseen. Moreover, even if the Court were to find that DisplayLink should have noted its reliance on the two cited references in its Rule 4-3 Disclosures, the exhibits should not be stricken because MCT can not show that it has suffered any prejudice from their late disclosure. As cited references, the two pending patent applications were part of the prosecution history and thus known by MCT on or before the issue date of the patent.

Second, MCT charges that the Jones Declaration should be stricken in its entirety because the declaration constitutes "testimony on claim construction" that DisplayLink failed to disclose under Patent Local Rule 4-3. As a threshold matter, MCT grossly exaggerates DisplayLink's reliance on the Jones Declaration to advance its claim construction position.

1  DisplayLink's constructions do not heavily rely on the Jones Declaration at all.

2  DisplayLink's constructions are solidly based on intrinsic evidence. DisplayLink cites to the

3  Jones Declaration solely for the purpose of demonstrating that its proposed constructions are

4  consistent with how the disputed terms would be understood by a person of ordinary skill in

5  the art. Contrary to MCT's accusations, DisplayLink clearly informed MCT in its Rule 4-3

6  Disclosures that it might rely on Dr. Jones' testimony for that purpose.

7  Indeed, DisplayLink's patent disclosures were sufficiently clear that MCT not only

8  deposed Dr. Jones, but counsel asked him his opinion and the basis for his opinion regarding

9  DisplayLink *and* MCT's proposed constructions for all eleven disputed claim terms.

10  Accordingly, because the Jones Declaration does not cite to any evidence in support

11  of or opposition to the parties' known claim construction positions and Dr. Jones was fully

12  deposed regarding his opinions on claim construction, MCT's motion to strike should be

13  denied in its entirety.

14  **II.   STATEMENT OF FACTS**

15  The parties filed their Joint Claim Construction Statement regarding U.S. Patent No.

16  7,203,788 ("the '788 patent") on December 14, 2007. *See* Declaration of Stefani E.

17  Shanberg ("Shanberg Decl.") Ex. 1. DisplayLink's portion of the disclosures identified all

18  the intrinsic and extrinsic evidence DisplayLink intended to rely upon in support of its claim

19  construction positions and in opposition to MCT's positions. *Id.* at 1-7. DisplayLink's

20  disclosure also indicated that it might rely on the expert testimony of, among others, Dr. Alan

21  Jones to support its claim construction positions. *Id.* at 7.

22  During the course of discussions with MCT's counsel over the next week, DisplayLink

23  informed MCT that if it was to rely on any expert testimony to support its claim constructions, it

24  would be testimony from Dr. Jones. Shanberg Decl., Ex. 2. DisplayLink offered to make Dr.

25  Jones available for deposition, and his deposition was taken on January 8, 2008. Shanberg Decl.,

26  Ex. 3.[1] Fully aware that Dr. Jones might offer claim construction testimony on any of the

27

28  _____
   [1] Citations to the transcript of the Jones deposition, attached as Shanberg Decl., Ex. 3, are hereafter referred to as "Jones Depo. at __."

1  disputed claim terms, MCT deposed Jones at length and asked him his opinions and the basis of

2  his opinions as to *all* eleven disputed claim terms.  *See* Jones Depo. at 105:12-106:5 ("USB"); *id.*

3  at 50:18-54:9; 58:20-59:25; 61:5-13 ("VGA"); *id.* at 62:4-64:25 ("display device"); *id.* at 16:22-

4  22:24 ("USB controller"); *id.* at 45:3-54:9; 58:20-59:25; 61:5-13 ("VGA controller"); *id.* at 26:9-

5  37:15 ("USB based display signals"); *id.* at 40:1-43:17 ("USB based display signals from the

6  computer"); *id.* at 24:19-37:15 ("for receiving exclusively therethrough . . ."); *id.* at 65:1-68:1

7  ("bridge"); *id.* at 74:19-78:8; 82:18-87:24 ("connecting the USB controller . . ."); *id.* at 97:9-

8  104:14 ("the bridge circuit converting . . .").  MCT even asked Dr. Jones his opinions regarding

9  the proposed constructions offered by MCT.  *See* Jones Depo. at 106:6-107:16; 60:1-61:4; 62:14-

10 64:25; 23:1-23; 61:15-62:3; 28:17-29:8; 43:18-44:25; 37:16-39:5; 68:2-74:8; 78:10-82:11;

11 104:16-105:9.

