# Exhibit 11

Case 5:07-cv-01998-RMW   Document 50-12   Filed 03/28/2008   Page 1 of 4

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

February 27, 2008

<u>VIA ELECTRONIC MAIL & U.S. MAIL</u>

Mr. Erick P. Wolf
Wang, Hartmann, Gibbs, & Cauley PC
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
ewolf@whglawfirm.com

      Re:   *DisplayLink Corp. v. Magic Control Technology Corp.*,
              U.S.D.C., Northern District of California, Case No. CV07-01998-RMW

Dear Erick:

      We write in response to your email of yesterday regarding MCT's desire to file a motion to strike the Declaration of Alan Jones ("Jones Declaration"). It is specious to suggest that MCT has any basis for moving to strike the Jones Declaration at all, much less in its entirety.

      As a threshold matter, DisplayLink has complied with the Patent Local Rules. Specifically, on November 19, 2007, DisplayLink provided a "preliminary identification of extrinsic evidence, including ... testimony of percipient and expert witnesses [it] contend[s] supports [its] respective claim constructions ... [and] ... a brief description of the substance of that witnesses' proposed testimony" as required by Patent Local Rule 4-2. DisplayLink disclosed that it "may provide testimony from one or more experts to demonstrate that its construction of the proposed claim terms and phrases is consistent with the understanding of individuals of ordinary skill in the art at the relevant time period for the '788 patent." DisplayLink continued that "'[s]uch ordinary skill in the art' testimony will address both the general understanding of the relevant terms and phrases in the field of the '788 patent as well as the understanding of such terms and phrases in the context of the '788 patent's specification and claims." Finally, DisplayLink disclosed in its Proposed Claim Constructions and Preliminary Identification of Extrinsic Evidence Pursuant to Patent Local Rule 4-2, that it "also reserves the right to introduce expert testimony to rebut MCT's claim construction positions, and any expert testimony introduced by MCT."

      Then, as required by Patent Local Rule 4-3, DisplayLink disclosed in the parties Joint Claim Construction Statement filed on December 14, 2007, that it "reserves the right to rely upon expert testimony to demonstrate that the understanding of one of ordinary skill in the art at the relevant time period for the '788 patent would have been consistent with DisplayLink's

3182422.1

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Mr. Erick P. Wolf
February 27, 2008
Page 2

proposed constructions if the Court believes such testimony would be helpful." DisplayLink further reserved the right to rely upon the testimony of Alan Jones, Adrian van den Heever, or Andrew Fisher for direct and rebuttal testimony. The purpose of the Patent Local Rule 4-3(d) is stated on its face. Specifically, the rule requires disclosure of "[w]hether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert." Not only did DisplayLink comply with this rule, but MCT has taken a meaningful deposition of Dr. Jones.

In addition, DisplayLink provided in the parties' Joint Claim Construction Statement specific "identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim" as required by Patent Local Rule 4-3(b). Indeed, the level of detail provided by DisplayLink exceeds that provided by MCT.

As set forth in my earlier correspondence with Richard on this subject, only Exhibits 9, 12, 13, 15, and 16 to the Jones Declaration were not cited in the parties' Joint Claim Construction Statement. Moreover, these exhibits are only referenced in the Background section of the DisplayLink's Responsive Claim Construction Brief. The Background section of DisplayLink's brief merely previews the technology tutorial DisplayLink will present at the hearing. These exhibits are not cited in support of or in opposition to any claim construction position. As such, disclosure was not required under Patent Local Rule 4-3(b).

Despite the fact that MCT's threatened motion to strike is objectively baseless, DisplayLink offers the following resolution in order to avoid the waste of judicial and party resources that would result from MCT's pursuit of this motion. DisplayLink will stipulate that it is not relying upon paragraphs 3 (subsections i., l., m., o., and p.), 5-9, 15-16, or 20-22 of the Jones Declaration or Exhibits 9, 12, 13, 15, and 16 of the Jones Declaration to support its proposed construction of the claims or to oppose any other party's proposed construction of the claims. DisplayLink will further stipulate that Sections II. A., B., D., and F. of its Responsive Claim Construction Brief are provided for technology tutorial purposes only and that it does not intend the Court to rely upon such background information as evidence to support its proposed construction of the claims or to oppose any other party's proposed construction of the claims.

MCT could not possibly object to any other material in the Jones Declaration or in DisplayLink's Responsive Claim Construction Brief. To be clear, all other information in the Jones Declaration and DisplayLink's Responsive Claim Construction Brief was either previously disclosed to MCT and/or is properly included as rebuttal to the assertions made in the Declaration of Paul Min ("Min Declaration"). For example, the Min Declaration states at

3182422.1

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Mr. Erick P. Wolf
February 27, 2008
Page 3

paragraph 25, among many other new things, that "[t]here is ample evidence that a person of ordinary skill in the art in 2001 would have known that the term 'VGA' was not limited to the Original VGA. Such a person would have known that all signals, regardless of specific variations like the XGA or SVGA, were based on combining three colors of red, green, and blue (collectively 'RGB')." Of course, this statement by Dr. Min, like many others throughout his declaration, was never previously disclosed to DisplayLink. Accordingly, DisplayLink was well-within its rights under the Patent Local Rules to submit certain rebuttal evidence from Dr. Jones (*e.g.*, the statements made in paragraphs 10-14 of the Jones Declaration explaining that XGA and SVGA are indeed different than VGA).

If this solution is acceptable to MCT, we will prepare the required stipulation. Please give me a call, or send me an email, if you care to further discuss this issue.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*Stefani E. Shanberg*

Stefani E. Shanberg

3182422.1