**E-FILED on**   5/5/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISPLAYLINK CORPORATION,<br><br>        Plaintiffs,<br><br>    v.<br><br>MAGIC CONTROL TECHNOLOGY CORPORATION,<br><br>        Defendant. | No. CV-07-01998 RMW<br><br>ORDER[1] RE DEFENDANT'S MOTION TO STRIKE |

Defendant Magic Control Technology Corporation ("MCT") moves to strike the Declaration of Alan H. Jones, Ph.D. ("the Jones Declaration"), Exhibits 9, 11-16, and certain websites discussed in the Jones Declaration, and portions of the Responsive Claim Construction Brief submitted by Plaintiff DisplayLink Corporation ("DisplayLink") that reference the Jones Declaration. DisplayLink opposes the motion. The Court heard oral argument on April 25, 2008.

MCT is the owner of United States Patent Number 7,203,788 ("the '788 patent"), entitled, "USB-to-VGA Converter." DisplayLink filed the instant action on April 10, 2007, seeking declaratory judgment that it does not infringe the '788 patent and that the '788 patent is invalid.

---

[1] This disposition is not designated for publication and may not be cited.

ORDER RE DEFENDANT'S MOTION TO STRIKE
No. CV-07-01998 RMW
RMWLC3

1     On December 14, 2007, the parties filed their Joint Claim Construction Statement regarding the '788 patent. The parties dispute the meaning of several terms in the '788 patent, including the terms "USB" and "VGA". MCT listed intrinsic and extrinsic evidence it intended to rely on to support its proposed definitions, including testimony of its expert, Dr. Paul Min for support of its proposed definition of "USB". DisplayLink also identified all the intrinsic and extrinsic evidence it intended to rely upon in support of its claim construction positions. DisplayLink did not list testimony by Dr. Jones in this section. However, in the section regarding proposed witness testimony, DisplayLink stated that it might rely on testimony of Dr. Jones to support its claim construction positions, specifically to demonstrate how one of ordinary skill in the art would understand the meaning of certain disputed terms of the '788 patent.

On January 8, 2008, MCT took the deposition of Dr. Jones and questioned him about all eleven of the disputed claim terms, including "USB" and "VGA". On January 28, 2008, MCT filed its opening claim construction brief. DisplayLink filed its Responsive Claim Construction Brief on February 11, 2008. DisplayLink included the Jones Declaration as part of its Responsive Claim Construction Brief.

Upon receipt of DisplayLink's Brief, MCT's counsel contacted DisplayLink's counsel to request that DisplayLink make Dr. Jones available for an additional deposition. MCT asserted that DisplayLink had not disclosed that it intended to rely on testimony by Dr. Jones in support of its proposed claim construction and that the Jones Declaration contained seven exhibits that MCT did not have the opportunity to address because DisplayLink had not indicated it intended to rely on them in its portion of the Joint Claim Construction Statement. DisplayLink responded that MCT did not identify or point to any substantive claim construction testimony that it believed was new or different from the testimony offered by Dr. Jones during his deposition. Further, DisplayLink stated that the new exhibits were referenced in the Background of Technology section of the Jones Declaration and its Responsive Claim Construction Brief and were not being offered as evidence in support of its claim construction arguments. DisplayLink asserted that because the exhibits were not relevant to DisplayLink's construction of any terms, the exhibits were not required to be disclosed

1  under Patent Local Rule 4-3(b). MCT subsequently filed a motion to strike the Jones Declaration in
2  its entirety and all references to the Jones Declaration.
3      At the hearing, counsel for MCT could not articulate to the Court any additional questions it
4  hoped to ask Dr. Jones, but rather asserted that if DisplayLink had correctly disclosed that it would
5  be relying on the testimony of Dr. Jones for support of its proposed claim construction, MCT could
6  have taken a much better deposition. Counsel for DisplayLink stated that they did not object to
7  MCT deposing Dr. Jones again provided they were allowed the same opportunity to depose MCT's
8  expert Dr. Min.
9      Accordingly, the Court DENIES the motion to strike the Jones Declaration and all references
10 to it. The Court will allow the each side to depose the other party's expert witness for an additional
11 one and one half (1.5) hours by telephone. Finally, the Court will not require live testimony at the
12 hearing.
13 IT IS SO ORDERED.
14
15 DATED:     May 5, 2008
16                                             RONALD M. WHYTE
17                                             United States District Judge

ORDER RE DEFENDANT'S MOTION TO STRIKE
No. CV-07-01998 RMW
RMWLC3                          3

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

James C. Yoon          jyoon@wsgr.com

**Counsel for Defendant(s):**

Richard F. Cauley      rcauley@whglawfirm.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     5/5/08                                                          JSS
                                                           **Chambers of Judge Whyte**