1  JAMES C. YOON, State Bar No. 177155
       Email: jyoon@wsgr.com
2  STEFANI E. SHANBERG, State Bar No. 206717
       Email: sshanberg@wsgr.com
3  MONICA MUCCHETTI ENO, State Bar No. 164107
       Email: meno@wsgr.com
4  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
5  650 Page Mill Road
   Palo Alto, CA 94304-1050
6  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
7

8  Attorneys for Plaintiff and Counterclaim Defendant
   DISPLAYLINK CORPORATION
9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13

14  DISPLAYLINK CORPORATION, a Washington )   CASE NO.: 5:07-CV-01998-RMW
    corporation,                          )   (HRL)
15                                        )
                    Plaintiff,            )   RELATED CASE NO.:
16                                        )   CV07-05707-RMW
            v.                            )
17                                        )   **DISPLAYLINK'S NOTICE OF
    MAGIC CONTROL TECHNOLOGY              )   MOTION AND MOTION TO
18  CORPORATION, a Taiwanese corporation; )   COMPEL PRODUCTION OF
                                          )   DOCUMENTS**
19                  Defendant.            )
                                          )   Date:        June 24, 2008
20                                        )   Time:        10:00 a.m.
                                          )   Courtroom:   2, 5th floor
21                                        )
                                          )   The Honorable Magistrate Judge
22                                        )   Howard R. Lloyd
    _____)
23                                        )
    AND RELATED COUNTERCLAIMS            )
24  _____)

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 2

I.      INTRODUCTION ...................................................................................................... 2

II.     FACTUAL STATEMENT .......................................................................................... 3

        A.      Nature of the Action ..................................................................................... 3

        B.      Nature of the Discovery Dispute .................................................................. 3

III.    ARGUMENT .............................................................................................................. 4

        A.      MCT Should be Compelled to Produce All Documents Responsive to
                Request Nos. 3, 14, 16 and 17:  Documents related to the research, design,
                development, structure and manufacture of MCT Display Adapter
                Technology and Display Adapter Technology ............................................. 5

                1.      Text of Subject Requests and MCT's Responses ............................. 5

                2.      Reasons to Compel MCT to Produce These Documents ................. 7

        B.      MCT Should be Compelled to Produce All Documents Responsive to
                Request Nos. 6, 19 and 33-36:  Documents constituting or referring to prior
                art to the '788 patent .................................................................................... 8

                1.      Text of Subject Requests and MCT's Responses ............................. 8

                2.      Reasons to Compel MCT to Produce These Documents ............... 10

        C.      MCT Should be Compelled to Produce Documents Responsive to Request
                Nos. 12-13:  Documents related to any aspect of the conception, reduction
                to practice or development of the '788 patent ............................................ 11

                1.      Text of Subject Requests and MCT's Responses ........................... 11

                2.      Reasons to Compel MCT to Produce These Documents ............... 12

        D.      MCT Should be Compelled to Produce Documents Responsive to Request
                No. 10:  Communications between MCT and any distributors of its
                products ...................................................................................................... 13

                1.      Text of Subject Requests and MCT's Responses ........................... 13

                2.      Reasons to Compel MCT to Produce These Documents ............... 14

        E.      MCT Should be Compelled to Produce Documents Responsive to
                Document Request No. 23:  Documents related to MCT's first sale or offer
                for sale ....................................................................................................... 14

                1.      Text of Subject Request and MCT's Response ............................. 14

2.    Reasons to Compel MCT to Produce These Documents .......................... 15

F.    MCT Should be Compelled to Produce Documents Responsive to
Document Request Nos. 7, 16, 25-26, and 31-32:  Documents related to the
sale, market for and marketing of MCT's products ............................................... 15

1.    Text of Subject Requests and MCT's Responses...................................... 15

2.    Reasons to Compel MCT to Produce These Documents .......................... 18

IV.    CONCLUSION .............................................................................................................. 19

1

## TABLE OF AUTHORITIES

2

**Page(s)**

### STATUTES

3

35 U.S.C. § 102 ..................................................................................................... 15

4

35 U.S.C. § 103 ..................................................................................................... 10

5

37 C.F.R. § 1.56 .................................................................................................... 10

6

Fed. R. Civ. P. 26 ................................................................................................... 4

7

Fed. R. Civ. P. 33 ................................................................................................... 4

8

Fed. R. Civ. P. 34 ................................................................................................... 5

9

Fed. R. Civ. P. 37 ................................................................................................... 1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Notice of Motion and Motion**

PLEASE TAKE NOTICE that on June 24, 2008 at 10:00 a.m. in Courtroom 2, Fifth Floor of the United States District Court for the Northern District of California, United States Courthouse, 280 South First Street, San Jose, California, plaintiff/counterdefendant DisplayLink Corporation ("DisplayLink") shall move the court pursuant to Federal Rules of Civil Procedure Rule 37 for an order compelling defendant and counterclaimant Magic Control Technology Corporation ("MCT") to produce additional documents in response to DisplayLink's First Set of Requests for Production of Documents.

DisplayLink's counsel certifies, by her signature below, that she has in good faith conferred with MCT on numerous occasions in an effort to secure further responses and disclosures without court action, and that those efforts were unsuccessful.  DisplayLink respectfully requests that this court enter an order:  (1) compelling further responses to Request for Production Nos. 3, 6, 7, 10, 12-14, 16-17, 19, 23, 25-26, and 31-36 fully identified and discussed below; and (2) awarding DisplayLink all such further relief as this Court deems just and appropriate.

This motion is based on the following Memorandum of Points and Authorities, the supporting Declaration of Stefani E. Shanberg, the pleadings on file in this action, matters of which the court may take judicial notice, and upon such other and further oral and documentary argument and evidence as the Court may permit at the hearing of this motion.

