1  JAMES C. YOON, State Bar No. 177155
      Email: jyoon@wsgr.com
2  STEFANI E. SHANBERG, State Bar No. 206717
      Email: sshanberg@wsgr.com
3  MONICA MUCCHETTI ENO, State Bar No. 164107
      Email: meno@wsgr.com
4  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
5  650 Page Mill Road
   Palo Alto, CA 94304-1050
6  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
7
   Attorneys for Plaintiff and Counterclaim Defendant
8  DISPLAYLINK CORPORATION

9

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13

| | |
|---|---|
| 14  DISPLAYLINK CORPORATION, a Washington corporation, | CASE NO.: 5:07-CV-01998-RMW (HRL) |
| 15            Plaintiff, | RELATED CASE NO.: CV07-05707-RMW |
| 16       v. | |
| 17  MAGIC CONTROL TECHNOLOGY, CORPORATION, a Taiwanese corporation; | DECLARATION OF STEFANI E. SHANBERG IN SUPPORT OF DISPLAYLINK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS |
| 18            Defendant. | |
| 19 | Date:       June 24, 2008 |
| 20 | Time:       10:00 a.m. |
| 21 | Courtroom:  2, 5th Floor |
| 22 | The Honorable Magistrate Judge Howard R. Lloyd |
| 23  AND RELATED COUNTERCLAIMS | |

25

26

27

28

SHANBERG DECLARATION IN SUPPORT OF
MOTION TO COMPEL
CASE NO.: 5:07-CV-01998-RMW (HRL)

1       I, Stefani E. Shanberg, hereby declare that:

2       1.      I am over the age of 18 and have personal knowledge about the facts described below.

4       2.      I am an attorney at Wilson Sonsini Goodrich & Rosati, counsel for Plaintiff and Counterclaim Defendant, DisplayLink Corporation ("DisplayLink").  I submit this declaration in support of DisplayLink's Motion to Compel Production of Documents.

8       3.      Attached as Exhibit A is a true and correct copy of a selection of webpages from the DisplayLink website, labeled DL 000151, DL 000153, DL 000154-55, DL 000194-96, DL 000209-10, and DL 000238-40.

11      4.      Attached as Exhibit B is a true and correct copy of a webpage from Defendant Magic Control Technology ("MCT")'s website, labeled DL 00252.

13      5.      On July 20, 2007, MCT filed a Complaint for Patent Infringement against DisplayLink's customers Kensington Computer Products Group ("Kensington"), GWC Technology, Inc., Good Way Tech. Co., Ltd., and Good Way Electronics (collectively, "Good Way") in the United States District Court for the Central District of California, Case No. 8:07-CV-00833 AG (MLG).  DisplayLink filed a Motion to Intervene and to Stay or Transfer Action on August 20, 2007.  Attached as Exhibit C is a true and correct copy of the Van Den Heever Declaration In Support of DisplayLink Corporation's Motion to Intervene and to Stay or Transfer Action, signed August 20, 2007, and submitted to the Central District Court.

22      6.      Attached as Exhibit D is a true and correct copy of DisplayLink's First Set of Requests for Production of Documents and Things to Magic Control Technology (Nos. 1-50) served on July 17, 2007.

25      7.      Attached as Exhibit E is a true and correct copy of Magic Control Technology's Objections and Responses to DisplayLink Corporation Requests for Production of Documents and Things, Set No. One, served on August 20, 2007.

28

8.  Attached as Exhibit F is a true and correct copy of Magic Control Technology's Third Supplemental Objections and Responses to DisplayLink Corporation's Interrogatories, served on May 9, 2008.

9.  DisplayLink has informed MCT about the deficiencies in its document production on numerous occasions. Among other things, DisplayLink sent MCT meet and confer letters on August 28, 2007, December 4, 2007, February 19, 2008, and April 15, 2008.

10. In addition, I and other members of my firm have met and conferred – in person or telephonically – with counsel for MCT on several occasions. For example, I met and conferred in person with MCT's counsel Richard Cauley and Erick P. Wolf on December 5, 2007 and spoke to Mr. Cauley about discovery issues several times in April. My discussions with Mr. Cauley lead me believe that MCT's failure to produce documents may be client driven.

11. Despite the apparent uncooperativeness of his client, MCT's counsel has assured me that MCT would supplement its document production to address DisplayLink's concerns. Although MCT has made piecemeal supplemental productions on at least six separate occasions, the subject documents have never been produced, making the present motion necessary.

12. MCT produced documents for the first time on September 10, 2007, and supplemented its productions on December 6 and 21, 2007; April 29, 2008; and May 5, 6 and 8, 2008.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 20, 2008, at Palo Alto, California.

      /s/ Stefani E. Shanberg
      Stefani E. Shanberg