# EXHIBIT C

1    JAMES C. YOON, State Bar No. 177155
       Email: jyoon@wsgr.com
2    STEFANI E. SHANBERG, State Bar No. 206717
       Email: sshanberg@wsgr.com
3    RYAN SMITH, State Bar No. 229323
       Email: rsmith@wsgr.com
4    WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
5    650 Page Mill Road
   Palo Alto, CA 94304-1050
6    Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
7

8    Attorneys for Proposed Intervenor
   DisplayLink Corporation

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12              SOUTHERN DIVISION – SANTA ANA

13

14    MAGIC CONTROL TECHNOLOGIES,      )    CASE NO.: 8:07-CV-00833 AG
   a Taiwan corporation                        )    (MLG)
15                                        )
             Plaintiff,                   )
16                                          )
   v.                                         )
17                                          )
   KENSINGTON COMPUTER              )
18    PRODUCTS GROUP, a division of       )    VAN DEN HEEVER
   ACCO Brands Corporation, a Delaware   )    DECLARATION IN SUPPORT
19    corporation;                                 )    OF DISPLAYLINK
   GWC TECHNOLOGY, INC., a California   )    CORPORATION'S MOTION TO
20    corporation; GOOD WAY               )    INTERVENE AND TO STAY OR
   TECHNOLOGY CO. LTD., a Taiwan     )    TRANSFER ACTION
21    corporation; and GOOD WAY          )
   ELECTRONICS, a China corporation.     )    Date: September 10, 2007
22                                          )    Time: 10 a.m.
             Defendants.            )    Courtroom: 10D
23                                          )    Before: Hon. Andrew J. Guilford
   _____ )
24

25

26

27

28
   VAN DEN HEEVER DECLARATION IN
   SUPPORT OF DISPLAYLINK'S MOTION TO
   INTERVENE AND TO STAY OR TRANSFER
   CASE NO.: 8:07-CV-00833 AG (MLG)

**DECLARATION OF DANIEL ADRIAN VAN DEN HEEVER
IN SUPPORT OF DISPLAYLINK'S MOTION TO INTERVENE
AND STAY OR TRANSFER ACTION**

I, Daniel Adrian van den Heever, hereby declare as follows:

1. I am the Vice President of Engineering Strategy and Intellectual Property for DisplayLink Corporation. If called as a witness to testify, I could and would competently testify to the matters asserted herein.

2. DisplayLink was founded in 2003 and is in the business of designing and selling new and powerful ways of connecting computers to displays over data networks and general purpose bus interconnection technologies.

3. DisplayLink's technology enables personal computers and laptops to connect to displays via a general purpose data networks including universal serial bus (USB) connection. DisplayLink designs and manufactures technology used to implement USB-to-VGA display adapters and USB Docking Stations with Video. DisplayLink also provides a reference design using its technology for such a USB-to-VGA adapter.

4. DisplayLink is Magic Control Technology ("MCT")'s primary, if not only, competitor in the market for USB-to-VGA display adapter technology.

5. Between December 2006 and April 2007, MCT engaged in series of acts that indicated its intent to assert its alleged claim under the '788 patent against DisplayLink's products. Specifically, MCT made statements to DisplayLink customers and commercial partners, including Kensington Corporation, that it intended to enforce its rights in the '788 patent against competing USB-to-VGA display technology providers. These statements threatened to disrupt DisplayLink's relationship with these customers and partners.

1    6. In January, 2007, despite having earlier reached an agreement

2  with DisplayLink to resolve the '788 patent dispute through arbitration,

3  MCT demanded that DisplayLink direct its customers and commercial

4  partners to use MCT's facilities to produce products incorporating

5  DisplayLink's USB-to-VGA technology. MCT further demanded that

6  DisplayLink inform its customers and commercial partners that they will be

7  required to pay a license fee to MCT for rights arising under the '788 patent.

8  DisplayLink also learned that MCT had expressly told a DisplayLink

9  customer that it would be required to use MCT's facilities for the production

10  of its products that incorporate DisplayLink's USB-to-VGA technology and

11  that it would be required to pay a licensing fee to MCT for the production of

12  such products.

13    7. On March 30, 2007, DisplayLink discovered that MCT CEO,

14  Mr. Liu, believed that the two companies should not engage in negotiations

15  (or the previously agreed-to arbitration) relating to the '788 patent before

16  MCT instituted legal proceedings against DisplayLink.

17    8. In early April, DisplayLink received reports that MCT was

18  investigating whether DisplayLink's products indeed infringed one or more

19  claims of the '788 patent. MCT requested that DisplayLink provide sample

20  pieces of its USB-to-VGA products to MCT's patent counsel around this

21  same time.

22    9. Based on the above conduct—and in an effort to protect itself

23  and its customers—on April 10, 2007, DisplayLink filed a complaint in the

24  Northern District of California (where it is located) for declaratory judgment

25  of non-infringement and invalidity of the '788 patent.

26

27

28

1    10. Kensington Computer Products Group, GWC Technology,

2  Inc., Good Way Technology Co., Ltd., and Good Way Electronics are

3  customers of DisplayLink.

4    11. The USB-to-VGA technology that Defendants' utilize in their

5  accused products, import, sell, and/or offer for sale are provided and

6  manufactured by DisplayLink.

7    12. The USB-to-VGA technology is the only component of

8  Defendants' accused products in any way related to the invention claimed in

9  the asserted '788 patent entitled "USB-to-VGA Converter."

10    13. DisplayLink has agreed to indemnify and defend its customers,

11  Kensington Computer Products Group, GWC Technology, Inc., Good Way

12  Technology Co., Ltd., and Good Way Electronics, against MCT's claims of

13  infringement.

14    14. If the Central District of California suit against DisplayLink's

15  customers proceeds, DisplayLink would face the hardship of defending the

16  claims against its customers as well as the claims against itself.  DisplayLink

17  would be forced to fund and participate in duplicative concurrent defenses.

18  The fact that DisplayLink is a small company makes these hardships even

19  greater.

20

21    I declare under penalty of perjury under the laws of the United States

22  that the foregoing is true and correct.

23    Executed on August 20, 2007, at 480 S California Ave, Palo Alto, CA

24

25

26

27  Daniel Adrian van den Heever

28