# EXHIBIT D

1  JAMES C. YOON, State Bar No. 177155
   RYAN SMITH, State Bar No. 229323
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5  jyoon@wsgr.com
   rsmith@wsgr.com
6
   Attorneys for Plaintiff and Counterclaim Defendant
7  DISPLAYLINK CORPORATION

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                           SAN JOSE DIVISION
11

12 DISPLAYLINK CORPORATION, a Washington )
   Corporation,                          )
13                                        )  CASE NO.: 3:07-CV-01998-EMC
              Plaintiff & Counterclaim    )
14            Defendant,                  )  **DISPLAYLINK'S FIRST SET OF**
                                          )  **REQUESTS FOR PRODUCTION OF**
15      v.                                )  **DOCUMENTS AND THINGS TO**
                                          )  **MAGIC CONTROL TECHNOLOGY**
16 MAGIC CONTROL TECHNOLOGY,              )  (Nos. 1-50)
   CORPORATION, a Taiwanese Corporation;  )
17                                        )
              Defendants and Counterclaim )
18            Plaintiff.                  )

19      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff/Counterclaim

20 Defendant DisplayLink Corporation ("DisplayLink") hereby requests that

21 Defendant/Counterclaim Plaintiff Magic Control Technology Corporation ("MCT") produce the

22 following documents and things to DisplayLink's counsel, Wilson Sonsini Goodrich and Rosati

23 PC, at 650 Page Mill Road, Palo Alto, CA 94304 within thirty (30) days after the service date of

24 this First Set of Requests for Production of Documents and Things

25                              **DEFINITIONS**

26      1.    The "'788 Patent" means U.S. Patent No. 7,203,788.

27      2.    "Asserted Patent" means the '788 Patent and any other patent that MCT hereafter

28 asserts against DisplayLink in this action.

3.      "MCT," "Plaintiff," "You," "Your," and/or "Yourself" refer to Defendant/Counterclaim Plaintiff Magic Control Technology Corporation as well as any predecessors, successors, subsidiaries, affiliates, segments or divisions thereof, any present or former members of its Board of Directors, any present or former officers, employees, agents, representatives, attorneys, accountants or other Persons acting or purporting to act on its behalf.

4.      "DisplayLink" or "Defendant" refer to Plaintiff/Counterclaim Defendant DisplayLink Corporation and any agent of DisplayLink whose actions or knowledge is chargeable to DisplayLink.

5.      The terms "Display Adapter," "Display Adapter Technology," and "Display Adapter Product" mean the technology or one or more devices incorporating the technology to transmit one or more video signals to one or more display devices at least partially over a Universal Serial Bus (USB) connection.

6.      The terms "MCT Display Adapter," "MCT Display Adapter Technology," and "MCT Display Adapter Product" mean the technology or one or more devices incorporating the technology to transmit one or more video signals to one or more display devices at least partially over a Universal Serial Bus (USB) connection manufactured, designed, or conceived by MCT.

7.      "MCT's Display Adapter Product Business" means MCT's manufacture, sale, use, or licensing of Display Adapter Technology in the United States.

8.      "ACCO" refers to ACCO Brands Inc. as well as any predecessors, successors, subsidiaries, affiliates, segments or divisions thereof, any present or former members of its Board of Directors, any present or former officers, employees, agents, representatives, attorneys, accountants or other Persons acting or purporting to act on its behalf.

9.      "Kensington" refers to Kensington Computer Products Group as well as any predecessors, successors, subsidiaries, affiliates, segments or divisions thereof, any present or former members of its Board of Directors, any present or former officers, employees, agents, representatives, attorneys, accountants or other Persons acting or purporting to act on its behalf.

10.     "Sunix" refers to Sunix Co., Ltd. as well as any predecessors, successors, subsidiaries, affiliates, segments or divisions thereof, any present or former members of its Board

