# EXHIBIT E

1  **WANG, HARTMANN & GIBBS, P.C.**
   A Professional Law Corporation
2  Richard F. Cauley (SBN: 109194)
   Franklin E. Gibbs (SBN: 189015)
3  Erick P. Wolf (SBN: 224906)
   1301 Dove Street, Suite 1050
4  Newport Beach, CA 92660
   Telephone: (949) 833-8483
5  Facsimile: (949) 833-2281

6

7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10  DISPLAYLINK CORPORATION, a            Case No.: 3:2007cv01998
    Washington Corporation

11

12                    Plaintiff,          **MAGIC CONTROL TECHNOLOGY'S**
                                          **OBJECTIONS AND RESPONSES TO**
13  vs.                                   **DISPLAYLINK CORPORATION**
                                          **REQUESTS FOR PRODUCTION OF**
14  MAGIC CONTROL TECHNOLOGY,             **DOCUMENTS AND THINGS, SET NO.**
    CORPORATION, a Taiwanese Corporation; **ONE**
15

16                    Defendant.

17  MAGIC CONTROL TECHNOLOGY,
    CORPORATION, a Taiwanese Corporation;
18
                      Counterclaim
19                    Plaintiff,

20  vs.

21  DISPLAYLINK CORPORATION, a
    Washington Corporation
22
                      Counterclaim
23                    Defendant.

24

25

26

27

28                                    1

**MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK**
**CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE**

1  **PROPOUNDING PARTY:**          Plaintiff, DISPLAYLINK CORPORATION

2  **RESPONDING PARTY:**           Defendant MAGIC CONTROL TECHNOLOGY

3  **SET NUMBER:**                 One

4     Defendant and Counterclaimant MAGIC CONTROL TECHNOLOGY ("MCT") hereby

5  responds to the first set of requests for production of documents and things propounded by

6  plaintiff and Counter-Defendant DISPLYALINK CORPORATION ("DisplayLink") as follows:

7                              **PRELIMINARY STATEMENT**

8     1. MCT has not completed its investigation of the facts related to this case, has not

9  completed discovery in this action, and has not completed its preparation for trial. All of the

10  responses contained herein are based only upon such information and documents as are presently

11  available to and specifically know to MCT.

12     2. The following responses and objections are given without prejudice to MCT's right to

13  revise its responses based on any subsequent investigation. These responses are made in a good

14  faith effort to respond to DisplayLink's Request for Production, but should in no way be

15  considered prejudicial in relation to further discovery, research, analysis or production of

16  evidence.

17     3. The responses herein are made solely for the purpose of and in relation to this action.

18  Each response is given subject to all appropriate objections (including, but not limited to,

19  objections concerning privilege, competency, relevancy, materiality, propriety and

20  admissibility). All objections and ground, therefore, are reserved and may be interposed at any

21  time.

22     4. These responses herein are premised on MCT's understanding that DisplayLink seeks

23  only documents within MCT's possession, custody and control.

24     5. MCT incorporates by reference each and every general objection set forth below into

25  each and every specific response. From time to time a specific response may repeat a general

26  objection for emphasis or some other reason. The failure to include any general objection in any

27

28                                          2

1    specific response shall not be interpreted as a waiver of any general objection to that response.

2    6. By responding that it will produce documents, MCT does not represent that such

3    documents exist, only that a reasonable, good faith search for such documents will be made, and

4    to the extent that responsive documents do exist, those documents will be produced subject to the

5    objections stated.

6    7. If multiple, identical copies of any document are responsive to any requests herein,

7    only one representative copy will be produced. Producing more than one identical copy is

8    unduly burdensome to MCT.

9                            **GENERAL OBJECTIONS**

10    1. MCT objects to each and every Request for Production, and to DisplayLink's

11    accompanying Definitions and Instructions, to the extent that they purport to impose additional

12    burdens or duties on MCT that exceed to scope of reasonable and permissible discovery under

13    the Federal Rules of Civil Procedure or the local rules.

14    2. MCT objects to each and every Request for Production to the extent the request seeks

15    documents no in MCT's possession, custody and control.

16    3. MCT objects to each and every Request for Production to the extent the request seeks

17    documents protected by attorney-client privilege, the work product immunity doctrine, or any

18    other applicable law, protection or doctrine. The production of any privileged document by

19    MCT is unintentional, and MCT does not intend to waive any applicable objection or privilege as

20    a result of such production.

21    4. MCT objects to each and every Request for Production to the extent the request seeks

22    documents that are not relevant to the issues in this action or are not reasonably calculated to

23    lead to the discovery of admissible evidence.

24    5. MCT objects to each and every Request for Production to the extent the request is

25    overly broad, unduly burdensome, cumulative, vague, ambiguous, fails to reasonably identify the

26    information sought, or calls for a legal conclusion or opinion.

27

28
                                    3

6. MCT objects to each and every Request for Production as overbroad and unduly burdensome to the extent they are unlimited in the temporal scope or otherwise not limited to a time frame that is relevant to this litigation and the Patent-in-Suit.

7. MCT objects to each and every Request for Production to the extent the request seeks information or documents that MCT is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

8. MCT objects to each and every Request for Production that seeks production of documents related to any MCT product in or under development. Such documents are not relevant to this lawsuit nor are they reasonably calculated to lead to the discovery of admissible evidence.

9. MCT objects to each and every Request for Production to the extent they are cumulative and duplicative of documents or disclosures previously provided to MCT in this case.

10. MCT objects to each and every Request for Production to the extent they seek documents already in DisplayLink's possession or available in the public domain as such documents are as readily available to DisplayLink as they are to MCT.

11. MCT objects to the date and location for production of documents found in DisplayLink's Request for Production. MCT will produce any responsive, relevant non-privileged documents, to the extent any such documents exist, at a time and place mutually convenient to the parties.

12. MCT objects to DisplayLink's definition of "Display Adapter, Display Adapter Technology, Display Adapter Product, MCT Display Adapter, MCT Display Adapter Technology, MCT Display Adapter Product, and MCT Display Adapter Product Business" because DisplayLink's definition is overbroad and unduly burdensome. DisplayLink's definition would also require MCT to produce documents that are neither relevant to any claim or defense of any party not likely to lead to the discovery of admissible evidence.

4

## SPECIFIC OBJECTIONS AND RESPONSES

Each of the foregoing objections are incorporated into the following responses, whether or not specific reference to the same is made:

**REQUEST FOR PRODUCTION NO. 1:**

Organizational charts for MCT and other Documents sufficient to show all persons at MCT responsible for the following activities relating to Display Adapter Technology and products incorporating Display Adapter Technology:

a) research;

b) development;

c) manufacturing;

d) promotion;

e) marketing;

f) sales;

g) technical customer support;

h) quality control; and

i) competitive product analysis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This request is over-broad, unduly burdensome and oppressive. The request also seeks documents that are neither relevant to any claim or defense of any party nor likely to lead to the discovery of admissible evidence. The request also seeks documents protected by the attorney-client privilege, the work product immunity doctrine and/or other applicable privileges. The request is also vague and ambiguous as to the terms "Display Adapter Technology" and "competitive product analysis." The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret information. This request seeks documents not in MCT's possession, custody or control. MCT also objects to this request to the extent it is premature and/or duplicative of disclosures and production required under the Patent Local Rules.

MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK
CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE

1    Subject to these objections, and the general objections set forth above, MCT will produce

2  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

3  extent any such documents exist and have not already been produced, at a location and at a time

4  mutually convenient to the parties pursuant to the protective order entered in this case.

