1  **WANG, HARTMANN, GIBBS & CAULEY, P.C**.
   A Professional Law Corporation
2  Richard F. Cauley (SBN: 109194)
   Franklin E. Gibbs (SBN: 189015)
3  Erick P. Wolf (SBN: 224906)
   1301 Dove Street, Suite 1050
4  Newport Beach, CA  92660
   Telephone: (949) 833-8483
5  Facsimile:  (949) 833-2281

6

7                    **UNITED STATES DISTRICT COURT**

8                  **NORTHERN DISTRICT OF CALIFORNIA**

9                        **SAN JOSE DIVISION**

10

11  DISPLAYLINK CORPORATION, a Washington )        CASE NO.:  5:07-CV-01998-RMW
    corporation,                         )
12                                       )       **DEFENDANT AND**
                                         )       **COUNTERCLAIM PLAINTIFF**
13              Plaintiff,               )       **MAGIC CONTROL**
                                         )       **TECHNOLOGY'S OPPOSITION**
14       v.                              )       **TO DISPLAYLINK'S MOTION TO**
                                         )       **COMPEL PRODUCTION OF**
15  MAGIC CONTROL TECHNOLOGY             )       **DOCUMENTS**
    CORPORATION, a Taiwanese corporation; )
16                                       )
                Defendant.               )       Date: June 24, 2008
17                                       )       Time: 10:00 a.m.
                                         )       Courtroom: 2, 5th Floor
18                                       )
                                         )
19  _____ )       The Honorable Magistrate Judge
                                         )       Howard R. Lloyd
20  AND RELATED COUNTERCLAIMS            )
                                         )
21  _____)

22

23  **I.      INTRODUCTION**

24          Magic Control Technology Corp. ("MCT") hereby opposes DisplayLink Corporation's

    ("DisplayLink") Motion to Compel.  In response to the pertinent document requests (3, 6, 7, 10,
25
    12-14, 16-17, 19, 23, 25-26, and 31-36) and subject to underlying general and specific
26
    objections, MCT agreed to produce all relevant, responsive, non-privileged documents in its
27
    possession, custody or control, to the extent any such documents exist and have not already been
28

-----------------------------------------------------------------

                                      1

1   produced, at a location and at a time mutually convenient to the parties pursuant to the protective

2   order entered in this case.  Declaration of Erick P. Wolf ("Wolf Decl.") at ¶ 3.  As such, this

3   motion is premature and unnecessary.  In fact the only issue here is the speed which MCT is

4   producing responsive documents.  To date, MCT has already produced approximately 14,000

5   documents over the course of seven (7) different productions including patent prosecution

6   histories, development agreements, PowerPoint presentations, third-party documents, product

7   specifications, actual products, video clips, marketing materials, proposals, vendor information

8   and correspondence, product catalogs, and a plethora of emails between and among MCT

9   employees and third-parties, as well as further documents relating to the '788 patent and this

10  litigation.  Id. at ¶ 4.

11      DisplayLink has also subpoenaed four third-parties (Targus Group International, Inc.,

12  VinChip Systems, Inc., Cypress Semiconductor Corp., and Pinnacle Systems, Inc.) who worked

13  with MCT.  Id. at ¶ 5.  Documents responsive to these requests will likely be produced prior to

14  the June 24th hearing.  MCT also anticipates producing all documents responsive to

15  DisplayLink's subject requests by June 24th.  Accordingly, MCT's anticipated further production

16  should obviate the need for the hearing altogether.

17  **II.    ARGUMENT**

18      MCT does not contest that DisplayLink is entitled to discovery from MCT "regarding

19  any matter, not privileged, that is relevant to the claim or defense of any party...."  Fed. R. Civ.

20  P. 26.  However, MCT, like DisplayLink, is continually updating its production pursuant to its

21  obligations under the Federal Rules of Civil Procedure.  DisplayLink fails to cite any authority

22  prohibiting MCT from doing so.