12     MCT filed its opening claim construction brief on January 28, 2008.  Shanberg Decl.,

13 Ex. 4.  In its brief, it made numerous (baseless) attacks on Dr. Jones' claim construction

14 positions, citing to testimony from his deposition more than *twenty* times.  *See id.* at 4, 6-16,

15 22.  DisplayLink filed its Responsive Claim Construction Brief and the supporting

16 declaration of Dr. Jones which is the subject of this motion on February 11, 2008.[2]  Shanberg

17 Decl., Exs. 5 & 6[3].

18     That same day, MCT's counsel asked that DisplayLink make Dr. Jones available for

19 deposition again because his declaration allegedly relied upon "substantial amounts of

20 extrinsic evidence which was not disclosed ... and on which [MCT] did not have the

21 opportunity to depose him."  Shanberg Decl., Ex. 8.  MCT did not identify or point to any

22 substantive claim construction testimony that it believed was "new" or different from the

23 testimony offered by Dr. Jones during his deposition.  *Id.*  DisplayLink responded to MCT's

---

[2]  Citations to DisplayLink's Responsive Claim Construction Brief, attached as Shanberg Decl., Ex. 5, are hereafter referred to as "DisplayLink Br. at __."

[3]  Exhibit 6 is the correct version of the Declaration of Alan H. Jones, Ph.D., In Support Of DisplayLink Corporation's Responsive Claim Construction Brief filed by stipulation on February 12, 2008, to replace the incorrect version filed on February 11, 2008.

1  request by explaining that the only "new" material referenced in the Jones Declaration was
2  various exhibits discussed by Dr. Jones as part of the Background of the Technology.
3  Shanberg Decl., Ex. 9.  DisplayLink explained that these exhibits were not being offered as
4  evidence and were not relevant to DisplayLink's construction of any terms, and therefore,
5  that DisplayLink does not believe "disclosure was required under Patent Local Rule 4-3(b)
6  (requiring 'identification of any extrinsic evidence known to the party on which it intends to
7  rely either to support its proposed construction of the claim or to oppose any other party's
8  construction of the claim . . .')." *Id.*
9    MCT had no further discussions with DisplayLink on the subject before it filed its
10  claim construction reply brief on February 18, 2008.  Shanberg Decl., Ex. 10.  While MCT
11  noted in its reply brief that it intended to move to strike portions of the Jones Declaration,
12  MCT once again failed to identify or point to any substantive claim construction testimony
13  that it believed was "new" or different from the testimony offered by Dr. Jones during his
14  deposition.

## III. ARGUMENT

### A. All But Two of the Challenged Exhibits and the Challenged Web Pages are Cited in the Jones Declaration Solely for Purposes of Describing the Background of the Technology

  With only two exceptions, the exhibits and web pages MCT moves to strike are not offered in support of or opposition to any claim construction position.  Therefore, DisplayLink had no obligation to identify them in its Rule 4-3 Disclosures.

  Specifically, MCT asks the Court to strike DisplayLink's reliance on the following exhibits:

- USB Monitor Control Class Specification (Jones Decl., Ex. 9);
- IBM Personal Computer (Jones Decl., Ex. 15);
- IBM (Information Systems Division, Entry Systems Business) Press Release, August 12, 1981 (Jones Decl., Ex. 16);
- U.S. Patent Application No. 2004/0017333 (Jones Decl., Ex. 12);
- U.S. Patent Application No. 2003/0120849 (Jones Decl., Ex. 13);
- http://www-03.ibm.com/ibm/history/exhibits/pc25/pc25_birth.html (Jones Decl., ¶ 6);
- http://www-03.ibm.com/ibm/history/exhibits/pc25/pc25_PH06.html (Jones Decl., ¶ 10); and
- http://www.usb.org/developers/docs/ (Jones Decl., ¶ 17).