1

**Memorandum of Points and Authorities**

2  **I.    INTRODUCTION**

3          This is not the typical discovery dispute in that, with a few exceptions, MCT does not

4  genuinely challenge DisplayLink's entitlement to the discovery it seeks.  Nonetheless, MCT has

5  provided virtually no meaningful discovery.  Instead, MCT has produced its documents handfuls

6  at a time, with virtually every production prompted by DisplayLink's meet and confer efforts and

7  punctuated by MCT's (ultimately unfulfilled) promise to produce the missing documents.

8          DisplayLink now brings the present motion because – after numerous meet and confer

9  exchanges and half a dozen "supplemental" productions – MCT has still failed to produce more

10  than fifteen categories of documents that go to the very heart of the parties' claims and defenses.

11  The documents MCT has failed to produce include, *inter alia*, the file histories for foreign patent

12  applications related to the patent-in-suit, documents related to the conception and reduction to

13  practice of the patent-in-suit, communications between MCT and its distributors, documents

14  related to the sale and marketing of MCT's products and documents related to the design,

15  development and structure of MCT's allegedly embodying display adapter technology.

16  Conspicuously absent from MCT's production are all but a few marketing documents even

17  though MCT claims that it is entitled to lost profits in this case.

18          Given that the claim construction hearing has already been held and given DisplayLink's

19  own diligence in meeting its discovery obligations,[1] DisplayLink should not have to wait any

20  longer for MCT to decide whether and when it will produce the requested documents.

21  Accordingly, DisplayLink respectfully requests that the Court order MCT to provide the

22  discovery identified below within ten business days.

23

24

25  _____

26        [1]    To date, DisplayLink has produced more than 40,000 pages of documents, eight
CDs of native files containing several hundred megabytes of technical data related to the accused
27  products, and four samples of the accused product.  MCT has produced fewer than 14,000 pages
of documents, a large portion of which are its sales database and third-party source code for
28  Windows 2000 and Windows XP.

II.    **FACTUAL STATEMENT**

    A.    **Nature of the Action**

       Plaintiff DisplayLink is a privately funded company located in Palo Alto, California and is in the business of designing and selling technology that allows users to connect multiple monitors to a single computer via the computer's USB port.   Declaration of Stefani Shanberg ("Shanberg Decl.") Ex. A.  To ensure that consumers can connect to as many different types of monitors as possible, DisplayLink also manufactures a USB-to-VGA converter or "adapter" that allows users to connect to older-style monitors that utilize a VGA port instead of  the USB port found in most modern computers.  *See* Shanberg Decl. Ex. C ¶¶ 3-4.

       MCT is a Taiwanese company that manufactures and sells USB peripherals, including a USB-to-VGA adapter.  Shanberg Decl. Ex. B.  DisplayLink and MCT are competitors in the market for USB-to-VGA display adapter technology.  Shanberg Decl. Ex. C ¶ 4.

       Between December 2006 and April 2007, MCT engaged in a series of acts that showed its intent to assert a claim under the '788 patent against DisplayLink's products.  Shanberg Decl. Ex. C ¶ 5.  Specifically, MCT made statements to many of DisplayLink's customers and commercial partners that it would enforce its rights in the '788 patent against competing USB-to-VGA display adapter technology providers.  *Id.*  These statements threatened to disrupt DisplayLink's relationship with its customers and partners.  *Id.*

       In order to put to rest MCT's unsupportable claims of infringement, DisplayLink filed the present suit more than one year ago on April 10, 2007, seeking a declaratory judgment that its products do not infringe any valid claim of U.S. Patent No. 7,203,788, entitled "USB-to-VGA Converter" ("the '788 patent").  By its counterclaim, MCT asserts that DisplayLink infringes the '788 patent.

    B.    **Nature of the Discovery Dispute**

       The present discovery dispute centers on MCT's failure to produce numerous documents responsive to DisplayLink's First Set of Requests for Documents and Things, served July 17, 2007

(hereafter "the DisplayLink Requests").[2]  MCT does not appear to genuinely dispute that DisplayLink is entitled to the discovery it seeks by this motion.  While MCT raised pro forma general objections on grounds of overbreadth, burden and relevance to every single document request DisplayLink served, MCT ultimately responded by saying (for each disputed request) that it would "produce any relevant, responsive, non-privileged documents in its possession, custody or control."  *See* Shanberg Decl. Ex. E (MCT's Objections and Responses to DisplayLink Requests).  Despite its promises, MCT has produced only a trickle of documents and has failed to produce any documents at all on a wide range of topics.

DisplayLink first contacted MCT regarding the deficiencies in its discovery requests in late August and met and conferred with MCT in writing and by telephone on several occasions since that time.  Shanberg Decl. ¶¶ 9-10.  Statements made by MCT's counsel during one of those conferences suggest that MCT's failure to comply with its discovery obligations may be client driven.  *Id.*  DisplayLink's counsel has met and conferred with MCT's counsel numerous times over the last three months in an effort to obtain the requested information without court intervention.  *Id.*  While MCT continually promises to address the issue and has supplemented its document production six times in furtherance of those promises, the subject documents have never been produced, making the present motion necessary.  *Id.* ¶ 11.

## III.    ARGUMENT

Pursuant to Federal Rule of Civil Procedure Rule 26, DisplayLink is entitled to obtain discovery from MCT "regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . ."  Furthermore, "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26.  Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1).  Fed. R. Civ. P. 33.  Requests for production of documents

---

[2]    A copy of the DisplayLink Requests are attached as Shanberg Decl. Ex. D.

1   may relate to any matters within the scope of Rule 26(b).  Fed. R. Civ. P. 34.  The requests below

2   fall squarely within Rule 26.