1  of Directors, any present or former officers, employees, agents, representatives, attorneys,
2  accountants or other Persons acting or purporting to act on its behalf.
3      11.    "Field" refers to the manufacturer, distributor and consumer markets for computer
4  accessories and related technologies including, but not limited to, display adapter components
5  and technology.
6      12.    "Person" or "Persons" means, unless otherwise specified, any human being, firm,
7  entity, corporation, partnership, proprietorship, association, joint venture, other form of business
8  organization or arrangement, government or government agency of every nature and type.
9      13.    "Employee" means any present employee or former employee of a Person.
10     14.    "Product" means any device, component, software (including each version), or
11 service, including but not limited to computer hardware, such as a personal computer, server,
12 storage device, network appliance; integrated circuit; firmware; or shareware. The term
13 "Product" is not limited to products of DisplayLink or MCT.
14     15.    "Accused DisplayLink Products" means any and all products or services provided
15 by DisplayLink, that comprises or is part of a system, apparatus, or method that MCT accuses of
16 infringing one or more claims of the '788 Patent.
17     16.    "Publication" means any printed or recorded Document distributed or made
18 available for view without confidentiality restrictions, including but not limited to magazines,
19 newspapers, trade journals, articles, dissertations, presentations, lectures, patents, abandoned
20 patent applications referred to in any issued patent, standards, reports, white papers, presentation
21 handouts, slides, drawings, graphical representations, specifications, books, web pages, abstracts,
22 catalogs, advertisements, newsletters, electronic bulletin boards, and electronic newsgroups.
23     17.    "U.S. Patent" and "U.S. Patent Application" include U.S. patents, U.S. patent
24 applications, or any parents, divisions, continuations, continuations-in-part, continued
25 prosecution, abandoned patent application, or appeals of such U.S. patent applications, reissues,
26 reexaminations, inventor's certificates, utility models, and any other Document filed or prepared
27 for filing in the U.S. Patent and Trademark Office.
28

18. The terms "Foreign Patent" and "Foreign Patent Application" include foreign patents, foreign patent applications, or any parents, divisions, continuations, continuations-in-part, continued prosecution, or appeals of such foreign patent applications, reissues, reexaminations, inventor's certificates, utility models, and any other Document filed or prepared for filing in a foreign patent office.

19. "Related Patent or Patent Application" means any U.S. Patent, foreign patent, U.S. Patent Application, foreign patent application, abandoned patent application, which is based upon, claims priority from, is related to or states that it is related to, the application for the Asserted Patent, including without limitation, continuations, continuations-in-parts, divisionals, reissues, and reexaminations.

20. "Communication" refers to any oral or written transmittal and/or receipt of words or information, whether such was by chance, pre-arranged, formal or informal, and specifically includes without limitation notices of conversations in Person, telephone conversations, faxes, telexes, telegrams, electronic mail, letters, reports or memoranda, formal statements and press releases and media Publications. References to Communications with business entities shall be deemed to include present and former officers, directors, employees, agents, attorneys or other representatives of such entities.

21. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

22. "All" and "any" shall be construed to mean both any and all as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

23. Use of the singular shall also be construed as the plural, and vice-versa.

24. The terms "Writings," "Recordings," or "Documents" include, without limitation, the original and all non-identical copies (including those with any notations) of Documents and things to the fullest extent allowed under Rule 34 of the Federal Rules of Procedure. The terms "Writings," "Recordings," or "Documents" also includes all Writings, Recordings or Documents

of which MCT has knowledge, and all Writings, Recordings or Documents which are in the possession, custody or control of MCT, its agents, attorneys, officers, Employees, or other representatives. If MCT has knowledge of where a Document is located (including at a location not controlled by MCT), it shall state such knowledge in its response.

## INSTRUCTIONS

1. Whenever You are requested to identify a Communication or Document by any of the interrogatories herein, You shall: (i) in the case of a written or electronic Communication or Document, specify the production number of the Communication or Document; and (ii) in the case of an oral Communication, identify (a) the individuals involved in the Communication, (b) the date of the Communication, and (c) the contents of such Communication.

2. Whenever You are requested to identify an individual by any of the interrogatories herein, You shall specify the full name, present position and business affiliation, last known business or residence address and last known business or residence telephone number of such individual.

3. Whenever You are requested to identify an entity, state its full name, the present or last known address of its principal office or place of business, and the type of entity (*e.g.*, corporation, partnership, unincorporated association).

4. If You claim that the attorney-client privilege or any other privilege or protection is available to any written or electronic Communication or Document, You shall (i) identify the Communication or Document by production number and date, (ii) identify each Person who prepared or participated in the preparation of the Communication or Document, (iii) state the privilege or protection claimed, and (iv) provide further information concerning the Communication or Document sufficient to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

5. If You claim that the attorney-client privilege or any other privilege or protection is applicable to any oral Communication, You shall (i) identify the individuals involved in the Communication, (ii) identify the date of the Communication, (iii) state the privilege or protection claimed, and (iv) provide further information concerning the Communication sufficient to

explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**DOCUMENT REQUEST NO. 1:**

Organizational charts for MCT and other Documents sufficient to show all persons at MCT responsible for the following activities relating to Display Adapter Technology and products incorporating Display Adapter Technology:

    a) research;
    b) development;
    c) manufacturing;
    d) promotion;
    e) marketing;
    f) sales;
    g) technical customer support;
    h) quality control; and
    i) competitive product analysis.