5  Discovery and investigation are ongoing.

6  **REQUEST FOR PRODUCTION NO. 2:**

7    With respect to sales and offers for sale of MCT Display Adapter Product in the United

8  States, Documents sufficient to ascertain for each MCT Display Adapter Product, the:

9        a) order date;

10        b) shipping and invoice date;

11        c) identity of the MCT Display Adapter Product shipped;

12        d) price charged by MCT to the immediate customer or distributor of each MCT

13            Display Adapter Product;

14        e) gross and net margin realized by MCT on sales of each MCT Display Adapter

15            Product;

16        f) MCT's fixed and variable cost for each MCT Display Adapter Product; and

17        g) identity and geographical location of distributors of each MCT Display Adapter

18            Product,

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20    Objection. This request is over-broad, unduly burdensome and oppressive. The request

21  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

22  lead to the discovery of admissible evidence. The request also seeks documents protected by the

23  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

24  The request is also vague and ambiguous as to the terms "Display Adapter Product" and "gross

25  and net margin realized," and "fixed and variable cost." The request also seeks MCT's and/or

26  third-parties' confidential, proprietary and/or trade secret information. This request seeks

27

28

6

1   documents not in MCT's possession, custody or control. MCT also objects to this request to the

2   extent it is premature and/or duplicative of disclosures and production required under the Patent

3   Local Rules.

4       Subject to these objections, and the general objections set forth above, MCT will produce

5   any relevant, responsive, non-privileged documents in its possession, custody or control, to the

6   extent any such documents exist and have not already been produced, at a location and at a time

7   mutually convenient to the parties pursuant to the protective order entered in this case.

8   Discovery and investigation are ongoing.

9   **REQUEST FOR PRODUCTION NO. 3:**

10      All Documents relating to the research, design, development, and manufacture of MCT

11  Display Adapter Technology and Display Adapter Technology.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

13      Objection. This request is over-broad, unduly burdensome and oppressive. The request

14  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

15  lead to the discovery of admissible evidence. The request also seeks documents protected by the

16  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

17  The request is also vague and ambiguous as to the terms "Display Adapter Technology." The

18  request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

19  information. This request seeks documents not in MCT's possession, custody or control. MCT

20  also objects to this request to the extent it is premature and/or duplicative of disclosures and

21  production required under the Patent Local Rules.

22      Subject to these objections, and the general objections set forth above, MCT will produce

23  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

24  extent any such documents exist and have not already been produced, at a location and at a time

25  mutually convenient to the parties pursuant to the protective order entered in this case.

26  Discovery and investigation are ongoing.

27

28

7

1  **REQUEST FOR PRODUCTION NO. 4:**

2  　　All Documents relating to the importation into the United States and advertising and

3  offers for sale within the United States of MCT Display Adapter Technology.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

5  　　Objection. This request is over-broad, unduly burdensome and oppressive. The request

6  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

7  lead to the discovery of admissible evidence. The request also seeks documents protected by the

8  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

9  The request is also vague and ambiguous as to the terms "Display Adapter Technology." The

10  request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

11  information. This request seeks documents not in MCT's possession, custody or control. MCT

12  also objects to this request to the extent it is premature and/or duplicative of disclosures and

13  production required under the Patent Local Rules.

14  　　Subject to these objections, and the general objections set forth above, MCT will produce

15  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

16  extent any such documents exist and have not already been produced, at a location and at a time

17  mutually convenient to the parties pursuant to the protective order entered in this case.

18  Discovery and investigation are ongoing.

19  **REQUEST FOR PRODUCTION NO. 5:**

20  　　All Documents that refer or relate to any meeting, discussion, or Communication

21  concerning the '788 Patent or the subject matter disclosed or claimed therein.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

23  　　Objection. This request is over-broad, unduly burdensome and oppressive. The request

24  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

25  lead to the discovery of admissible evidence. The request also seeks documents protected by the

26  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

27

28

8

1  | The request is also vague and ambiguous.  The request also seeks MCT's and/or third-parties'

2  | confidential, proprietary and/or trade secret information.  This request seeks documents not in

3  | MCT's possession, custody or control.  MCT also objects to this request to the extent it is

4  | premature and/or duplicative of disclosures and production required under the Patent Local

5  | Rules.

6  | Subject to these objections, and the general objections set forth above, MCT will produce

7  | any relevant, responsive, non-privileged documents in its possession, custody or control, to the

8  | extent any such documents exist and have not already been produced, at a location and at a time

9  | mutually convenient to the parties pursuant to the protective order entered in this case.

10 | Discovery and investigation are ongoing.

11 | **REQUEST FOR PRODUCTION NO. 6:**

12 | Any Documents related to any prior art related to the '788 Patent.

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

14 | Objection.  This request is over-broad, unduly burdensome and oppressive.  The request

15 | also seeks documents that are neither relevant to any claim or defense of any party nor likely to

16 | lead to the discovery of admissible evidence.  The request also seeks documents protected by the

17 | attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

18 | The request is also vague and ambiguous as to the terms "any prior art."  The request also seeks

19 | MCT's and/or third-parties' confidential, proprietary and/or trade secret information.  This

20 | request seeks documents not in MCT's possession, custody or control.  MCT also objects to this

21 | request to the extent it is premature and/or duplicative of disclosures and production required

22 | under the Patent Local Rules.

23 | Subject to these objections, and the general objections set forth above, MCT will produce

24 | any relevant, responsive, non-privileged documents in its possession, custody or control, to the

25 | extent any such documents exist and have not already been produced, at a location and at a time

26 | mutually convenient to the parties pursuant to the protective order entered in this case.

27 |

28 |

9

**MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK
CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE**

1 | Discovery and investigation are ongoing.

2 | **REQUEST FOR PRODUCTION NO. 7:**

3 | All Documents relating to any market study or analysis on Display Adapter Technology

4 | performed for or commissioned by MCT.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6 | Objection. This request is over-broad, unduly burdensome and oppressive. The request

7 | also seeks documents that are neither relevant to any claim or defense of any party nor likely to

8 | lead to the discovery of admissible evidence. The request also seeks documents protected by the

9 | attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

10 | The request is also vague and ambiguous as to the terms "Display Adapter Technology." The

11 | request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

12 | information. This request seeks documents not in MCT's possession, custody or control. MCT

13 | also objects to this request to the extent it is premature and/or duplicative of disclosures and

14 | production required under the Patent Local Rules.

15 | Subject to these objections, and the general objections set forth above, MCT will produce

16 | any relevant, responsive, non-privileged documents in its possession, custody or control, to the

17 | extent any such documents exist and have not already been produced, at a location and at a time

18 | mutually convenient to the parties pursuant to the protective order entered in this case.

19 | Discovery and investigation are ongoing.

20 | **REQUEST FOR PRODUCTION NO. 8:**

21 | All Documents related to MCT's market share in the manufacture and sale of Products

22 | incorporating Display Adapter Technology in the United States.

23 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

24 | Objection. This request is over-broad, unduly burdensome and oppressive. The request

25 | also seeks documents that are neither relevant to any claim or defense of any party nor likely to

26 | lead to the discovery of admissible evidence. The request also seeks documents protected by the

27 |

28 | 

MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK
CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE

1    attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

2    The request is also vague and ambiguous as to the terms "Display Adapter Technology" and

3    "market share." The request also seeks MCT's and/or third-parties' confidential, proprietary

4    and/or trade secret information. This request seeks documents not in MCT's possession, custody

5    or control. MCT also objects to this request to the extent it is premature and/or duplicative of

6    disclosures and production required under the Patent Local Rules.

7         Subject to these objections, and the general objections set forth above, MCT will produce

8    any relevant, responsive, non-privileged documents in its possession, custody or control, to the

9    extent any such documents exist and have not already been produced, at a location and at a time

10   mutually convenient to the parties pursuant to the protective order entered in this case.

11   Discovery and investigation are ongoing.

12   **REQUEST FOR PRODUCTION NO. 9:**

13         Any and all Documents on which MCT relies or intends to rely to support its construction

14   of the claims of the '788 patent.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

16         Objection. This request is over-broad, unduly burdensome and oppressive. The request

17   also seeks documents that are neither relevant to any claim or defense of any party nor likely to

18   lead to the discovery of admissible evidence. The request also seeks documents protected by the

19   attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

20   The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

21   information. This request seeks documents not in MCT's possession, custody or control. MCT

22   also objects to this request to the extent it is premature and/or duplicative of disclosures and

23   production required under the Patent Local Rules.