23      **A.    MCT Has Made 7 Document Productions Responsive To Displaylink's**

24          **Requests**

25      Below is a listing of production made in response to DisplayLink requests.  In total, MCT

26  has produced 13,705 documents to date:

27

28

**DEFENDANT AND COUNTERCLAIM PLAINTIFF MAGIC CONTROL TECHNOLOGY'S**
**OPPOSITION TO DISPLAYLINK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

| DATE | PRODUCTION NOS. |
|------|-----------------|
| September 10, 2007 | MCT 0001-0166 |
| December 6, 2007 | MCT 0167-1922 |
| December 21, 2007 | MCT 1939-2514 |
| April 4, 2008 | MCT 2515-2659 |
| April 29, 2008 | MCT 2660-4161 |
| May 6, 2008 | MCT 4162-8645 |
| May 8, 2008 | MCT 8646-13705 |

Wolf Decl. at ¶ 6.

As noted above, DisplayLink has agreed to produce all relevant, responsive, non-privileged documents in its possession, custody or control, to the extent any such documents exist. As is customary in these types of cases, MCT's production, like DisplayLink's, is a rolling production. However, MCT anticipates producing all documents responsive to DisplayLink's request prior to the June 24th hearing.

**B.** **MCT Has Produced Documents Responsive To Request Nos. 3, 14, 16 And 17 And Intends To Produce The Remainder Of Responsive Documents Prior To June 24th**

As DisplayLink notes, these document requests pertain to research, design, development, structure and manufacture of MCT technology and Display Adapter Technology. As DisplayLink concedes, MCT has produced documents responsive to these requests – just not as many as DisplayLink thinks exist. Here, DisplayLink's main contention is that MCT did not produce these documents in "Mandarin." However, while MCT is headquartered in Taiwan, it conducts much of its operations in English, as evidenced by the hundreds of pages of internal emails written in English that have already been produced in this litigation. Some of these English emails are in fact directed to DisplayLink personnel who should know that MCT frequently uses English, rather than Mandarin to communicate in writing. Further, MCT has produced hundreds of pages in Mandarin - the majority of these documents related to product sales and financial information. Id. at ¶ 7.

3

1    Along similar lines, DisplayLink's contention that MCT has not produced any user

2 manuals or other technical manuals, engineering notebooks, engineering test reports, or source

3 code for its Display Adapter Technology is unfounded.  MCT has produced three different USB-

4 to-VGA converter products including underlying software.  Id. at ¶ 8.  As such, all user-related

5 information is contained within these products.  MCT is still however searching for responsive

6 documents and intends to produce any further responsive documents prior to the June 24th

7 hearing date.

8    **C.    MCT Has Produced Documents Responsive To Request Nos. 6, 19 and 33-36**

9         **And Intends To Produce The Remainder Of Responsive Documents Prior To**

10        **June 24th**

11    As DisplayLink notes, these requests seek prior art to the '788 patent and related

12 technology.  In response, MCT has produced many documents including the prosecution history

13 of the '788 patent as well as underlying citations.  Id. at ¶ 9.  As to the foreign patents and patent

14 applications noted by DisplayLink, MCT is in contact with its foreign associates attempting to

15 retrieve these prosecution histories.

16    With regards to DisplayLink's contention that these requests also pertain to prior art

17 including Display Adapter Products dated prior to the December 11, 2002, filing of the asserted

18 patent, MCT is searching for any related documents not already produced.  However, MCT has

19 produced hundreds of pages of documents related to USB-to-VGA converter technology and the

20 '788 patent, including documents relating to third-party vendors and related products.  Id. at ¶

21 10.  As set forth above, DisplayLink subpoenaed many related companies and is presently

22 awaiting their relevant document production.

23    In any event, as DisplayLink well knows, MCT is only obligated to produce "prior art"

24 in its possession, custody or control.  MCT will however conduct further searches and anticipates

25 producing all responsive documents prior to June 24th.