1  However, these exhibits are cited and discussed *only* in the Background of the Technology
2  section of Dr. Jones' Declaration, *see* Jones Decl. at 4-13, and the corresponding Background
3  section of DisplayLink's Responsive Claim Construction Brief, *see* Shanberg Decl., Ex. 5 at
4  2-5.  The Background sections of the Jones Declaration and DisplayLink's brief merely
5  preview the technology tutorial DisplayLink will provide at the hearing and do not constitute
6  "evidence" relied on by DisplayLink to support its claim construction positions or oppose the
7  positions taken by MCT.  As such, DisplayLink clearly had no obligation to disclose these
8  exhibits under Patent Local Rule 4-3(b).[4]  *See* Patent Local Rule 4-3(b) (only requiring
9  disclosure of extrinsic evidence on which party "intends to rely either to support its proposed
10 construction of the claim or to oppose any other party's proposed construction of the claim.")

**B.     The Remaining Two Challenged Exhibits are Cited Solely for the Purposes of Rebutting an Argument Advanced by MCT That DisplayLink Could Not have Anticipated**

13 The only other exhibits that MCT moves to strike are two pending patent applications
14 disclosed as cited references to the patent-in-suit:  U.S. Patent Application No. 2004/0021615
15 (Jones Decl., Ex. 11) and U.S. Patent No. 2002/0135584 (Jones Decl., Ex. 14).  These
16 exhibits were discussed in the Jones Declaration solely for the purposes of rebutting an
17 argument presented by MCT in its opening claim construction brief that DisplayLink could
18 not have reasonably anticipated when its Rule 4-3 Disclosures were filed.
19 In its Rule 4-3 Disclosures, DisplayLink disclosed its position that the term "USB"
20 should be construed to mean "Universal Serial Bus, the technology described in the
21 Universal Serial Bus Specification Revision 2.0 and its predecessor revisions."  *See* Shanberg
22 Decl., Ex. 1 at 6.  MCT's offered construction of this term in the Rule 4-3 Disclosures was
23 "any serial bus specifications which support USB based display signals from the host

---

[4] Consistent with DisplayLink's position that the above-referenced exhibits are *not* evidence, DisplayLink offered to stipulate that it would not rely on these exhibits or the portions of the Jones Declaration and its claim construction brief citing to them in support of its proposed claim constructions or in opposition to MCT's constructions.  Shanberg Decl., Ex. 11.  MCT rejected DisplayLink's proposal saying it would be "unworkable" and "confusing" for the Court. Shanberg Decl., Ex. 12.

DISPLAYLINK'S OPPOSITION TO                        -5-
MOTION TO STRIKE JONES DECLARATION
CASE NO.: 5:07-CV-01998-RMW

1 computer and which are compatible with any USB port/plug." *Id.* MCT's disclosures were
2 silent on the issue of what versions of the USB Specification were known to persons of
3 ordinary skill in the art at the time of the invention.
4       In its opening claim construction brief, however, MCT made statements suggesting
5 for the first time that it contended USB Specification Revision 2.0 and/or earlier versions
6 were not known to persons of ordinary skill in the art at the time of the invention. *See e.g.*,
7 Shanberg Decl., Ex. 4 at 25 ("There is no mention in the specification or prosecution history
8 of a USB standard 2.0 or earlier.") The Jones Declaration discusses accompanying Exhibits
9 11 and 14 (cited references to the patent-in-suit) solely for the purposes of demonstrating that
10 USB standards 2.0, 1.1 and 1.0 were well known to persons of ordinary skill in the art at the
11 time of the invention. DisplayLink could not be reasonably expected to have cited these
12 exhibits in its Rule 4-3 Disclosures because, at that time, MCT had not taken the position that
13 USB standards 2.0, 1.1 and/or 1.0 were not known to persons of skill in the art at the time of
14 the invention.[5]
15       Moreover, even if the Court were to decide that DisplayLink should have noted its
16 possible reliance on Exhibits 11 and 14 in its Rule 4-3 Disclosures, these exhibits should not
17 be stricken because MCT has not shown (because it cannot) that it has been prejudiced by
18 their disclosure in DisplayLink's responsive papers. *See SanDisk Corp. v. Lexar Media, Inc.*,
19 No. C 98-01115, 1999 WL 129512 (N.D. Cal. Mar. 4, 1999). In *SanDisk v. Lexar*, the court
20 denied defendant's motion to strike certain of plaintiff's references to the specification and
21 prosecution history that were not identified in the Joint Claim Construction Statement
22 because the defendant did not demonstrate that it had been prejudiced by plaintiff's untimely
23 disclosure. 1999 WL 129512 at *5. As the court explained, "[t]he specification and
24 prosecution history were available to defendant long before plaintiff filed its claim