3       **A.      MCT Should be Compelled to Produce All Documents Responsive to Request
                   Nos. 3, 14, 16 and 17:  Documents related to the research, design,
4                  development, structure and manufacture of MCT Display Adapter
                   Technology and Display Adapter Technology.**

5

6               **1.      Text of Subject Requests and MCT's Responses**

7   **DOCUMENT REQUEST NO. 3:**

8           All Documents relating to the research, design, development, and manufacture of MCT
    Display Adapter Technology and Display Adapter Technology.

9
            **MCT's Response to Document Request No. 3:**
10
            Objection.  This request is over-broad, unduly burdensome and oppressive.  The request
11  also seeks documents that are neither relevant to any claim or defense of any party nor likely to
    lead to the discovery of admissible evidence.  The request also seeks documents protected by the
12  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.
    The request is also vague and ambiguous as to the terms "Display Adapter Technology."  The
13  request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret
    information.  This request seeks documents not in MCT's possession, custody or control.  MCT
14  also objects to this request to the extent it is premature and/or duplicative of disclosures and
    production required under the Patent Local Rules.
15
            Subject to these objections, and the general objections set forth above, MCT will produce
16  any relevant, responsive, non-privileged documents in its possession, custody or control, to the
    extent any such documents exist and have not already been produced, at a location and at a time
17  mutually convenient to the parties pursuant to the protective order entered in this case.
    Discovery and investigation are ongoing.
18

19  **DOCUMENT REQUEST NO. 14:**

20          All Documents that refer or relate to any Display Adapter designed, developed, studied,
    researched, commissioned, purchased, manufactured or sold by or for use with any product.
21
            **MCT's Response to Document Request No. 14:**
22
            Objection.  This request is over-broad, unduly burdensome and oppressive.  The request
23  also seeks documents that are neither relevant to any claim or defense of any party nor likely to
    lead to the discovery of admissible evidence.  The request also seeks documents protected by the
24  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.
    The request is also vague and ambiguous as to the terms "Display Adapter."  The request also
25  seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret information.  This
    request seeks documents not in MCT's possession, custody or control.  MCT also objects to this
26  request to the extent it is premature and/or duplicative of disclosures and production required
    under the Patent Local Rules.
27
            Subject to these objections, and the general objections set forth above, MCT will produce
28  any relevant, responsive, non-privileged documents in its possession, custody or control, to the
    extent any such documents exist and have not already been produced, at a location and at a time

1   mutually convenient to the parties pursuant to the protective order entered in this case.
    Discovery and investigation are ongoing.

2

3   **DOCUMENT REQUEST NO. 16:**

4        All Documents that refer or relate to the research, design, development, manufacture,
    construction, assembly, architecture, structure, operation, testing, qualification, marketing, sale
5   or distribution of any MCT Display Adapter Product or Technology or any part thereof,
    including, by way of example only, block diagrams, flow charts, schematics, logic diagrams,
6   layout diagrams, layout plots, assembly drawings, reference manuals, operations manuals,
    system manuals, technical specifications, bills of materials, materials descriptions, reports on
7   yields, and other like document.

8            **MCT's Response to Document Request No. 16:**

9        Objection. This request is over-broad, unduly burdensome and oppressive. The request
    also seeks documents that are neither relevant to any claim or defense of any party nor likely to
10  lead to the discovery of admissible evidence. The request is also vague and ambiguous. The
    request also seeks documents protected by the attorney-client privilege, the work product
11  immunity doctrine and/or other applicable privileges. The request is also vague and ambiguous
    as to the terms "Display Adapter Product or Technology." The request also seeks MCT's and/or
12  third-parties' confidential, proprietary and/or trade secret information. This request seeks
    documents not in MCT's possession, custody or control. MCT also objects to this request to the
13  extent it is premature and/or duplicative of disclosures and production required under the Patent
    Local Rules.

14

15       Subject to these objections, and the general objections set forth above, MCT will produce
    any relevant, responsive, non-privileged documents in its possession, custody or control, to the
16  extent any such documents exist and have not already been produced, at a location and at a time
    mutually convenient to the parties pursuant to the protective order entered in this case.
17  Discovery and investigation are ongoing.

18  **DOCUMENT REQUEST NO. 17:**

19       All engineering memoranda and reports, progress reports, design review meeting notes or
    minutes, engineering or laboratory notebooks, product specifications, and other like documents,
20  concerning any MCT Display Adapter Product, the '788 Patent or any part thereof.

21           **MCT's Response to Document Request No. 17:**

22       Objection. This request is over-broad, unduly burdensome and oppressive. The request
    also seeks documents that are neither relevant to any claim or defense of any party nor likely to
23  lead to the discovery of admissible evidence. The request also seeks documents protected by the
    attorney-client-privilege, the work product immunity doctrine and/or other applicable privileges.
24  The request is also vague and ambiguous as to the terms "Display Adapter Technology." The
    request also seeks MCT's and/or third parties' confidential, proprietary and/or trade secret
25  information. This request seeks documents not in MCT's possession, custody or control. MCT
    also objects to this request to the extent it is premature and/or duplicative of disclosures and
26  production required under the Patent Local Rules.

27       Subject to these objections, and the general objections set forth above, MCT will produce
    any relevant, responsive, non-privileged documents in its possession, custody or control, to the
28  extent any such documents exist and have not already been produced, at a location and at a time
    mutually convenient to the parties pursuant to the protective order entered in this case.
    Discovery and investigation are ongoing.

2. **Reasons to Compel MCT to Produce These Documents**

Request Nos. 3, 14, 16 and 17 seek, with varying degrees of specificity, documents related to the research, design, development, structure and manufacture of MCT Display Adapter Technology and Display Adapter Technology.  These documents are relevant to a number of different issues.  To begin with, preliminary discovery obtained from MCT indicates that its employee, Pei Chung Liu, who is named as the sole inventor on the patent may not be the only inventor or the '788 patent – or an inventor at all.  The inventions claimed in the '788 patent appear to have been researched, designed, developed and/or manufactured by a third-party design house, VinChip Systems, Inc. ("VinChip") in accordance with product specifications defined by MCT's customer Targus Group International, Inc. ("Targus").  The requested documents are thus relevant to the issues of inventorship, conception and reduction to practice and possible claims of inequitable conduct.