**DOCUMENT REQUEST NO. 2:**

With respect to sales and offers for sale of MCT Display Adapter Product in the United States, Documents sufficient to ascertain for each MCT Display Adapter Product, the:

    a) order date;
    b) shipping and invoice date;
    c) identity of the MCT Display Adapter Product shipped;
    d) price charged by MCT to the immediate customer or distributor of each MCT Display Adapter Product;
    e) gross and net margin realized by MCT on sales of each MCT Display Adapter Product;
    f) MCT's fixed and variable cost for each MCT Display Adapter Product; and

      g) identity and geographical location of distributors of each MCT Display Adapter Product.

**DOCUMENT REQUEST NO. 3:**

All Documents relating to the research, design, development, and manufacture of MCT Display Adapter Technology and Display Adapter Technology.

**DOCUMENT REQUEST NO. 4:**

All Documents relating to the importation into the United States and advertising and offers for sale within the United States of MCT Display Adapter Technology.

**DOCUMENT REQUEST NO. 5:**

All Documents that refer or relate to any meeting, discussion, or Communication concerning the '788 Patent or the subject matter disclosed or claimed therein.

**DOCUMENT REQUEST NO. 6:**

Any Documents related to any prior art related to the '788 Patent.

**DOCUMENT REQUEST NO. 7:**

All Documents relating to any market study or analysis on Display Adapter Technology performed for or commissioned by MCT.

**DOCUMENT REQUEST NO. 8:**

All Documents related to MCT's market share in the manufacture and sale of Products incorporating Display Adapter Technology in the United States.

**DOCUMENT REQUEST NO. 9:**

Any and all Documents on which MCT relies or intends to rely to support its construction of the claims of the '788 patent.

**DOCUMENT REQUEST NO. 10:**

All Communications between MCT and any United States distributors of MCT's or DisplayLink's Products.

**DOCUMENT REQUEST NO. 11:**

All Communications between MCT and Sunix, ACCO, or Kensington regarding DisplayLink Products or Display Adapter Products.

**DOCUMENT REQUEST NO. 12:**

All Documents that refer or relate to the '788 Patent; the subject matter disclosed or claimed in the '788 Patent, the conception or reduction to practice of the subject matter of the '788 Patent, prosecution of the '788 Patent and any Related Patents or Patent Applications, whether foreign or domestic.

**DOCUMENT REQUEST NO. 13:**

All Documents, engineering memoranda and reports, progress reports, design review meeting notes or minutes, engineering or laboratory notebooks, product specifications, and other like Documents, concerning the conception, testing, reduction to practice, or any other aspect of the '788 Patent or any product incorporating the subject matter described or claimed in the '788 Patent.

**DOCUMENT REQUEST NO. 14:**

All Documents that refer or relate to any Display Adapter designed, developed, studied, researched, commissioned, purchased, manufactured or sold by or for use with any product.

**DOCUMENT REQUEST NO. 15:**

All Documents that refer or relate to the organization, classification, structure, or protocols of MCT's current document control or document filing system, including all Documents that refer or relate to any policy, program or practice of MCT for storing, retaining, or destroying Documents.

**DOCUMENT REQUEST NO. 16:**

All Documents that refer or relate to the research, design, development, manufacture, construction, assembly, architecture, structure, operation, testing, qualification, marketing, sale or distribution of any MCT Display Adapter Product or Technology or any part thereof, including, by way of example only, block diagrams, flow charts, schematics, logic diagrams, layout diagrams, layout plots, assembly drawings, reference manuals, operations manuals, system manuals, technical specifications, bills of materials, materials descriptions, reports on yields, and other like document.

DISPLAYLINK'S FIRST SET OF RFP'S TO MCT
CASE NO. 3:07-CV-01998-EMC
-8-
PALIB1_3149306_2.doc

**DOCUMENT REQUEST NO. 17:**

All engineering memoranda and reports, progress reports, design review meeting notes or minutes, engineering or laboratory notebooks, product specifications, and other like documents, concerning any MCT Display Adapter Product, the '788 Patent or any part thereof.

**DOCUMENT REQUEST NO. 18:**

A sample of each MCT Display Adapter Product made, sold, sampled, or distributed by MCT or on MCT's behalf.