24         Subject to these objections, and the general objections set forth above, MCT will produce

25   any relevant, responsive, non-privileged documents in its possession, custody or control, to the

26   extent any such documents exist and have not already been produced, at a location and at a time

27

28                               11

1   mutually convenient to the parties pursuant to the protective order entered in this case.

2   Discovery and investigation are ongoing.

3   **REQUEST FOR PRODUCTION NO. 10:**

4        All Communications between MCT and any United States distributors of MCT's or

5   DisplayLink's Products.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

7        Objection. This request is over-broad, unduly burdensome and oppressive. The request

8   also seeks documents that are neither relevant to any claim or defense of any party nor likely to

9   lead to the discovery of admissible evidence. The request also seeks documents protected by the

10  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

11  The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

12  information. This request seeks documents not in MCT's possession, custody or control. MCT

13  also objects to this request to the extent it is premature and/or duplicative of disclosures and

14  production required under the Patent Local Rules.

15       Subject to these objections, and the general objections set forth above, MCT will produce

16  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

17  extent any such documents exist and have not already been produced, at a location and at a time

18  mutually convenient to the parties pursuant to the protective order entered in this case.

19  Discovery and investigation are ongoing.

20  **REQUEST FOR PRODUCTION NO. 11:**

21       All Communications between MCI' and Sunix, ACCO, or Kensington regarding

22  DisplayLink Products or Display Adapter Products.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

24       Objection. This request is over-broad, unduly burdensome and oppressive. The request

25  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

26  lead to the discovery of admissible evidence. The request also seeks documents protected by the

27

28                                                12

---

MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK
CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE

1   attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

2   The request is also vague and ambiguous as to the terms "Display Adapter Products."  The

3   request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

4   information.  This request seeks documents not in MCT's possession, custody or control.  MCT

5   also objects to this request to the extent it is premature and/or duplicative of disclosures and

6   production required under the Patent Local Rules.

7       Subject to these objections, and the general objections set forth above, MCT will produce

8   any relevant, responsive, non-privileged documents in its possession, custody or control, to the

9   extent any such documents exist and have not already been produced, at a location and at a time

10  mutually convenient to the parties pursuant to the protective order entered in this case.

11  Discovery and investigation are ongoing.

12  **REQUEST FOR PRODUCTION NO. 12:**

13      All Documents that refer or relate to the '788 Patent; the subject matter disclosed or

14  claimed in the '788 Patent, the conception or reduction to practice of the subject matter of the

15  '788 Patent, prosecution of the '788 Patent and any Related Patents or Patent Applications,

16  whether foreign or domestic.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

18      Objection.  This request is over-broad, unduly burdensome and oppressive.  The request

19  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

20  lead to the discovery of admissible evidence.  The request also seeks documents protected by the

21  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

22  The request is also vague and ambiguous as to the terms "Related Patents or Patent

23  Applications."  The request also seeks MCT's and/or third-parties' confidential, proprietary

24  and/or trade secret information.  This request seeks documents not in MCT's possession, custody

25  or control.  MCT also objects to this request to the extent it is premature and/or duplicative of

26  disclosures and production required under the Patent Local Rules.

27

28                              13

1    Subject to these objections, and the general objections set forth above, MCT will produce

2  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

3  extent any such documents exist and have not already been produced, at a location and at a time

4  mutually convenient to the parties pursuant to the protective order entered in this case.

5  Discovery and investigation are ongoing.

6  **REQUEST FOR PRODUCTION NO. 13:**

7    All Documents, engineering memoranda and reports, progress reports, design review

8  meeting notes or minutes, engineering or laboratory notebooks, product specifications, and other

9  like Documents, concerning the conception, testing, reduction to practice, or any other aspect of

10  the '788 Patent or any product incorporating the subject matter described or claimed in the '788

11  Patent.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

13    Objection. This request is over-broad, unduly burdensome and oppressive. The request

14  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

15  lead to the discovery of admissible evidence. The request is also vague and ambiguous. The

16  request also seeks documents protected by the attorney-client privilege, the work product

17  immunity doctrine and/or other applicable privileges. The request also seeks MCT's and/or

18  third-parties' confidential, proprietary and/or trade secret information. This request seeks

19  documents not in MCT's possession, custody or control. MCT also objects to this request to the

20  extent it is premature and/or duplicative of disclosures and production required under the Patent

21  Local Rules.

22    Subject to these objections, and the general objections set forth above, MCT will produce

23  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

24  extent any such documents exist and have not already been produced, at a location and at a time

25  mutually convenient to the parties pursuant to the protective order entered in this case.

26  Discovery and investigation are ongoing.

27

28

14

1    **REQUEST FOR PRODUCTION NO. 14:**

2    All Documents that refer or relate to any Display Adapter designed, developed, studied,

3    researched, commissioned, purchased, manufactured or sold by or for use with any product.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

5    Objection. This request is over-broad, unduly burdensome and oppressive. The request

6    also seeks documents that are neither relevant to any claim or defense of any party nor likely to

7    lead to the discovery of admissible evidence. The request also seeks documents protected by the

8    attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

9    The request is also vague and ambiguous as to the terms "Display Adapter." The request also

10   seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret information. This

11   request seeks documents not in MCT's possession, custody or control. MCT also objects to this

12   request to the extent it is premature and/or duplicative of disclosures and production required

13   under the Patent Local Rules.

14   Subject to these objections, and the general objections set forth above, MCT will produce

15   any relevant, responsive, non-privileged documents in its possession, custody or control, to the

16   extent any such documents exist and have not already been produced, at a location and at a time

17   mutually convenient to the parties pursuant to the protective order entered in this case.

18   Discovery and investigation are ongoing.

19   **REQUEST FOR PRODUCTION NO. 15:**

20   All Documents that refer or relate to the organization, classification, structure, or

21   protocols of MCT's current document control or document filing system, including all

22   Documents that refer or relate to any policy, program or practice of MCT for storing, retaining,

23   or destroying Documents.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

25   Objection. This request is over-broad, unduly burdensome and oppressive. The request

26   also seeks documents that are neither relevant to any claim or defense of any party nor likely to

27

28   15

---

**MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK**
**CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE**

1    lead to the discovery of admissible evidence. The request is also vague and ambiguous. The

2    request also seeks documents protected by the attorney-client privilege, the work product

3    immunity doctrine and/or other applicable privileges. The request also seeks MCT's and/or

4    third-parties' confidential, proprietary and/or trade secret information. This request seeks

5    documents not in MCT's possession, custody or control. MCT also objects to this request to the

6    extent it is premature and/or duplicative of disclosures and production required under the Patent

7    Local Rules.

8         Subject to these objections, and the general objections set forth above, MCT will produce

9    any relevant, responsive, non-privileged documents in its possession, custody or control, to the

10   extent any such documents exist and have not already been produced, at a location and at a time

11   mutually convenient to the parties pursuant to the protective order entered in this case.

12   Discovery and investigation are ongoing.

13   **REQUEST FOR PRODUCTION NO. 16:**

14        All Documents that refer or relate to the research, design, development, manufacture,

15   construction, assembly, architecture, structure, operation, testing, qualification, marketing, sale

16   or distribution of any MCT Display Adapter Product or Technology or any part thereof,

17   including, by way of example only, block diagrams, flow charts, schematics, logic diagrams,

18   layout diagrams, layout plots, assembly drawings, reference manuals, operations manuals,

19   system manuals, technical specifications, bills of materials, materials descriptions, reports on

20   yields, and other like document.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

22        Objection. This request is over-broad, unduly burdensome and oppressive. The request

23   also seeks documents that are neither relevant to any claim or defense of any party nor likely to

24   lead to the discovery of admissible evidence. The request is also vague and ambiguous. The

25   request also seeks documents protected by the attorney-client privilege, the work product

26   immunity doctrine and/or other applicable privileges. The request is also vague and ambiguous

27

28                                          16

1    as to the terms "Display Adapter Product or Technology." The request also seeks MCT's and/or

2    third-parties' confidential, proprietary and/or trade secret information. This request seeks

3    documents not in MCT's possession, custody or control. MCT also objects to this request to the

4    extent it is premature and/or duplicative of disclosures and production required under the Patent

5    Local Rules.

6        Subject to these objections, and the general objections set forth above, MCT will produce

7    any relevant, responsive, non-privileged documents in its possession, custody or control, to the

8    extent any such documents exist and have not already been produced, at a location and at a time

9    mutually convenient to the parties pursuant to the protective order entered in this case.