26    **D.    MCT Has Produced Documents Responsive To Request Nos. 12-13 And**

27         **Intends To Produce The Remainder Of Responsive Documents Prior To**

28         **June 24th**

**DEFENDANT AND COUNTERCLAIM PLAINTIFF MAGIC CONTROL TECHNOLOGY'S
OPPOSITION TO DISPLAYLINK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

1    Here, DisplayLink admits that MCT has produced "several hundred" pages of emails and

2  related attachments and technical documents responsive to these requests.  These documents

3  include correspondence between MCT employees and with third-parties that relate to the

4  development of the technology in MCT's products and the '788 patent.  Id. at ¶ 11.

5    While DisplayLink again contends that there should be more Mandarin documents, MCT

6  uses English extensively to communication with its employees and third-parties - as should be

7  evidenced from the lengthy email production spanning from 2001 to just prior to the filing of this

8  case.  MCT will however conduct further searches and anticipates producing all responsive

9  documents prior to June 24th.

10    **E.    MCT Has Produced Documents Responsive To Request No. 10 And Intends**

11         **To Produce The Remainder Of Responsive Documents Prior To June 24th**

12    DisplayLink admits that MCT produced communications with its distributors responsive

13  to this request.  MCT is still however searching for further communications and anticipates

14  producing all responsive documents prior to June 24th.

15    **F.    MCT Has Produced Documents Responsive To Request No. 23 And Intends**

16         **To Produce The Remainder Of Responsive Documents Prior To June 24th**

17    MCT has already produced extensive documents pertaining to individual unit sales and

18  related invoices.  MCT has produced hundreds of invoices and related underlying documents.

19  Id. at ¶ 12.  MCT is conducting further searches to determine if there is more particularized

20  evidence of its first sale and anticipates producing all responsive documents prior to June 24th.

21    **G.    MCT Has Produced Documents Responsive To Request Nos. 7, 16, 25-26,**

22         **And 31-32 And Intends To Produce The Remainder Of Responsive**

23         **Documents Prior To June 24th**

24    As DisplayLink notes, these requests seek documents related to MCT's sale, marketing of

25  and market for its products.  MCT had already produced a number of product advertisements and

26  flyers for domestic and foreign markets.  Id. at ¶ 13.  However, MCT's advertising is performed

27  predominately by its distributors such as Tritton Technologies Inc. ("Tritton") in the United

28  States as referenced in response to DisplayLink's interrogatories.  As such, these documents are

**DEFENDANT AND COUNTERCLAIM PLAINTIFF MAGIC CONTROL TECHNOLOGY'S**
**OPPOSITION TO DISPLAYLINK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

1    largely in the hands of third parties.  This makes it more time consuming for MCT to acquire the

2    information and also enables DisplayLink to subpoena these parties for this information (which it

3    has so far failed to do).  MCT will however conduct further searches and anticipates producing

4    all responsive documents prior to June 24th.

5    **III.    CONCLUSION**

6           As noted several times herein, MCT has already produced approximately 14,000

7    documents responsive to DisplayLink's numerous document requests.  As DisplayLink admits,

8    MCT has not refused to produce responsive non-privileged documents to the requests referred to

9    in DisplayLink's Motion to Compel.  Here, MCT's production, like DisplayLink's, is a rolling

10   production and as such, is not only in compliance with the Federal Rules of Civil Procedure but

11   also common practice in cases of this magnitude.  While MCT urges the Court to consider

12   DisplayLink's motion premature, MCT anticipates producing all relevant, responsive, non-

13   privileged documents in its possession, custody or control prior to the June 24th hearing date.

14   This corresponding production should relieve the Court from the necessity of hearing this

15   motion.

16

17   Dated:  June 3, 2008                              WANG, HARTMANN, GIBBS & CAULEY

18

19

20                                                      By:    /s/ Erick P. Wolf
                                                              Erick P. Wolf

21                                                      Attorneys for Defendant and Counterclaim
                                                        Plaintiff MAGIC CONTROL TECHNOLOGY
22                                                      CORPORATION

23

24

25

26

27

28

6

**DEFENDANT AND COUNTERCLAIM PLAINTIFF MAGIC CONTROL TECHNOLOGY'S**
**OPPOSITION TO DISPLAYLINK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**