---

[5] It is possible that DisplayLink misinterpreted MCT's intended argument and that MCT agrees that USB standards 2.0, 1.1 and 1.0 were well known to persons of skill in the art at the time of the invention. If that is true, debate over the admissibility of the exhibits is not necessary, since the point for which they are offered is undisputed.

1  construction memorandum and defendant had ample time to study any additional references
2  to the specification or prosecution history made by plaintiff in its claim construction
3  statement before defendant's responsive brief was due." *Id.* Similarly, Exhibits 11 and 14,
4  as cited references to the '788 patent, are part of the prosecution history that has been
5  available to MCT since the asserted patent issued if not before then. Thus, MCT had ample
6  time to review these references both before and after DisplayLink filed its responsive claim
7  construction brief.

**C.  DisplayLink Does Not Rely Heavily on Extrinsic Evidence by Dr. Jones and Fully Disclosed What Little Testimony It Does Rely Upon**

10  As the final basis for its motion to strike, MCT argues that the entire Jones
11 Declaration should be stricken because DisplayLink failed to disclose that it would rely on it
12 "as the basis for almost all of DisplayLink's claim constructions." Motion to Strike at 9.
13 MCT's accusations regarding the degree to which DisplayLink's constructions rely on the
14 Jones Declaration are completely unfounded. Contrary to MCT's groundless charge,
15 DisplayLink's claim constructions are supported first and foremost by the intrinsic – not
16 extrinsic – evidence.
17  As DisplayLink's Responsive Claim Construction Brief makes clear, disputed claim
18 terms should be construed primarily by reference to the claims, specification and prosecution
19 history. *See* DisplayLink Br. at 4-6 (citing *e.g. Phillips v. AWH Corp.*, 415 F.3d 1303, 1314-
20 23 (Fed. Cir. 2005). Consistent with sound principles of claim construction, DisplayLink's
21 brief cites to intrinsic evidence in support of every one of the disputed claim terms, including
22 but not limited to, the intrinsic evidence noted in the following summary chart set forth
23 below:

| CLAIM TERM | INTRINSIC EVIDENCE CITED IN DISPLAYLINK'S BRIEF |
|---|---|
| "USB" | DisplayLink Br. at 7-8 (citing '788 Patent at 1:6-10 and noting that '788 Patent specification and claims does not indicate that "USB" means anything other than "Universal Serial Bus"). |

| CLAIM TERM | INTRINSIC EVIDENCE CITED IN DISPLAYLINK'S BRIEF |
|---|---|
| "VGA" | DisplayLink Br. at 10-11 (citing '788 Patent at 1:7 and noting no reference in patent to the SVGA, XGA, SXGA, UXGA, or QXGA standards or any indication in the specification that "VGA" was meant to cover other backward compatible standards). |
| "display device" | DisplayLink Br. at 12 (citing '788 Patent at 1:31-36, 1:45-60, 4:65-68, 5:1-10, 5:9-11, 6:42-44, 6:45-56). |
| "USB controller" | DisplayLink Br. at 14 (citing '788 Patent at 4:60-64, 5:1-11, 6:36-40, 6:45-55). |
| "VGA controller" | DisplayLink Br. at 16 (citing '788 Patent at 2:33-40, 4:65-67, 5:1-11, 6:42-43, 6:45-55). |
| "USB based display signals" | DisplayLink Br. at 17-18 (citing '788 Patent at 1:31-36, 3:61-65, 4:39-43, 4:57-64, 5:1-11, 6:32-40, 6:45-57). |
| "USB Based display signals from the computer" | DisplayLink Br. at 18-19 (citing '788 Patent at 3:61-65, 4:39-43, 4:60-64, 5:1-11, 6:36-41, 6:56-56). |
| "for receiving exclusively therethrough USB based display signals" | DisplayLink Br. at 19-22 (citing '788 Patent at 1:31-94, 2:26-29, 4:57-59, 4:60-67, 5:1-11, 6:32-35, 6:36-45, 6:45-56). |
| "bridge" | DisplayLink Br. at 23 (citing '788 Patent at 2:41-54, 5:1-11, 6:36-45, 6:45-56). |
| "connecting the USB controller and the VGA controller one to the other for the passage of data therebetween" | DisplayLink Br. at 24-25 ('788 Patent at 1:31-36, 4:60-64, 5:1-11, 6:36-41, 6:45-56). |
| "the bridge circuit converting the USB based display signals into corresponding VGA signals" | Because the terms "USB based display signals" and "bridge" are disputed elements of this element, the same intrinsic evidence DisplayLink cites for those terms applies here. |