In addition, MCT alleges that certain of its products embody the inventions claimed in the '788 patent.  *See* Shanberg Decl. Ex. F at 7:14-15 ("Objective indicia of non-obviousness include products covered by the invention, sold . . . by MCT. . . .").  Therefore, at a minimum, DisplayLink is entitled to documents regarding the design, development and structure of MCT Display Adapter Technology to assess the accuracy of MCT's claim that its products practice the patent-in-suit, an allegation that is relevant to both damages and validity issues.  These documents are also likely to lead to the discovery of admissible evidence regarding damages and validity insofar as they may address the value of the claimed invention (or lack thereof), the best mode of the invention or otherwise discuss aspects of the patented features.

While MCT has produced some documents responsive to these requests, its production cannot be complete.  By way of example, MCT has not produced any foreign language documents responsive to these requests even though MCT and the three MCT employees identified by MCT as having been involved in the development of its Display Adapter Technology reside in Taiwan and would likely have authored documents in Mandarin.  In addition, MCT has not produced any user manuals or other technical manuals, engineering notebooks, engineering test reports, or source code for its Display Adapater Technology.  MCT's

production of documents in response to these requests is clearly not complete, so a further

response should be compelled.

**B.    MCT Should be Compelled to Produce All Documents Responsive to Request Nos. 6, 19 and 33-36:  Documents constituting or referring to prior art to the '788 patent.**

**1.    Text of Subject Requests and MCT's Responses**

**DOCUMENT REQUEST NO. 6:**

Any Documents related to any prior art related to the '788 Patent.

**MCT's Response to Document Request No. 6:**

Objection.  This request is over-broad, unduly burdensome and oppressive.  The request also seeks documents that are neither relevant to any claim or defense of any party nor likely to lead to the discovery of admissible evidence.  The request also seeks documents protected by the attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.  The request is also vague and ambiguous as to the terms "any prior art."  The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret information.  This request seeks documents not in MCT's possession, custody or control.  MCT also objects to this request to the extent it is premature and/or duplicative of disclosures and production required under the Patent Local Rules.

Subject to these objections, and the general objections set forth above, MCT will produce any relevant, responsive, non-privileged documents in its possession, custody or control, to the extent any such documents exist and have not already been produced, at a location and at a time mutually convenient to the parties pursuant to the protective order entered in this case.  Discovery and investigation are ongoing.

**DOCUMENT REQUEST NO. 19:**

All notebooks, logs, memoranda, publications, notes, abstracts, reports, letters, articles, specifications, speeches, presentations, or other documents authored or given, in whole or in part, by Pei Chung Liu, the sole inventor named on the face of the '788 Patent.

**MCT's Response to Document Request No. 19:**

Objection.  This request is over-broad, unduly burdensome and oppressive.  The request also seeks documents or things that are neither relevant to any claim or defense of any party nor likely to lead to the discovery of admissible evidence.  The request also seeks documents protected by the attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.  The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret information.  The request is also vague and ambiguous.  This request seeks documents not in MCT's possession, custody or control.  MCT also objects to this request to the extent it is premature and/or duplicative of disclosures and production required under the Patent Local Rules.

Subject to these objections, and the general objections set forth above, MCT will produce any relevant, responsive, non-privileged documents in its possession, custody or control, to the extent any such documents exist and have not already been produced, at a location and at a time mutually convenient to the parties pursuant to the protective order entered in this case.  Discovery and investigation are ongoing.

**DOCUMENT REQUEST NO. 33:**

All Documents that refer or relate to the patentability or validity of, or that MCT contends are relevant to, the '788 Patent or any claim thereof.

**MCT's Response to Document Request No. 33:**

Objection. This request is over-broad, unduly burdensome and oppressive. The request also seeks documents that are neither relevant to any claim or defense of any party nor likely to lead to the discovery of admissible evidence. The request also seeks documents protected by the attorney-client privilege, the work product immunity doctrine and/or other applicable privileges. The request is also vague and ambiguous as to the terms "Display Adapter Product." The request also seeks MCT's and/or third parties' confidential, proprietary and/or trade secret information. This request seeks documents not in MCT's possession, custody or control. MCT also objects to this request to the extent it is premature and/or duplicative of disclosures and production required under the Patent Rules.

Subject to these objections, and the general objections set forth above, MCT will produce any relevant, responsive, non-privileged documents in its possession, custody or control, to the extent any such documents exist and have not already been produced, at a location and at a time mutually convenient to the parties pursuant to the protective order entered in this case. Discovery and investigation are ongoing.

**DOCUMENT REQUEST NO. 34:**

All Documents that refer or relate to any prior art searches concerning the '788 Patent.

**MCT's Response to Document Request No. 34:**

Objection. This request is over-broad, unduly burdensome and oppressive. The request also seeks documents that are neither relevant to any claim or defense of any party nor likely to lead to the discovery of admissible evidence. The request also seeks documents protected by the attorney-client privilege, the work product immunity doctrine and/or other applicable privileges. The request is also vague and ambiguous. The request also seeks MCT's and/or third parties' confidential, proprietary and/or trade secret information. This request seeks documents not in MCT's possession, custody or control. MCT also objects to this request to the extent it is premature and/or duplicative of disclosures and production required under the Patent Local Rules.

Subject to these objections, and the general objections set forth above, MCT will produce any relevant, responsive, non-privileged documents in its possession, custody or control, to the extent any such documents exist and have not already been produced, at a location and at a time mutually convenient to the parties pursuant to the protective order entered in this case. Discovery and investigation are ongoing.