**DOCUMENT REQUEST NO. 19:**

All notebooks, logs, memoranda, publications, notes, abstracts, reports, letters, articles, specifications, speeches, presentations, or other documents authored or given, in whole or in part, by Pei Chung Liu, the sole inventor named on the face of the '788 Patent.

**DOCUMENT REQUEST NO. 20:**

All Documents that refer or relate to the examination, reverse engineering, photographing, testing, evaluation or analysis by MCT engineers or programmers, or by any third party acting on behalf of MCT, of any DispalyLink technology or product.

**DOCUMENT REQUEST NO. 21:**

All Documents that refer or relate to correspondence between DisplayLink and MCT.

**DOCUMENT REQUEST NO. 22:**

All Documents that refer or relate to analysis, discussions, or other considerations as to whether any MCT Display Adapter Product or any part thereof practices one or more claims or the subject matter of the '788 Patent.

**DOCUMENT REQUEST NO. 23:**

All Documents that refer or relate to the first sale, offer for sale, use, demonstration, sampling, test, or publication of any MCT Display Adapter Product or Technology.

**DOCUMENT REQUEST NO. 24:**

All Documents that refer or relate to any communication between MCT and any third person, including DisplayLink but other than MCT's counsel of record in this action, that

1 | discusses, refers to, or otherwise relates to the above-captioned litigation, or any claim, defense, or counterclaim asserted therein.

**DOCUMENT REQUEST NO. 25:**

All Documents (including invoices and purchase orders) that refer or relate to any MCT Display Adapter Product or any part thereof shipped or otherwise distributed at any time by MCT or on MCT's behalf.

**DOCUMENT REQUEST NO. 26:**

All Documents that refer or relate to the identity of the customer, part or product name and/or number, unit volume, and/or shipping date of any MCT Display Adapter Product or any part thereof shipped or otherwise distributed at any time by MCT or on MCT's behalf.

**DOCUMENT REQUEST NO. 27:**

All Documents that refer or relate to the actual or forecasted pricing of any MCT Display Adapter Product or any part thereof sold or offered for sale by MCT or a person other than MCT.

**DOCUMENT REQUEST NO. 28:**

All Documents that refer or relate to:

(a) the actual or forecasted costs or expenses incurred in the operation of MCT's Display Adapter Product Business;

(b) the actual or forecasted revenues generated from the operation of MCT's Display Adapter Product Business;

(c) the actual or forecasted profits generated from the operation of MCT's Display Adapter Product Business;

(d) the actual or forecasted profit margin on the sale of any MCT's Display Adapter Product Business;

(e) how MCT calculates the costs or expenses incurred in the operation of MCT's Display Adapter Product Business;

(f) how MCT calculates the profits generated from the operation of MCT's Display Adapter Product Business;

    (g)    how MCT calculates the profit margin experienced in the operation of MCT's Display Adapter Product Business;

    (h)    any forecasts or projections of production of any MCT's Display Adapter Product or any part thereof;

    (i)    any forecasts or projections of sales of any MCT's Display Adapter Product or any part thereof; and

    (j)    any forecasts or projections of sales of any DDR Product or any Part thereof designed or marketed by a person other than MCT,

including, by way of example only, balance sheets, ledgers, analyses, financial statements, and other documents that refer or relate to MCT's revenues, profits and profit margins from the operation of MCT's Display Adapter Product Business.

**DOCUMENT REQUEST NO. 29:**

All Documents that refer or relate to the identity of the dollar amount of MCT's investment in research and development in connection with MCT's Display Adapter Product Business.

**DOCUMENT REQUEST NO. 30:**

All Documents that refer or relate to any device or product, including, but not limited to MCT's Display Adapter Product, which MCT regards as an acceptable non-infringing substitute in view of the '788 Patent.

**DOCUMENT REQUEST NO. 31:**

All Documents relating to actual or potential competition in the market for Display Adapter Technology and MCT's Display Adapter Product including analyses of competitors, market share reports, or any other documents relating to actual competition, reported competition, or the possibility of competition between MCT and any other person.

**DOCUMENT REQUEST NO. 32:**

All Documents that refer or relate to information disclosed to the public or third parties concerning any MCT Display Adapter Product or any part thereof including:

    (a)    speeches, talks, or presentations by MCT personnel;

    (b)    press releases and announcements;

(c) product literature, descriptions or manuals;

(d) meeting transcripts or materials;

(e) statements made to investment advisors, brokers, shareholders, or potential investors; and

(f) communications to customers or prospective customers.