10   Discovery and investigation are ongoing.

11   **REQUEST FOR PRODUCTION NO. 17:**

12       All engineering memoranda and reports, progress reports, design review meeting notes or

13   minutes, engineering or laboratory notebooks, product specifications, and other like documents,

14   concerning any MCT Display Adapter Product, the '788 Patent or any part thereof.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

16       Objection. This request is over-broad, unduly burdensome and oppressive. The request

17   also seeks documents that are neither relevant to any claim or defense of any party nor likely to

18   lead to the discovery of admissible evidence. The request also seeks documents protected by the

19   attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

20   The request is also vague and ambiguous as to the terms "Display Adapter Product." The

21   request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

22   information. This request seeks documents not in MCT's possession, custody or control. MCT

23   also objects to this request to the extent it is premature and/or duplicative of disclosures and

24   production required under the Patent Local Rules.

25       Subject to these objections, and the general objections set forth above, MCT will produce

26   any relevant, responsive, non-privileged documents in its possession, custody or control, to the

27

28                                          17

1  extent any such documents exist and have not already been produced, at a location and at a time

2  mutually convenient to the parties pursuant to the protective order entered in this case.

3  Discovery and investigation are ongoing.

4  **REQUEST FOR PRODUCTION NO. 18:**

5      A sample of each MCT Display Adapter Product made, sold, sampled, or distributed by

6  MCT or on MCT's behalf.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

8      Objection. This request is over-broad, unduly burdensome and oppressive. The request

9  also seeks documents or things that are neither relevant to any claim or defense of any party nor

10  likely to lead to the discovery of admissible evidence. The request is also vague and ambiguous

11  as to the terms "Display Adapter Product." The request also seeks MCT's and/or third-parties'

12  confidential, proprietary and/or trade secret information. This request seeks documents not in

13  MCT's possession, custody or control. MCT also objects to this request to the extent it is

14  premature and/or duplicative of disclosures and production required under the Patent Local

15  Rules.

16      Subject to these objections, and the general objections set forth above, MCT will produce

17  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

18  extent any such documents exist and have not already been produced, at a location and at a time

19  mutually convenient to the parties pursuant to the protective order entered in this case.

20  Discovery and investigation are ongoing.

21  **REQUEST FOR PRODUCTION NO. 19:**

22      All notebooks, logs, memoranda, publications, notes, abstracts, reports, letters, articles,

23  specifications, speeches, presentations, or other documents authored or given, in whole or in part,

24  by Pei Chung Liu, the sole inventor named on the face of the '788 Patent.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

26      Objection. This request is over-broad, unduly burdensome and oppressive. The request

27

28                                          18

1   also seeks documents or things that are neither relevant to any claim or defense of any party nor

2   likely to lead to the discovery of admissible evidence. The request also seeks documents

3   protected by the attorney-client privilege, the work product immunity doctrine and/or other

4   applicable privileges. The request also seeks MCT's and/or third-parties' confidential,

5   proprietary and/or trade secret information. The request is also vague and ambiguous. This

6   request seeks documents not in MCT's possession, custody or control. MCT also objects to this

7   request to the extent it is premature and/or duplicative of disclosures and production required

8   under the Patent Local Rules.

9       Subject to these objections, and the general objections set forth above, MCT will produce

10   any relevant, responsive, non-privileged documents in its possession, custody or control, to the

11   extent any such documents exist and have not already been produced, at a location and at a time

12   mutually convenient to the parties pursuant to the protective order entered in this case.

13   Discovery and investigation are ongoing.

14   **REQUEST FOR PRODUCTION NO. 20:**

15       All Documents that refer or relate to the examination, reverse engineering,

16   photographing, testing, evaluation or analysis by MCT engineers or programmers, or by any

17   third party acting on behalf of MCT, of any DisplayLink technology or product.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

19       Objection. This request is over-broad, unduly burdensome and oppressive. The request

20   also seeks documents or things that are neither relevant to any claim or defense of any party nor

21   likely to lead to the discovery of admissible evidence. The request also seeks documents

22   protected by the attorney-client privilege, the work product immunity doctrine and/or other

23   applicable privileges. The request is also vague and ambiguous as to the terms "DisplayLink

24   technology or product." This request seeks documents not in MCT's possession, custody or

25   control. The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade

26   secret information. MCT also objects to this request to the extent it is premature and/or

27

28                         19

**MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK
CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE**

1  duplicative of disclosures and production required under the Patent Local Rules.

2    Subject to these objections, and the general objections set forth above, MCT will produce

3  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

4  extent any such documents exist and have not already been produced, at a location and at a time

5  mutually convenient to the parties pursuant to the protective order entered in this case.

6  Discovery and investigation are ongoing.

7  **REQUEST FOR PRODUCTION NO. 21:**

8    All Documents that refer or relate to correspondence between DisplayLink and MCT.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

10    Objection. This request is over-broad, unduly burdensome and oppressive. The request

11  also seeks documents or things that are neither relevant to any claim or defense of any party nor

12  likely to lead to the discovery of admissible evidence. The request also seeks documents

13  protected by the attorney-client privilege, the work product immunity doctrine and/or other

14  applicable privileges. This request seeks documents not in MCT's possession, custody or

15  control. The request also seeks documents within DisplayLink's possession custody and/or

16  control.

17    Subject to these objections, and the general objections set forth above, MCT will produce

18  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

19  extent any such documents exist and have not already been produced, at a location and at a time

20  mutually convenient to the parties pursuant to the protective order entered in this case.

21  Discovery and investigation are ongoing.

22  **REQUEST FOR PRODUCTION NO. 22:**

23    All Documents that refer or relate to analysis, discussions, or other considerations as to

24  whether any MCT Display Adapter Product or any part thereof practices one or more claims or

25  the subject matter of the '788 Patent.

26

27

28

MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK
CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

2      Objection. This request is over-broad, unduly burdensome and oppressive. The request

3  also seeks documents or things that are neither relevant to any claim or defense of any party nor

4  likely to lead to the discovery of admissible evidence. The request also seeks documents

5  protected by the attorney-client privilege, the work product immunity doctrine and/or other

6  applicable privileges. The request is also vague and ambiguous as to the terms "Display Adapter

7  Product." The request also seeks MCT's and/or third-parties' confidential, proprietary and/or

8  trade secret information. MCT also objects to this request to the extent it is premature and/or

9  duplicative of disclosures and production required under the Patent Local Rules.

10      Subject to these objections, and the general objections set forth above, MCT will produce

11  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

12  extent any such documents exist and have not already been produced, at a location and at a time

13  mutually convenient to the parties pursuant to the protective order entered in this case.

14  Discovery and investigation are ongoing.

15  **REQUEST FOR PRODUCTION NO. 23:**

16      All Documents that refer or relate to the first sale, offer for sale, use, demonstration,

17  sampling, test, or publication of any MCT Display Adapter Product or Technology.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

19      Objection. This request is over-broad, unduly burdensome and oppressive. The request

20  also seeks documents or things that are neither relevant to any claim or defense of any party nor

21  likely to lead to the discovery of admissible evidence. The request also seeks documents

22  protected by the attorney-client privilege, the work product immunity doctrine and/or other

23  applicable privileges. The request is also vague and ambiguous as to the terms "Display Adapter

24  Product or Technology." This request seeks documents not in MCT's possession, custody or

25  control. The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade

26  secret information. MCT also objects to this request to the extent it is premature and/or

27

28                                         21

1  duplicative of disclosures and production required under the Patent Local Rules.