While DisplayLink's brief does include citations to Dr. Jones' Declaration, the Jones Declaration is cited only for the purposes of showing that Dr. Jones (as a person of ordinary skill in the art) agrees with DisplayLink's interpretation of the intrinsic evidence. *See e.g.*, Jones Decl., ¶¶ 24, 28, 32, 35, 41, 45, 50, 55, 60, 64. DisplayLink fully disclosed its intent to rely on Dr. Jones' testimony for this purpose in its Rule 4-3 Disclosures. Specifically,

1  DisplayLink disclosed that: "DisplayLink reserves the right to rely upon expert testimony
2  [by, among others, Alan Jones] to demonstrate that the understanding of one of ordinary skill
3  in the art at the relevant time period for the '788 patent would have been consistent with
4  DisplayLink's proposed constructions . . . ." *See* Shanberg Decl., Ex. 1 at 7.

5  Moreover, although MCT repeatedly accuses DisplayLink of citing to the Jones
6  Declaration "over 100 times" in its Responsive Brief, *see* MCT Motion to Strike at 2, 4, 7-9,
7  MCT does not give a *single* example of an opinion offered by Dr. Jones that it contends is
8  "new" or different from the testimony offered by Dr. Jones during his deposition.  MCT
9  cannot point to such opinion because there is none.

10  MCT fully deposed Dr. Jones regarding all of his claim construction opinions and his
11  critique of the claim constructions proposed by MCT.  As shown in the summary chart
12  below, for each of the disputed claim terms identified in the parties' Rule 4-3 Disclosures,
13  MCT asked Dr. Jones whether he agreed with DisplayLink's proposed construction and his
14  basis for that opinion.[6]  As further shown on the chart, MCT even asked Dr. Jones for his
15  opinion on the claim constructions advanced by MCT for each disputed term.

| CLAIM TERM | JONES DEPOSITION TESTIMONY RE: DISPLAYLINK'S PROPOSED CONSTRUCTION OF THIS TERM; BASIS FOR THAT OPINION | JONES DEPOSITION TESTIMONY RE: MCT'S PROPOSED CONSTRUCTION OF THIS TERM |
| --- | --- | --- |
| "USB" | Jones Depo. at 105:12-106:5. | Jones Depo. at 106:6-107:16. |
| "VGA" | Jones Depo. at 50:18-54:9; 58:20-59:25; 61:5-13. | Jones Depo. at 60:1-61:4. |
| "display device" | Jones Depo. at 62:4-64:25. | Jones Depo. at 62:14-64:25. |
| "USB controller" | Jones Depo. at 16:22-22:24. | Jones Depo. at 23:1-23. |