**DOCUMENT REQUEST NO. 35:**

All Documents that refer or relate to any information (including patents, publications, knowledge, public uses, sales, or offers to sell, as well as any product, device or method of a third party) known to, considered, or identified by MCT as prior art or potential prior art with regard to the '788 Patent or any claim thereof.

**MCT's Response to Document Request No. 35:**

Objection. This request is over-broad, unduly burdensome and oppressive. The request also seeks documents that are neither relevant to any claim or defense of any party nor likely to

1  lead to the discovery of admissible evidence.  The request also seeks documents protected by the
   attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.
2  The request is also vague and ambiguous.  The request also seeks MCT's and/or third parties'
   confidential, proprietary and/or trade secret information.  This request seeks documents not in
3  MCT's possession, custody or control.  MCT also objects to this request to the extent it is
   premature and/or duplicative of disclosures and production required under the Patent Local
4  Rules.

5       Subject to these objections, and the general objections set forth above, MCT will produce
   any relevant, responsive, non-privileged documents in its possession, custody or control, to the
6  extent any such documents exist and have not already been produced, at a location and at a time
   mutually convenient to the parties pursuant to the protective order entered in this case.
7  Discovery and investigation are ongoing.

8  **DOCUMENT REQUEST NO. 36:**

9       All Documents that refer or relate to the scope of the prior art and/or the level of ordinary
   skill in the "art," as the term "art" is used in 35 U.S.C. § 103, of the subject matter described or
10 claimed in the '788 Patent.

11      **MCT's Response to Document Request No. 36:**

12      Objection.  This request is over-broad, unduly burdensome and oppressive.  The request
   also seeks documents that are neither relevant to any claim or defense of any party nor likely to
13 lead to the discovery of admissible evidence.  The request also seeks documents protected by the
   attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.
14 The request is also vague and ambiguous.  The request also seeks MCT's and/or third-parties'
   confidential, proprietary and/or trade secret information.  This request seeks documents not in
15 MCT's possession, custody or control.  MCT also objects to this request to the extent it is
   premature and/or duplicative of disclosures and production required under the Patent Local
16 Rules.

17      Subject to these objections, and the general objections set forth above, MCT will produce
   any relevant, responsive, non-privileged documents in its possession, custody or control, to the
18 extent any such documents exist and have not already been produced, at a location and at a time
   mutually convenient to the parties pursuant to the protective order entered in this case.
19 Discovery and investigation are ongoing.

20          **2.      Reasons to Compel MCT to Produce These Documents**

21      These requests seek prior art to the '788 patent and related technology.  Unquestionably,

22 the documents are relevant to issues of validity and enforceability.  Nonetheless, MCT has not

23 produced all documents responsive to this request.

24      MCT's only offered rationale for failing to produce these documents is that it does not

25 understand the meaning of the term "prior art."  MCT's position is untenable.  By virtue of filing

26 a patent application, the named inventor of the '788 patent had an obligation to disclose to the

27 patent examiner any known prior art related to his claimed invention.  37 C.F.R. § 1.56.  Indeed,

28 he swore under oath that all such prior art was disclosed.  Having understood the meaning of

1    prior art in the context of his prosecution of the patent-in-suit, MCT cannot now refuse to

2    produce documents when litigating its infringement claims because it allegedly does not

3    understand the meaning of that term.

4    　　　At a minimum, DisplayLink is aware of several categories of documents that are

5    responsive to this request that should have been produced.  For example, MCT indicated in its

6    supplemental response to Interrogatory No. 6 that it had filed applications related to the '788

7    patent in Taiwan, China, Japan, Germany and Korea.  Yet, MCT has yet to produce the file

8    histories related to these applications and the cited prior art that would necessarily have been

9    included as part of those applications.

10   　　　In addition, these requests cover (and MCT should have produced) documents related

11   broadly to the field of the patented technology, *i.e.*, Display Adapter Products, dated prior to the

12   December 11, 2002, filing of the asserted patent, since such documents may constitute prior art.

13   The requests also seek documents authored or presented by Mr. Liu, the named inventor of the

14   patent-in-suit, since those documents may be relevant to the patent's validity and/or conception.

15   MCT has indicated that Mr. Liu has no notebooks, but DisplayLink believes it is extremely

16   unlikely that Mr. Liu has not authored *anything* encompassed by this request, *e.g.*, memoranda,

17   publications, notes, abstracts, reports, letters, articles, specifications, speeches, and presentations.

18   Again, MCT's failure to produce documents of this kind in Mandarin suggests that it has not

19   conducted a diligent search for such documents.

20   　　　**C.    MCT Should be Compelled to Produce Documents Responsive to Request
21   　　　　　　Nos. 12-13:  Documents related to any aspect of the conception, reduction to
   　　　　　　practice or development of the '788 patent.**

22   　　　　　　**1.    Text of Subject Requests and MCT's Responses**

23   **DOCUMENT REQUEST NO.  12:**

24   　　　All Documents that refer or relate to the '788 Patent; the subject matter disclosed or
   claimed in the '788 Patent, the conception or reduction to practice of the subject matter of the
25   '788 Patent, prosecution of the '788 Patent and any Related Patents or Patent Applications,
   whether foreign or domestic.

26   　　　**MCT's Response to Document Request No. 12:**

27   　　　Objection.  This request is over-broad, unduly burdensome and oppressive.  The request
28   also seeks documents that are neither relevant to any claim or defense of any party nor likely to
   lead to the discovery of admissible evidence.  The request also seeks documents protected by the
   attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

1
2
3

The request is also vague and ambiguous as to the terms "Related Patents or Patent Applications."  The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret information.  This request seeks documents not in MCT's possession, custody or control.  MCT also objects to this request to the extent it is premature and/or duplicative of disclosures and production required under the Patent Local Rules.