**DOCUMENT REQUEST NO. 33:**

All Documents that refer or relate to the patentability or validity of, or that MCT contends are relevant to, the '788 Patent or any claim thereof.

**DOCUMENT REQUEST NO. 34:**

All Documents that refer or relate to any prior art searches concerning the '788 Patent.

**DOCUMENT REQUEST NO. 35:**

All Documents that refer or relate to any information (including patents, publications, knowledge, public uses, sales, or offers to sell, as well as any product, device or method of a third party) known to, considered, or identified by MCT as prior art or potential prior art with regard to the '788 Patent or any claim thereof.

**DOCUMENT REQUEST NO. 36:**

All Documents that refer or relate to the scope of the prior art and/or the level of ordinary skill in the "art," as the term "art" is used in 35 U.S.C. § 103, of the subject matter described or claimed in the '788 Patent.

**DOCUMENT REQUEST NO. 37:**

All Documents that refer or relate to the factors considered in assessing the validity or any alleged invalidity under 35 U.S.C. § 103 of the subject matter described or claimed in the '788 Patent, including any "long-felt but unmet need," "commercial success," or any secondary consideration of the type described in *Graham v. John Deere*, 383 U.S. 1 (1966) and its progeny.

**DOCUMENT REQUEST NO. 38:**

All Documents that refer or relate to any investigation or consideration of the scope, validity or infringement of any claim of the '788 Patent.

**DOCUMENT REQUEST NO. 39:**

All Documents that refer or relate to any investigation, analysis, study, review or consideration of the infringement or alleged non-infringement of the '788 Patent or any claim thereof, including any comparison of any claim of the '788 Patent or a counterpart thereof to any MCT Display Adapter Product or any Accused DisplayLink Products.

**DOCUMENT REQUEST NO. 40:**

All Documents that form the basis of support or otherwise refer or relate to MCT's affirmative defenses and counterclaims in this action, including all Documents identified, used or relied upon in preparation of MCT's Answers.

**DOCUMENT REQUEST NO. 41:**

All Documents that form the basis of support or otherwise refer or relate to MCT's claim that DisplayLink infringes (either directly, contributorily or by inducement) any claim of any of the '788 Patent.

**DOCUMENT REQUEST NO. 42:**

All Documents that form the basis of support or otherwise refer or relate to Konami's belief that the '788 Patent is valid under 35 U.S.C. § 101 *et seq.*

**DOCUMENT REQUEST NO. 43:**

All Documents that form the basis of support or otherwise refer or relate to MCT's belief that MCT is not barred from asserting the '788 Patent against DisplayLink under the doctrine of license, implied license, exhaustion, one or more statutes of limitation, doctrine of laches, estoppel, or acquiescence.

**DOCUMENT REQUEST NO. 44:**

All Documents that refer or relate to MCT's contentions or factual basis for such contentions that DisplayLink did (or does) infringe the '788 Patent willfully, including any opinions of counsel obtained by or prepared on behalf of MCT.

**DOCUMENT REQUEST NO. 45:**

All Documents that refer or relate to (including any documents exchanged in connection with) any proposed or consummated transaction involving DisplayLink and MCT.

**DOCUMENT REQUEST NO. 46:**

All Documents that refer or relate to any response to any discovery request propounded in connection with this action, including any documents used or relied on in preparing any response or supplemental response to any document request, request for admission or interrogatory propounded by MCT in this action.

**DOCUMENT REQUEST NO. 47:**

With reference to jury instruction No. 5.7, ¶ 1 of the Model Patent Jury Instructions for the Northern District of California, attached as Exhibit A, all documents relating to any reasonable royalty damages to which MCT contends it is entitled.

**DOCUMENT REQUEST NO. 48:**

All documents relating to factors 1-11 of jury instruction No. 12.3.7 of the Federal Circuit Bar Association Model Patent Jury Instructions, attached as Exhibit B.

**DOCUMENT REQUEST NO. 49:**

With reference to jury instruction Nos. 12.3, and 12.9-12.11 of the AIPLA Model Patent Jury Instructions, attached as Exhibit C, all documents relating to MCT's contention that it is entitled to lost profit damages.

**DOCUMENT REQUEST NO. 50:**

All documents relating to the Panduit Factors as defined in AIPLA Model Patent Jury Instructions Nos. 12.4-12.8, as defined in Exhibit D.

Dated: July 17, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/James C. Yoon
James C. Yoon

Attorneys for Plaintiff
DISPLAYLINK CORPORATION