2       Subject to these objections, and the general objections set forth above, MCT will produce

3  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

4  extent any such documents exist and have not already been produced, at a location and at a time

5  mutually convenient to the parties pursuant to the protective order entered in this case.

6  Discovery and investigation are ongoing.

7  **REQUEST FOR PRODUCTION NO. 24:**

8       All Documents that refer or relate to any communication between MCT and any third

9  person, including DisplayLink but other than MCT's counsel of record in this action, that

10  discusses, refers to, or otherwise relates to the above-captioned litigation, or any claim, defense,

11  or counterclaim asserted therein.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

13       Objection.  This request is over-broad, unduly burdensome and oppressive.  The request

14  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

15  lead to the discovery of admissible evidence.  The request also seeks documents protected by the

16  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

17  The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

18  information.  The request is also vague and ambiguous.  This request seeks documents not in

19  MCT's possession, custody or control.  MCT also objects to this request to the extent it is

20  premature and/or duplicative of disclosures and production required under the Patent Local

21  Rules.

22       Subject to these objections, and the general objections set forth above, MCT will produce

23  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

24  extent any such documents exist and have not already been produced, at a location and at a time

25  mutually convenient to the parties pursuant to the protective order entered in this case.

26  Discovery and investigation are ongoing.

27

28                                     22

1    **REQUEST FOR PRODUCTION NO. 25:**

2        All Documents (including invoices and purchase orders) that refer or relate to any MCT

3    Display Adapter Product or any part thereof shipped or otherwise distributed at any time by

4    MCT or on MCT's behalf.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

6        Objection. This request is over-broad, unduly burdensome and oppressive. The request

7    also seeks documents that are neither relevant to any claim or defense of any party nor likely to

8    lead to the discovery of admissible evidence. The request also seeks documents protected by the

9    attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

10   The request is also vague and ambiguous as to the terms "Display Adapter Product" and "gross

11   and net margin realized," and "fixed and variable cost." The request also seeks MCT's and/or

12   third-parties' confidential, proprietary and/or trade secret information. This request seeks

13   documents not in MCT's possession, custody or control. MCT also objects to this request to the

14   extent it is premature and/or duplicative of disclosures and production required under the Patent

15   Local Rules.

16       Subject to these objections, and the general objections set forth above, MCT will produce

17   any relevant, responsive, non-privileged documents in its possession, custody or control, to the

18   extent any such documents exist and have not already been produced, at a location and at a time

19   mutually convenient to the parties pursuant to the protective order entered in this case.

20   Discovery and investigation are ongoing.

21

22   **REQUEST FOR PRODUCTION NO. 26:**

23       All Documents that refer or relate to the identity of the customer, part or product name

24   and/or number, unit volume, and/or shipping date of any MCT Display Adapter Product or any

25   part thereof shipped or otherwise distributed at any time by MCT or on MCT's behalf.

26

27

28

**MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK
CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

2      Objection. This request is over-broad, unduly burdensome and oppressive. The request

3  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

4  lead to the discovery of admissible evidence. The request also seeks documents protected by the

5  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

6  The request is also vague and ambiguous as to the terms "Display Adapter Product." The

7  request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

8  information. This request seeks documents not in MCT's possession, custody or control. MCT

9  also objects to this request to the extent it is premature and/or duplicative of disclosures and

10 production required under the Patent Local Rules.

11      Subject to these objections, and the general objections set forth above, MCT will produce

12 any relevant, responsive, non-privileged documents in its possession, custody or control, to the

13 extent any such documents exist and have not already been produced, at a location and at a time

14 mutually convenient to the parties pursuant to the protective order entered in this case.

15 Discovery and investigation are ongoing.

16 **REQUEST FOR PRODUCTION NO. 27:**

17      All Documents that refer or relate to the actual or forecasted pricing of any MCT Display

18 Adapter Product or any pail thereof sold or offered for sale by MCT or a person other than MCT.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

20      Objection. This request is over-broad, unduly burdensome and oppressive. The request

21 also seeks documents that are neither relevant to any claim or defense of any party nor likely to

22 lead to the discovery of admissible evidence. The request also seeks documents protected by the

23 attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

24 The request is also vague and ambiguous as to the terms "Display Adapter Product." The

25 request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

26 information. This request seeks documents not in MCT's possession, custody or control. MCT

27

28                                    24

1 | also objects to this request to the extent it is premature and/or duplicative of disclosures and

2 | production required under the Patent Local Rules.

3 |       Subject to these objections, and the general objections set forth above, MCT will produce

4 | any relevant, responsive, non-privileged documents in its possession, custody or control, to the

5 | extent any such documents exist and have not already been produced, at a location and at a time

6 | mutually convenient to the parties pursuant to the protective order entered in this case.

7 | Discovery and investigation are ongoing.

8 | **REQUEST FOR PRODUCTION NO. 28:**

9 |       All Documents that refer or relate to:

10 |     (a) the actual or forecasted costs or expenses incurred in the operation of MCT's

11 |         Display Adapter Product Business;

12 |     (b) the actual or forecasted revenues generated from the operation of MCT's Display

13 |         Adapter Product Business;

14 |     (c) the actual or forecasted profits generated from the operation of MCT's Display

15 |         Adapter Product Business;

16 |     (d) the actual or forecasted profit margin on the sale of any MCT's Display Adapter

17 |         Product Business;

18 |     (e) how MCT calculates the costs or expenses incurred in the operation of MCT's

19 |         Display Adapter Product Business;

20 |     (f) how MCT calculates the profits generated from the operation of MCT's Display

21 |         Adapter Product Business;

22 |     (g) how MCT calculates the profit margin experienced in the operation of MCT's

23 |         Display Adapter Product Business;

24 |     (h) any forecasts or projections of production of any MCT's Display Adapter Product

25 |         or any part thereof;

26 |     (i) any forecasts or projections of sales of any MCT's Display Adapter Product or any

27 |

28 | 25

1      part thereof; and

2      (j) any forecasts or projections of áales of any DDR Product or any Part thereof designed

3      or marketed by a person other than MCT, including, by way of example only, balance

4      sheets, ledgers, analyses, financial statements, and other documents that refer or relate

5      to MCT's revenues, profits and profit margins from the operation of MCT's Display

6      Adapter Product Business.

7      **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

8      Objection. This request is over-broad, unduly burdensome and oppressive. The request

9      also seeks documents that are neither relevant to any claim or defense of any party nor likely to

10      lead to the discovery of admissible evidence. The request also seeks documents protected by the

11      attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

12      The request is also vague and ambiguous as to the terms "Display Adapter Product." The

13      request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

14      information. This request seeks documents not in MCT's possession, custody or control. MCT

15      also objects to this request to the extent it is premature and/or duplicative of disclosures and

16      production required under the Patent Local Rules.

17      Subject to these objections, and the general objections set forth above, MCT will produce

18      any relevant, responsive, non-privileged documents in its possession, custody or control, to the

19      extent any such documents exist and have not already been produced, at a location and at a time

20      mutually convenient to the parties pursuant to the protective order entered in this case.

21      Discovery and investigation are ongoing.

22      **REQUEST FOR PRODUCTION NO. 29:**

23      All Documents that refer or relate to the identity of the dollar amount of MCT's

24      investment in research and development in connection with MCT's Display Adapter Product

25      Business.

26

27

28      26

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

2      Objection. This request is over-broad, unduly burdensome and oppressive. The request

3  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

4  lead to the discovery of admissible evidence. The request also seeks documents protected by the

5  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

6  The request is also vague and ambiguous as to the terms "Display Adapter Product." The

7  request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

8  information. This request seeks documents not in MCT's possession, custody or control. MCT

9  also objects to this request to the extent it is premature and/or duplicative of disclosures and

10  production required under the Patent Local Rules.