---

[6] MCT's counsel also instructed Dr. Jones to review DisplayLink's proposed constructions set forth in the Joint Claim Construction Prehearing Statement and then asked him whether he agreed with those proposed constructions and with the intrinsic and extrinsic evidence DisplayLink proposed to support those definitions. Jones Depo. at 14:16-15:24. He confirmed that he did. *Id.*

| CLAIM TERM | JONES DEPOSITION TESTIMONY RE: DISPLAYLINK'S PROPOSED CONSTRUCTION OF THIS TERM; BASIS FOR THAT OPINION | JONES DEPOSITION TESTIMONY RE: MCT'S PROPOSED CONSTRUCTION OF THIS TERM |
|---|---|---|
| "VGA controller" | Jones Depo. at 45:3-54:9; 58:20-59:25; 61:5-13. | Jones Depo. at 61:15-62:3. |
| "USB based display signals" | Jones Depo. at 26:9-37:15. | Jones Depo. at 28:17-29:8. |
| "USB based display signals from the computer" | Jones Depo. at 40:1-43:17. | Jones Depo. at 43:18-44:25. |
| "for receiving exclusively therethrough USB based display signals" | Jones Depo. at 24:19-37:15. | Jones Depo. at 37:16-39:5. |
| "bridge" | Jones Depo. at 65:1-68:1. | Jones Depo. at 68:2-74:8. |
| "connecting the USB controller and the VGA controller one to the other for the passage of data therebetween" | Jones Depo. at 74:19-78:8; 82:18-87:24. | Jones Depo. at 78:10-82:11. |
| "the bridge circuit converting the USB based display signals into corresponding VGA signals" | Jones Depo. at 97:9-104:14 | Jones Depo. at 104:16-105:9. |

As proof that MCT knew and well understood Dr. Jones' planned claim construction testimony, MCT liberally attacked Dr. Jones's claim construction positions (by citation to his deposition) both in its opening *and* reply claim construction briefs.[7] *See e.g.*, Shanberg Decl., Ex. 4 at 4, 6-16, 22 & Ex. 10 at 4, 8.

---

[7] As set forth in DisplayLink's Responsive Claim Construction Brief, DisplayLink of course maintains that MCT's attacks on Dr. Jones' opinions are unfounded and/or based on its misrepresentation of his deposition testimony.

1    Thus, even if the Court were to find that DisplayLink's Rule 4-3 Disclosures did not
2 adequately alert MCT that Dr. Jones would provide supporting claim construction testimony,
3 the Jones Declaration should still not be stricken because MCT has once again failed to show
4 any prejudice from DisplayLink's alleged untimely disclosure.  MCT learned the full scope
5 of Dr. Jones' claim construction opinions during his January deposition, more than one
6 month before Dr. Jones set forth those same opinions in the declaration he offered in support
7 of DisplayLink's Responsive Brief.  *See SanDisk v. Lexar*, 1999 WL 129512 at *5.
8 Unquestionably, MCT has failed to provide adequate justification for striking any part of the
9 Jones Declaration or DisplayLink's Responsive Brief.[8]

## IV.    CONCLUSION

MCT has failed to come forward with any justification for striking all, or any portion of, the Jones Declaration or DisplayLink's Responsive Claim Construction Brief. Accordingly, for the foregoing reasons, DisplayLink respectfully requests that MCT's Motion to Strike the Jones Declaration and corresponding portions of DisplayLink's Responsive Claim Construction Brief be denied in its entirety.

---

[8] MCT has argued that if its Motion to Strike is denied, it should be allowed to cross-examine Dr. Jones regarding the opinions set forth in his declaration during the April 28 Claim Construction Hearing.  *See* Shanberg Decl., Ex. 13 at 3.  As explained above, further cross-examination of Dr. Jones is unwarranted because MCT had a full and fair opportunity to examine Dr. Jones – and did examine Dr. Jones – about all of his opinions during his deposition.

| | |
|---|---|
| Dated: March 28, 2008 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br><br>By:  /s/ Stefani E. Shanberg<br>JAMES C. YOON, State Bar No. 177155<br>STEFANI E. SHANBERG, State Bar No. 206717<br>MONICA MUCCHETTI ENO, State Bar No. 164107<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile:  (650) 565-5100<br>Email: jyoon@wsgr.com<br>Email: sshanberg@wsgr.com<br>Email: meno@wsgr.com<br><br>Attorneys for Plaintiff and Counterclaim Defendant<br>DISPLAYLINK CORPORATION |