4
5
6

Subject to these objections, and the general objections set forth above, MCT will produce any relevant, responsive, non-privileged documents in its possession, custody or control, to the extent any such documents exist and have not already been produced, at a location and at a time mutually convenient to the parties pursuant to the protective order entered in this case.  Discovery and investigation are ongoing.

7

**DOCUMENT REQUEST NO. 13:**

8
9
10

All Documents, engineering memoranda and reports, progress reports, design review meeting notes or minutes, engineering or laboratory notebooks, product specifications, and other like Documents, concerning the conception, testing, reduction to practice, or any other aspect of the '788 Patent or any product incorporating the subject matter described or claimed in the '788 Patent.

11

**MCT's Response to Document Request No. 13:**

12
13
14
15
16

Objection.  This request is over-broad, unduly burdensome and oppressive.  The request also seeks documents that are neither relevant to any claim or defense of any party nor likely to lead to the discovery of admissible evidence.  The request is also vague and ambiguous.  The request also seeks documents protected by the attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.  The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret information.  This request seeks documents not in MCT's possession, custody or control.  MCT also objects to this request to the extent it is premature and/or duplicative of disclosures and production required under the Patent Local Rules.

17
18
19

Subject to these objections, and the general objections set forth above, MCT will produce any relevant, responsive, non-privileged documents in its possession, custody or control, to the extent any such documents exist and have not already been produced, at a location and at a time mutually convenient to the parties pursuant to the protective order entered in this case.  Discovery and investigation are ongoing.

20

**2.    Reasons to Compel MCT to Produce These Documents**

21

MCT cannot justifiably contest that documents covered by these requests – relating to the

22

conception, reduction to practice and development of the inventions claimed in the '788 patent –

23

are highly relevant.  Yet, MCT has produced only several hundred responsive documents and has

24

suggested that its production is "complete."

25

DisplayLink believes that MCT must have additional documents responsive to these

26

requests.  Based on the documents produced by MCT to date, it appears that substantial parts of

27

the development efforts related to the patents-in-suit were recorded in e-mail communications.

28

Yet MCT has produced only English-language e-mail from J.J. Chen and largely duplicative e-

1   mails from Serena Chang – the assistant to the named inventor Pei Chung ("James") Liu. MCT

2   has yet to produce Mandarin e-mail from *any* of its employees, including the named inventor.

3   Given the nature of MCT's development efforts related to the patented technology, it is

4   impossible to believe that no Mandarin e-mail related to the development were exchanged

5   between MCT employees.

6          MCT has also failed to produce any engineering reports, planning documents, agendas or

7   meeting minutes related to the development efforts even though it is clear (again from the

8   documents) that regular meetings and updates were taking place during the course of that work.

9   Finally, MCT's interrogatory responses indicate that the technology embodied in the patent-in-

10  suit was the result of joint development work conducted by several parties, including Targus,

11  Cypress ("Cypress Semiconductor Corporation"), VinChip and Andrew Pergeter.  Yet, MCT has

12  produced very few communications related to this joint development work and no executed

13  agreements governing the terms under which that work was to be performed.  Among other

14  things, MCT and its customer Targus had one or more discussions regarding who would own the

15  intellectual property arising from the parties' joint development work.  Yet no documents

16  pertaining to those discussions have ever been produced.  All of these documents are responsive

17  to this request and should have been produced.

18         **D.      MCT Should be Compelled to Produce Documents Responsive to Request
                     No. 10:  Communications between MCT and any distributors of its products.**

19

20                  **1.      Text of Subject Requests and MCT's Responses**

21  **DOCUMENT REQUEST NO. 10:**

22         All Communications between MCT and any United States distributors of MCT's or
    DisplayLink's Products.

23

24                  **MCT's Response to Document Request No. 10:**

25         Objection.  This request is over-broad, unduly burdensome and oppressive.  The request
    also seeks documents that are neither relevant to any claim or defense of any party nor likely to
    lead to the discovery of admissible evidence.  The request also seeks documents protected by the
26  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.
    The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret
27  information.  This request seeks documents not in MCT's possession, custody or control.  MCT
    also objects to this request to the extent it is premature and/or duplicative of disclosures and
28  production required under the Patent Local Rules.

1    Subject to these objections, and the general objections set forth above, MCT will produce
2  any relevant, responsive, non-privileged documents in its possession, custody or control, to the
   extent any such documents exist and have not already been produced, at a location and at a time
3  mutually convenient to the parties pursuant to the protective order entered in this case.
   Discovery and investigation are ongoing.

4          **2.        <u>Reasons to Compel MCT to Produce These Documents</u>**

5          DisplayLink seeks to compel MCT's communications with its distributors regarding its

6  products.  MCT claims that its products practice the patent-in-suit and also claims lost profits as

7  a result of DisplayLink's alleged infringement.  As such, MCT has rendered relevant all

8  communications with its distributors regarding any aspect of it products, including pricing, sales,

9  discounts, features, performance, availability, complaints, competitors' products and

10 competitors' features.  MCT has produced virtually *no* such documents.  Indeed, the vast

11 majority of "communications" with distributors it has produced are a hodge-podge of invoices

12 from a company called Targus International Group that it has not even identified as one of its

13 distributors in its interrogatory response on the subject.  *See* Shanberg Decl. Ex. F at 8:9-17.

14 There are unquestionably many more documents responsive to this request that MCT has not

15 produced.  It should be compelled to do so now.