11      Subject to these objections, and the general objections set forth above, MCT will produce

12  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

13  extent any such documents exist and have not already been produced, at a location and at a time

14  mutually convenient to the parties pursuant to the protective order entered in this case.

15  Discovery and investigation are ongoing.

16  **REQUEST FOR PRODUCTION NO. 30:**

17      All Documents that refer or relate to any device or product, including, but not limited to

18  MCT's Display Adapter Product, which MCT regards as an acceptable non-infringing substitute

19  in view of the '788 Patent.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

21      Objection. This request is over-broad, unduly burdensome and oppressive. The request

22  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

23  lead to the discovery of admissible evidence. The request also seeks documents protected by the

24  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

25  The request is also vague and ambiguous as to the terms "Display Adapter Product." The

26  request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

27

28

**MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK
CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE**

1    information. This request seeks documents not in MCT's possession, custody or control. MCT

2    also objects to this request to the extent it is premature and/or duplicative of disclosures and

3    production required under the Patent Local Rules.

4            Subject to these objections, and the general objections set forth above, MCT will produce

5    any relevant, responsive, non-privileged documents in its possession, custody or control, to the

6    extent any such documents exist and have not already been produced, at a location and at a time

7    mutually convenient to the parties pursuant to the protective order entered in this case.

8    Discovery and investigation are ongoing.

9    **REQUEST FOR PRODUCTION NO. 31:**

10            All Documents relating to actual or potential competition in the market for Display

11    Adapter Technology and MCT's Display Adapter Product including analyses of competitors,

12    market share reports, or any other documents relating to actual competition, reported

13    competition, or the possibility of competition between MCT and any other person.

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

15            Objection. This request is over-broad, unduly burdensome and oppressive. The request

16    also seeks documents that are neither relevant to any claim or defense of any party nor likely to

17    lead to the discovery of admissible evidence. The request also seeks documents protected by the

18    attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

19    The request is also vague and ambiguous as to the terms "Display Adapter Product." The

20    request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

21    information. This request seeks documents not in MCT's possession, custody or control. MCT

22    also objects to this request to the extent it is premature and/or duplicative of disclosures and

23    production required under the Patent Local Rules.

24            Subject to these objections, and the general objections set forth above, MCT will produce

25    any relevant, responsive, non-privileged documents in its possession, custody or control, to the

26    extent any such documents exist and have not already been produced, at a location and at a time

27

28

**MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK**
**CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE**

1  mutually convenient to the parties pursuant to the protective order entered in this case.

2  Discovery and investigation are ongoing.

3  **REQUEST FOR PRODUCTION NO. 32:**

4      All Documents that refer or relate to information disclosed to the public or third parties

5  concerning any MCT Display Adapter Product or any part thereof including:

6      (a) speeches, talks, or presentations by MCI personnel;

7      (b) press releases and announcements;

8      (c) product literature, descriptions or manuals;

9      (d) meeting transcripts or materials;

10     (e) statements made to investment advisors, brokers, shareholders, or potential

11       investors; and

12     (f) communications to customers or prospective customers.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

14     Objection. This request is over-broad, unduly burdensome and oppressive. The request

15 also seeks documents that are neither relevant to any claim or defense of any party nor likely to

16 lead to the discovery of admissible evidence. The request also seeks documents protected by the

17 attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

18 The request is also vague and ambiguous. The request also seeks MCT's and/or third-parties'

19 confidential, proprietary and/or trade secret information. This request seeks documents not in

20 MCT's possession, custody or control. MCT also objects to this request to the extent it is

21 premature and/or duplicative of disclosures and production required under the Patent Local

22 Rules.

23     Subject to these objections, and the general objections set forth above, MCT will produce

24 any relevant, responsive, non-privileged documents in its possession, custody or control, to the

25 extent any such documents exist and have not already been produced, at a location and at a time

26 mutually convenient to the parties pursuant to the protective order entered in this case.

27

28

**MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK
CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE**

1  Discovery and investigation are ongoing.

2  **REQUEST FOR PRODUCTION NO. 33:**

3       All Documents that refer or relate to the patentability or validity of, or that MCT

4  contends are relevant to, the '788 Patent or any claim thereof.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

6       Objection. This request is over-broad, unduly burdensome and oppressive. The request

7  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

8  lead to the discovery of admissible evidence. The request also seeks documents protected by the

9  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

10  The request is also vague and ambiguous as to the terms "Display Adapter Product." The

11  request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

12  information. This request seeks documents not in MCT's possession, custody or control. MCT

13  also objects to this request to the extent it is premature and/or duplicative of disclosures and

14  production required under the Patent Local Rules.

15       Subject to these objections, and the general objections set forth above, MCT will produce

16  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

17  extent any such documents exist and have not already been produced, at a location and at a time

18  mutually convenient to the parties pursuant to the protective order entered in this case.

19  Discovery and investigation are ongoing.

20  **REQUEST FOR PRODUCTION NO. 34:**

21       All Documents that refer or relate to any prior art searches concerning the '788 Patent.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

23       Objection. This request is over-broad, unduly burdensome and oppressive. The request

24  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

25  lead to the discovery of admissible evidence. The request also seeks documents protected by the

26  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

27

28                            30

1  The request is also vague and ambiguous. The request also seeks MCT's and/or third-parties'

2  confidential, proprietary and/or trade secret information. This request seeks documents not in

3  MCT's possession, custody or control. MCT also objects to this request to the extent it is

4  premature and/or duplicative of disclosures and production required under the Patent Local

5  Rules.

6      Subject to these objections, and the general objections set forth above, MCT will produce

7  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

8  extent any such documents exist and have not already been produced, at a location and at a time

9  mutually convenient to the parties pursuant to the protective order entered in this case.

10  Discovery and investigation are ongoing.

11  **REQUEST FOR PRODUCTION NO. 35:**

12      All Documents that refer or relate to any information (including patents, publications,

13  knowledge, public uses, sales, or offers to sell, as well as any product, device or method of a

14  third party) known to, considered, or identified by MCT as prior art or potential prior art with

15  regard to the '788 Patent or any claim thereof.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

17      Objection. This request is over-broad, unduly burdensome and oppressive. The request

18  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

19  lead to the discovery of admissible evidence. The request also seeks documents protected by the

20  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

21  The request is also vague and ambiguous. The request also seeks MCT's and/or third-parties'

22  confidential, proprietary and/or trade secret information. This request seeks documents not in

23  MCT's possession, custody or control. MCT also objects to this request to the extent it is

24  premature and/or duplicative of disclosures and production required under the Patent Local

25  Rules.

26      Subject to these objections, and the general objections set forth above, MCT will produce

27

28                                    31

1    any relevant, responsive, non-privileged documents in its possession, custody or control, to the

2    extent any such documents exist and have not already been produced, at a location and at a time

3    mutually convenient to the parties pursuant to the protective order entered in this case.

4    Discovery and investigation are ongoing.

5    **REQUEST FOR PRODUCTION NO. 36:**

6        All Document that refer or relate to the scope of the prior art and/or the level of ordinary

7    skill in the "art," as the term "art" is used in 35 U.S.C. § 103, of the subject matter described or

8    claimed in the '788 Patent.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

10        Objection. This request is over-broad, unduly burdensome and oppressive. The request

11    also seeks documents that are neither relevant to any claim or defense of any party nor likely to

12    lead to the discovery of admissible evidence. The request also seeks documents protected by the

13    attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

14    The request is also vague and ambiguous. The request also seeks MCT's and/or third-parties'

15    confidential, proprietary and/or trade secret information. This request seeks documents not in

16    MCT's possession, custody or control. MCT also objects to this request to the extent it is

17    premature and/or duplicative of disclosures and production required under the Patent Local

18    Rules.

19        Subject to these objections, and the general objections set forth above, MCT will produce

20    any relevant, responsive, non-privileged documents in its possession, custody or control, to the

21    extent any such documents exist and have not already been produced, at a location and at a time

22    mutually convenient to the parties pursuant to the protective order entered in this case.