16         **E.      MCT Should be Compelled to Produce Documents Responsive to Document
                     Request No. 23:  Documents related to MCT's first sale or offer for sale.**
17

18                **1.      <u>Text of Subject Request and MCT's Response</u>**

19 **<u>DOCUMENT REQUEST NO. 23</u>:**

20         All Documents that refer or relate to the first sale, offer for sale, use, demonstration,
   sampling, test, or publication of any MCT Display Adapter Product or Technology.
21
           **<u>MCT's Response to Document Request No. 23</u>:**
22
           Objection.  This request is over-broad, unduly burdensome and oppressive.  The request
23 also seeks documents that are neither relevant to any claim or defense of any party nor likely to
   lead to the discovery of admissible evidence.  The request also seeks documents protected by the
24 attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.
   The request is also vague and ambiguous as to the terms "Display Adapter Product or
25 Technology."  This request seeks documents not in MCT's possession, custody or control.  The
   request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret
26 information.  MCT also objects to this request to the extent it is premature and/or duplicative of
   disclosures and production required under the Patent Local Rules.
27
           Subject to these objections, and the general objections set forth above, MCT will produce
28 any relevant, responsive, non-privileged documents in its possession, custody or control, to the
   extent any such documents exist and have not already been produced, at a location and at a time

1    mutually convenient to the parties pursuant to the protective order entered in this case.
     Discovery and investigation are ongoing.

2
                    **2.**        **Reasons to Compel MCT to Produce These Documents**
3
4           This request seeks documents related to the first sale, offer for sale, use, demonstration

5    and publication of MCT's Display Adapter Products.  Because MCT claims its products are

6    embodying, documents pertaining "to the first sale, use or demonstration, . . . of [those

7    products]" are relevant to validity, *see* 35 U.S.C. § 102, and damages issues.  There can be no

8    doubt that documents related to MCT's first sale and use of its Display Adapter Products must

9    exist.  MCT should therefore be compelled to produce these documents without further delay.

10          **F.**      **MCT Should be Compelled to Produce Documents Responsive to Document
                         Request Nos. 7, 16, 25-26, and 31-32:  Documents related to the sale, market
                         for and marketing of MCT's products.**
11
                    **1.**        **Text of Subject Requests and MCT's Responses**
12
     **DOCUMENT REQUEST NO. 7:**
13
14          All Documents relating to any market study or analysis on Display Adapter Technology
     performed for or commissioned by MCT.
15
                 **MCT's Response to Document Request No. 7:**
16
            Objection.  This request is over-broad, unduly burdensome and oppressive.  The request
17   also seeks documents that are neither relevant to any claim or defense of any party nor likely to
     lead to the discovery of admissible evidence.  The request also seeks documents protected by the
18   attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.
     The request is also vague and ambiguous as to the terms "Display Adapter Technology."  The
19   request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret
     information.  This request seeks documents not in MCT's possession, custody or control.  MCT
20   also objects to this request to the extent it is premature and/or duplicative of disclosures and
     production required under the Patent Local Rules.
21
            Subject to these objections, and the general objections set forth above, MCT will produce
22   any relevant, responsive, non-privileged documents in its possession, custody or control, to the
     extent any such documents exist and have not already been produced, at a location and at a time
23   mutually convenient to the parties pursuant to the protective order entered in this case.
     Discovery and investigation are ongoing.

24
     **DOCUMENT REQUEST NO. 16:**
25
            All Documents that refer or relate to the research, design, development, manufacture,
26   construction, assembly, architecture, structure, operation, testing, qualification, marketing, sale
     or distribution of any MCT Display Adapter Product or Technology or any part thereof,
27   including, by way of example only, block diagrams, flow charts, schematics, logic diagrams,
     layout diagrams, layout plots, assembly drawings, reference manuals, operations manuals,
28   system manuals, technical specifications, bills of materials, materials descriptions, reports on
     yields, and other like document.

1

**MCT's Response to Document Request No. 16:**

2    Objection. This request is over-broad, unduly burdensome and oppressive. The request
also seeks documents that are neither relevant to any claim or defense of any party nor likely to
3    lead to the discovery of admissible evidence. The request is also vague and ambiguous. The
request also seeks documents protected by the attorney-client privilege, the work product
4    immunity doctrine and/or other applicable privileges. The request is also vague and ambiguous
as to the terms "Display Adapter Product or Technology." The request also seeks MCT's and/or
5    third-parties' confidential, proprietary and/or trade secret information. This request seeks
documents not in MCT's possession, custody or control. MCT also objects to this request to the
6    extent it is premature and/or duplicative of disclosures and production required under the Patent
Local Rules.

7

8    Subject to these objections, and the general objections set forth above, MCT will produce
any relevant, responsive, non-privileged documents in its possession, custody or control, to the
9    extent any such documents exist and have not already been produced, at a location and at a time
mutually convenient to the parties pursuant to the protective order entered in this case.
Discovery and investigation are ongoing.

10

11    **DOCUMENT REQUEST NO. 25:**

12    All Documents (including invoices and purchase orders) that refer or relate to any MCT
Display Product or any part thereof shipped or otherwise distributed at any time by
13    MCT or on MCT's behalf.

14    **MCT's Response to Document Request No. 25:**

15    Objection. This request is over-broad, unduly burdensome and oppressive. The request
also seeks documents that are neither relevant to any claim or defense of any party nor likely to
16    lead to the discovery of admissible evidence. The request also seeks documents protected by the
attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.
17    The request is also vague and ambiguous as to the terms "Display Adapter Product" and "gross
and net margin realized," and "fixed and variable cost." The request also seeks MCT's and/or
18    third-parties' confidential, proprietary and/or trade secret information. This request seeks
documents not in MCT's possession, custody or control. MCT also objects to this request to the
19    extent it is premature and/or duplicative of disclosures and production required under the Patent
Local Rules.

20

21    Subject to these objections, and the general objections set forth above, MCT will produce
any relevant, responsive, non-privileged documents in its possession, custody or control, to the
22    extent any such documents exist and have not already been produced, at a location and at a time
mutually convenient to the parties pursuant to the protective order entered in this case.
23    Discovery and investigation are ongoing.