23    Discovery and investigation are ongoing.

24    **REQUEST FOR PRODUCTION NO. 37:**

25        All Documents that refer or relate to the factors considered in assessing the validity or

26    any alleged invalidity under 35 U.S.C. § 103 of the subject matter described or claimed in the

27

28    32

---

MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK<br>CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE

1    '788 Patent, including any "long-felt but unmet need," "commercial success," or any secondary

2    consideration of the type described in Graham v. John Deere, 383 U.S. 1(1966) and its progeny.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

4         Objection.  This request is over-broad, unduly burdensome and oppressive.  The request

5    also seeks documents that are neither relevant to any claim or defense of any party nor likely to

6    lead to the discovery of admissible evidence.  The request also seeks documents protected by the

7    attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

8    The request is also vague and ambiguous.  The request also seeks MCT's and/or third-parties'

9    confidential, proprietary and/or trade secret information.  This request seeks documents not in

10   MCT's possession, custody or control.  MCT also objects to this request to the extent it is

11   premature and/or duplicative of disclosures and production required under the Patent Local

12   Rules.

13        Subject to these objections, and the general objections set forth above, MCT will produce

14   any relevant, responsive, non-privileged documents in its possession, custody or control, to the

15   extent any such documents exist and have not already been produced, at a location and at a time

16   mutually convenient to the parties pursuant to the protective order entered in this case.

17   Discovery and investigation are ongoing.

18   **REQUEST FOR PRODUCTION NO. 38:**

19        All Documents that refer or relate to any investigation or consideration of the scope,

20   validity or infringement of any claim of the '788 Patent.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

22        Objection.  This request is over-broad, unduly burdensome and oppressive.  The request

23   also seeks documents that are neither relevant to any claim or defense of any party nor likely to

24   lead to the discovery of admissible evidence.  The request also seeks documents protected by the

25   attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

26   The request is also vague and ambiguous.  The request also seeks MCT's and/or third-parties'

27

28

**MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK
CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE**

1   confidential, proprietary and/or trade secret information. This request seeks documents not in

2   MCT's possession, custody or control. MCT also objects to this request to the extent it is

3   premature and/or duplicative of disclosures and production required under the Patent Local

4   Rules.

5        Subject to these objections, and the general objections set forth above, MCT will produce

6   any relevant, responsive, non-privileged documents in its possession, custody or control, to the

7   extent any such documents exist and have not already been produced, at a location and at a time

8   mutually convenient to the parties pursuant to the protective order entered in this case.

9   Discovery and investigation are ongoing.

10  **REQUEST FOR PRODUCTION NO. 39:**

11       All Documents that refer or relate to any investigation, analysis, study, review or

12  consideration of the infringement or alleged non-infringement of the '788 Patent or any claim

13  thereof, including any comparison of any claim of the '788 Patent or a counterpart thereof to any

14  MCT Display Adapter Product or any Accused DisplayLink Products.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

16       Objection. This request is over-broad, unduly burdensome and oppressive. The request

17  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

18  lead to the discovery of admissible evidence. The request also seeks documents protected by the

19  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

20  The request is also vague and ambiguous as to the terms "Display Adapter Product." The

21  request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

22  information. This request seeks documents not in MCT's possession, custody or control. MCT

23  also objects to this request to the extent it is premature and/or duplicative of disclosures and

24  production required under the Patent Local Rules.

25       Subject to these objections, and the general objections set forth above, MCT will produce

26  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

27

28                                    34

1  extent any such documents exist and have not already been produced, at a location and at a time

2  mutually convenient to the parties pursuant to the protective order entered in this case.

3  Discovery and investigation are ongoing.

4  **REQUEST FOR PRODUCTION NO. 40:**

5      All Documents that form the basis of support or otherwise refer or relate to MCT's

6  affirmative defenses and counterclaims in this action, including all Documents identified, used or

7  relied upon in preparation of MCT's Answers.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

9      Objection. This request is over-broad, unduly burdensome and oppressive. The request

10  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

11  lead to the discovery of admissible evidence. The request also seeks documents protected by the

12  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

13  The request is also vague and ambiguous. The request also seeks MCT's and/or third-parties'

14  confidential, proprietary and/or trade secret information. This request seeks documents not in

15  MCT's possession, custody or control. MCT also objects to this request to the extent it is

16  premature and/or duplicative of disclosures and production required under the Patent Local

17  Rules.

18      Subject to these objections, and the general objections set forth above, MCT will produce

19  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

20  extent any such documents exist and have not already been produced, at a location and at a time

21  mutually convenient to the parties pursuant to the protective order entered in this case.

22  Discovery and investigation are ongoing.

23  **REQUEST FOR PRODUCTION NO. 41:**

24      All Documents that form the basis of support or otherwise refer or relate to MCT's claim

25  that DisplayLink infringes (either directly, contributorily or by inducement) any claim of any of

26  the '788 Patent.

27

28

35

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

2      Objection. This request is over-broad, unduly burdensome and oppressive. The request

3 also seeks documents that are neither relevant to any claim or defense of any party nor likely to

4 lead to the discovery of admissible evidence. The request also seeks documents protected by the

5 attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

6 The request is also vague and ambiguous. The request also seeks MCT's and/or third-parties'

7 confidential, proprietary and/or trade secret information. This request seeks documents not in

8 MCT's possession, custody or control. MCT also objects to this request to the extent it is

9 premature and/or duplicative of disclosures and production required under the Patent Local

10 Rules.

11      Subject to these objections, and the general objections set forth above, MCT will produce

12 any relevant, responsive, non-privileged documents in its possession, custody or control, to the

13 extent any such documents exist and have not already been produced, at a location and at a time

14 mutually convenient to the parties pursuant to the protective order entered in this case.

15 Discovery and investigation are ongoing.

16 | **REQUEST FOR PRODUCTION NO. 42:**

17      All Documents that form the basis of support or otherwise refer or relate to Konami's

18 belief that the '788 Patent is valid under 35 U.S.C. § 101 et seq.

19 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

20      Objection. This request is over-broad, unduly burdensome and oppressive. The request

21 also seeks documents that are neither relevant to any claim or defense of any party nor likely to

22 lead to the discovery of admissible evidence. The request also seeks documents protected by the

23 attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

24 The request is also vague and ambiguous. The request also seeks MCT's and/or third-parties'

25 confidential, proprietary and/or trade secret information. This request seeks documents not in

26 MCT's possession, custody or control. MCT also objects to this request to the extent it is

27

28

**MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK
CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE**

1  premature and/or duplicative of disclosures and production required under the Patent Local

2  Rules.

3        Subject to these objections, and the general objections set forth above, MCT will produce

4  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

5  extent any such documents exist and have not already been produced, at a location and at a time

6  mutually convenient to the parties pursuant to the protective order entered in this case.

7  Discovery and investigation are ongoing.

8  **REQUEST FOR PRODUCTION NO. 43:**

9        All Documents that form the basis of support or otherwise refer or relate to MCT's belief

10  that MCT is not barred from asserting the '788 Patent against DisplayLink under the doctrine of

11  license, implied license, exhaustion, one or more statutes of limitation, doctrine of laches,

12  estoppel, or acquiescence.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

14        Objection.  This request is over-broad, unduly burdensome and oppressive.  The request

15  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

16  lead to the discovery of admissible evidence.  The request also seeks documents protected by the

17  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

18  The request is also vague and ambiguous.  The request also seeks MCT's and/or third-parties'

19  confidential, proprietary and/or trade secret information.  This request seeks documents not in

20  MCT's possession, custody or control.  MCT also objects to this request to the extent it is

21  premature and/or duplicative of disclosures and production required under the Patent Local

22  Rules.

23        Subject to these objections, and the general objections set forth above, MCT will produce

24  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

25  extent any such documents exist and have not already been produced, at a location and at a time

26  mutually convenient to the parties pursuant to the protective order entered in this case.