24    **DOCUMENT REQUEST NO. 26:**

25    All Documents that refer or relate to the identity of the customer, part or product name
and/or number, unit volume, and/or shipping date of any MCT Display Adapter Product or any
26    part thereof shipped or otherwise distributed at any time by MCT or on MCT's behalf.

27    **MCT's Response to Document Request No. 26:**

28    Objection. This request is over-broad, unduly burdensome and oppressive. The request
also seeks documents that are neither relevant to any claim or defense of any party nor likely to
lead to the discovery of admissible evidence. The request also seeks documents protected by the

attorney-client privilege, the work product immunity doctrine and/or other applicable privileges. The request is also vague and ambiguous as to the terms "Display Adapter Product." The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret information. This request seeks documents not in MCT's possession, custody or control. MCT also objects to this request to the extent it is premature and/or duplicative of disclosures and production required under the Patent Local Rules.

Subject to these objections, and the general objections set forth above, MCT will produce any relevant, responsive, non-privileged documents in its possession, custody or control, to the extent any such documents exist and have not already been produced, at a location and at a time mutually convenient to the parties pursuant to the protective order entered in this case. Discovery and investigation are ongoing.

## DOCUMENT REQUEST NO. 31:

All Documents relating to actual or potential competition in the market for Display Adapter Technology and MCT's Display Adapter Product including analyses of competitors, market share reports, or any other documents relating to actual competition, reported competition, or the possibility of competition between MCT and any other person.

### MCT's Response to Document Request No. 31:

Objection. This request is over-broad, unduly burdensome and oppressive. The request also seeks documents that are neither relevant to any claim or defense of any party nor likely to lead to the discovery of admissible evidence. The request also seeks documents protected by the attorney-client privilege, the work product immunity doctrine and/or other applicable privileges. The request is also vague and ambiguous as to the terms "Display Adapter Product." The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret information. This request seeks documents not in MCT's possession, custody or control. MCT also objects to this request to the extent it is premature and/or duplicative of disclosures and production required under the Patent Local Rules.

Subject to these objections, and the general objections set forth above, MCT will produce any relevant, responsive, non-privileged documents in its possession, custody or control, to the extent any such documents exist and have not already been produced, at a location and at a time mutually convenient to the parties pursuant to the protective order entered in this case. Discovery and investigation are ongoing.

## DOCUMENT REQUEST NO. 32:

All Documents that refer or relate to information disclosed to the public or third parties concerning any MCT Display Adapter Product or any part thereof including:
    (a)     speeches, talks, or presentations by MCT personnel;
    (b)     press releases and announcements;
    (c)     product literature, descriptions or manuals;
    (d)     meeting transcripts or materials;
    (e)     statements made to investment advisors, brokers, shareholders, or potential investors; and
    (f)     communications to customers or prospective customers.

### MCT'S Response to Document Request No. 32:

Objection. This request is over-broad, unduly burdensome and oppressive. The request also seeks documents that are neither relevant to any claim or defense of any party nor likely to lead to the discovery of admissible evidence. The request also seeks documents protected by the

attorney-client privilege, the work product immunity doctrine and/or other applicable privileges. The request is also vague and ambiguous. The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret information. This request seeks documents not in MCT's possession, custody or control. MCT also objects to this request to the extent it is premature and/or duplicative of disclosures and production required under the Patent Local Rules.

Subject to these objections, and the general objections set forth above, MCT will produce any relevant, responsive, non-privileged documents in its possession, custody or control, to the extent any such documents exist and have not already been produced, at a location and at a time mutually convenient to the parties pursuant to the protective order entered in this case. Discovery and investigation are ongoing.

## 2.    Reasons to Compel MCT to Produce These Documents

The above-described requests seek documents related to MCT's sale, marketing of and market for its Display Adapter Products. The documents' relevance cannot be reasonably disputed. They are highly relevant to damages and to the alleged commercial success of the claimed inventions. Indeed, the documents are particularly relevant to damages in this case because MCT has stated that it will seek to recover damages under theories of both lost profits and price erosion. *See* Shanberg Decl. Ex. F at 9:12-15.

It is unfathomable that MCT can – on the one hand –claim that it would have captured DisplayLink's sales but for DisplayLink's alleged infringement while – on the other hand – failing to produce *even a single document* about MCT's efforts to sale and market its own products. By way of example only, MCT has identified Tritton Technologies, Inc. ("Tritton") as the U.S. distributor of its products, but has produced no marketing or other promotional material produced by, for or with Tritton. MCT's production of these documents is long overdue and should now be compelled.

1

**IV.    CONCLUSION**

2          For the foregoing reasons, DisplayLink respectfully requests that its Motion to Compel

3    be granted in its entirety and MCT be ordered to produce documents and information responsive

4    to the above-identified discovery requests in no less than ten business days.

5

Dated:  May 20, 2008                    WILSON SONSINI GOODRICH & ROSATI

6                                        Professional Corporation

7
                                        By:  /s/  Monica Mucchetti Eno
8                                              JAMES C. YOON, State Bar No. 177155
                                               STEFANI E. SHANBERG, State Bar No. 206717
9                                              MONICA MUCCHETTI ENO, State Bar. No. 164107
                                               WILSON SONSINI GOODRICH & ROSATI
10                                             Professional Corporation
                                               650 Page Mill Road
11                                             Palo Alto, CA 94304-1050
                                               Telephone:  (650) 493-9300
12                                             Facsimile:   (650) 565-5100
                                               Email:  jyoon@wsgr.com
13                                             Email:  sshanberg@wsgr.com
                                               Email:  meno@wsgr.com
14
                                        Attorneys for Plaintiff and Counterclaim Defendant
15                                      DISPLAYLINK CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28