27

28                                                    37

MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK
CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE

1 | Discovery and investigation are ongoing.

2 | **REQUEST FOR PRODUCTION NO. 44:**

3 |      All Documents that refer or relate to MCT's contentions or factual basis for such

4 | contentions that DisplayLink did (or does) infringe the '788 Patent willfully, including any

5 | opinions of counsel obtained by or prepared on behalf of MCT.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

7 |      Objection. This request is over-broad, unduly burdensome and oppressive. The request

8 | also seeks documents that are neither relevant to any claim or defense of any party nor likely to

9 | lead to the discovery of admissible evidence. The request also seeks documents protected by the

10 | attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

11 | The request is also vague and ambiguous. The request also seeks MCT's and/or third-parties'

12 | confidential, proprietary and/or trade secret information. This request seeks documents not in

13 | MCT's possession, custody or control. MCT also objects to this request to the extent it is

14 | premature and/or duplicative of disclosures and production required under the Patent Local

15 | Rules.

16 |      Subject to these objections, and the general objections set forth above, MCT will produce

17 | any relevant, responsive, non-privileged documents in its possession, custody or control, to the

18 | extent any such documents exist and have not already been produced, at a location and at a time

19 | mutually convenient to the parties pursuant to the protective order entered in this case.

20 | Discovery and investigation are ongoing.

21 | **REQUEST FOR PRODUCTION NO. 45:**

22 |      All Documents that refer or relate to (including any documents exchanged in connection

23 | with) any proposed or consummated transaction involving DisplayLink and MCT.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

25 |      Objection. This request is over-broad, unduly burdensome and oppressive. The request

26 | also seeks documents that are neither relevant to any claim or defense of any party nor likely to

27 |

28 | 38

1    lead to the discovery of admissible evidence. The request also seeks documents protected by the

2    attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

3    The request is also vague and ambiguous as to the terms "proposed or consummated

4    transaction." The request also seeks MCT's and/or third-parties' confidential, proprietary and/or

5    trade secret information. This request seeks documents not in MCT's possession, custody or

6    control. MCT also objects to this request to the extent it is premature and/or duplicative of

7    disclosures and production required under the Patent Local Rules.

8         Subject to these objections, and the general objections set forth above, MCT will produce

9    any relevant, responsive, non-privileged documents in its possession, custody or control, to the

10    extent any such documents exist and have not already been produced, at a location and at a time

11    mutually convenient to the parties pursuant to the protective order entered in this case.

12    Discovery and investigation are ongoing.

13    **REQUEST FOR PRODUCTION NO. 46:**

14         All Documents that refer or relate to any response to any discovery request propounded

15    in connection with this action, including any documents used or relied on in preparing any

16    response or supplemental response to any document request, request for admission or

17    interrogatory propounded by MCT in this action.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

19         Objection. This request is over-broad, unduly burdensome and oppressive. The request

20    also seeks documents that are neither relevant to any claim or defense of any party nor likely to

21    lead to the discovery of admissible evidence. The request also seeks documents protected by the

22    attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

23    The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

24    information. This request seeks documents not in MCT's possession, custody or control. MCT

25    also objects to this request to the extent it is premature and/or duplicative of disclosures and

26    production required under the Patent Local Rules.

27

28

1    Subject to these objections, and the general objections set forth above, MCT will produce

2  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

3  extent any such documents exist and have not already been produced, at a location and at a time

4  mutually convenient to the parties pursuant to the protective order entered in this case.

5  Discovery and investigation are ongoing.

6  **REQUEST FOR PRODUCTION NO. 47:**

7    With reference to jury instruction No. 5.7, ¶ 1 of the Model Patent Jury Instructions for

8  the Northern District of California, attached as Exhibit A, all documents relating to any

9  reasonable royalty damages to which MCT contends it is entitled.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

11    Objection. This request is over-broad, unduly burdensome and oppressive. The request

12  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

13  lead to the discovery of admissible evidence. The request also seeks documents protected by the

14  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

15  The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

16  information. This request seeks documents not in MCT's possession, custody or control. MCT

17  also objects to this request to the extent it is premature and/or duplicative of disclosures and

18  production required under the Patent Local Rules.

19    Subject to these objections, and the general objections set forth above, MCT will produce

20  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

21  extent any such documents exist and have not already been produced, at a location and at a time

22  mutually convenient to the parties pursuant to the protective order entered in this case.

23  Discovery and investigation are ongoing.

24  **REQUEST FOR PRODUCTION NO. 48:**

25    All documents relating to factors 1-li of jury instruction No. 12.3.7 of the Federal Circuit

26  Bar Association Model Patent Jury Instructions, attached as Exhibit B.

27

28                                          40
─────────────────────────────────────────────────────
MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK
CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

2       Objection. This request is over-broad, unduly burdensome and oppressive. The request

3  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

4  lead to the discovery of admissible evidence. The request also seeks documents protected by the

5  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

6  The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

7  information. This request seeks documents not in MCT's possession, custody or control. MCT

8  also objects to this request to the extent it is premature and/or duplicative of disclosures and

9  production required under the Patent Local Rules.

10       Subject to these objections, and the general objections set forth above, MCT will produce

11  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

12  extent any such documents exist and have not already been produced, at a location and at a time

13  mutually convenient to the parties pursuant to the protective order entered in this case.

14  Discovery and investigation are ongoing.

15  **REQUEST FOR PRODUCTION NO. 49:**

16       With reference to jury instruction Nos. 12.3, and 12.9-12.11 of the AIPLA Model Patent

17  Jury Instructions, attached as Exhibit C, all documents relating to MCT's contention that it is

18  entitled to lost profit damages.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

20       Objection. This request is over-broad, unduly burdensome and oppressive. The request

21  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

22  lead to the discovery of admissible evidence. The request also seeks documents protected by the

23  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

24  The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

25  information. This request seeks documents not in MCT's possession, custody or control. MCT

26  also objects to this request to the extent it is premature and/or duplicative of disclosures and

27

28                                         41

1  production required under the Patent Local Rules.

2      Subject to these objections, and the general objections set forth above, MCT will produce

3  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

4  extent any such documents exist and have not already been produced, at a location and at a time

5  mutually convenient to the parties pursuant to the protective order entered in this case.

6  Discovery and investigation are ongoing.

7  **REQUEST FOR PRODUCTION NO. 50:**

8      All documents relating to the Panduit Factors as defined in AIPLA Model Patent Jury

9  Instructions Nos. 12.4-12.8, as defined in Exhibit D.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

11      Objection. This request is over-broad, unduly burdensome and oppressive. The request

12  also seeks documents that are neither relevant to any claim or defense of any party nor likely to

13  lead to the discovery of admissible evidence. The request also seeks documents protected by the

14  attorney-client privilege, the work product immunity doctrine and/or other applicable privileges.

15  The request also seeks MCT's and/or third-parties' confidential, proprietary and/or trade secret

16  information. This request seeks documents not in MCT's possession, custody or control. MCT

17  also objects to this request to the extent it is premature and/or duplicative of disclosures and

18  production required under the Patent Local Rules.

19      Subject to these objections, and the general objections set forth above, MCT will produce

20  any relevant, responsive, non-privileged documents in its possession, custody or control, to the

21  extent any such documents exist and have not already been produced, at a location and at a time

22  mutually convenient to the parties pursuant to the protective order entered in this case.

23  Discovery and investigation are ongoing.

24

25

26

27

28

42

MAGIC CONTROL TECHNOLOGY'S OBJECTIONS AND RESPONSES TO DISPLAYLINK
CORPORATION REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET NO. ONE

1

2 | Dated: August 20, 2007

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WANG, HARTMANN & GIBBS, PC
A Professional Law Corporation



By:

Richard F. Cauley
Franklin E. Gibbs
Erick P. Wolf
Attorneys for Defendant and
Counterclaimant Magic Control Technology
Corporation

43