JAMES C. YOON, State Bar No. 177155
    Email: jyoon@wsgr.com
STEFANI E. SHANBERG, State Bar No. 206717
    Email: sshanberg@wsgr.com
MONICA MUCCHETTI ENO, State Bar No. 164107
    Email: meno@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Plaintiff and Counterclaim Defendant
DISPLAYLINK CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISPLAYLINK CORPORATION, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>MAGIC CONTROL TECHNOLOGY CORPORATION, a Taiwanese corporation;<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO.: 5:07-CV-01998-RMW (HRL)<br><br>RELATED CASE NO.:<br>CV07-05707-RMW<br><br>**DISPLAYLINK'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Date:        June 24, 2008<br>Time:       10:00 a.m.<br>Courtroom: 2, 5th floor<br><br>The Honorable Magistrate Judge Howard R. Lloyd |

**I.   INTRODUCTION**

MCT's Opposition to DisplayLink's Motion to Compel proves the very point DisplayLink makes in its moving papers. DisplayLink cannot ensure that MCT will diligently search for and produce all documents responsive to the subject requests without a court order. MCT never challenges the relevance of any of the categories of requested documents. Nor does it argue that production of the documents would be unduly burdensome. Instead, it claims the documents are "on their way."

DisplayLink has been waiting for the requested documents for nearly a full year now. It has been promised that production of the documents is "just around the corner" countless times. With claim construction briefing in this case now concluded and a proposed fact discovery cut-off of December 1, it is now time to ensure that MCT promptly concludes its production and takes seriously its obligation to search for responsive documents. Accordingly, DisplayLink respectfully requests that the Court grant its motion to compel in its entirety and order MCT to produce all documents responsive to the subject request within ten business days.

**II.   ARGUMENT**

In its opposition brief, MCT never provides an explanation of why it has yet to produce all responsive documents to so many DisplayLink document requests. Instead, MCT claims that it is making a "rolling production"[1] and that the requested documents will be produced before the June 24 hearing. MCT Opp. Brief at 3:12-14. However, DisplayLink has been meeting and conferring with MCT regarding the requests at issue here since December of last year. At every meet and confer conference and in every meet and confer letter since that time, MCT has promised that the documents would be forthcoming. While MCT has always produced an additional trickle of documents after every meet and confer discussion, it has failed to produce numerous responsive documents that MCT now concedes exists. As discussed in more detail below with respect to each of the subject requests, it appears clear that MCT will not have the

---

[1] MCT repeatedly says that it has produced nearly 14,000 documents. See MCT Opp. Brief at 2:4-5, 2:25-26 and 6:6-7. MCT's statement is inaccurate. MCT has produced 13,705 *pages* but far fewer actual documents.

1 proper incentive to diligently search for responsive documents and complete its production
2 without a Court order.

### A. Documents Related to the Research, Design, Development, Structure and Manufacture of MCT Display Adapter Technology and Display Adapter Technology (Request Nos. 3, 14, 16 and 17)

MCT does not dispute that it has an obligation to produce all documents related to the research, design, development, structure and manufacture of its Display Adapter Technology. Instead, it argues that it has produced *some* documents responsive to this request and will continue to search for others. MCT's discussion of what it has already produced, however, strongly suggest that it will not fulfill its obligation to search for and produce all responsive documents in the absence of a court order.

For example, MCT implies that it will not search for (much less produce) any internal communications in Mandarin regarding the design, development and manufacture of its Display Adapter Technology. MCT claims (without any testimonial support) that it conducts much of its operations in English as demonstrated by the hundreds of pages it has produced of "internal emails written in English." MCT Opp. Brief at 3:22-24.

MCT's assertion that it has produced internal emails written in English is misleading at best. While MCT has produced some English internal emails, those emails are no more than transmittal emails. In the emails, the named inventor's administrative assistant, Serena Chang, forwards communications from third parties in English-speaking countries (*e.g.* the United States and India) to J. J. Chen.[2] MCT has produced *no* internal emails in Mandarin *or* English that contain substantive discussion about the actual design and development of the products it claims incorporate the '788 patent. MCT has also failed to produce *any* emails directly from the named inventor and MCT president, James Liu. It is impossible to believe that MCT personnel, including the named inventor, would not have had *any* substantive internal discussions surrounding the design, development or manufacture of their Display Adapter Technology.

---

[2] If it is relevant to this Court's ruling on this motion, DisplayLink would be glad to make these e-mails available for the Court's review.

MCT also implies that it may not search for or produce user manuals, technical manuals, engineering notebooks, engineering test reports and source code for its Display Adapter Technology without a court order. Instead of agreeing to produce these items, MCT states that it "has produced three [samples of its products] including underlying software." MCT Opp. Brief at 4:3-4. Contrary to MCT's claim, its production of product samples does *not* relieve it of its obligation to search for and produce other documents related to the design and development of its products, *e.g.*, user and technical manuals. A court order will ensure that MCT conducts this necessary search.

### B. Documents Constituting and Referring to Prior Art to the '788 Patent (Request Nos. 6, 19 and 33-36)

MCT concedes that its foreign patent filing and known prior art are relevant and would not be unduly burdensome to produce. With respect to its foreign patents and patent applications, MCT claims it is only now attempting to obtain these documents. MCT offers absolutely no explanation of why it has taken until DisplayLink's filing of this motion to even *begin* its search for these documents. DisplayLink specifically requested MCT's foreign filings in letters of February 19, 2008 and April 15, 2008. Declaration of Monica Mucchetti Eno ("Eno Decl."), Exs. A and B. In responding to these letters, MCT never gave any indication that it was trying to obtain its foreign patent files. Eno Decl. ¶ 5. MCT's conduct shows that a court order is necessary to ensure that MCT will follow through with its investigation.

Similarly, MCT says it "is searching for" any documents related to Display Adapter Products dated prior to the December 11, 2002 filing of the asserted patent. MCT Opp. Brief, 4:16-18. These documents are central to MCT's claims and should have been produced with its Initial Disclosures. Its failure to produce them thus far gives further indication that a court order compelling their production is warranted.

### C. Documents Related to any Aspect of the Conception, Reduction to Practice or Development of the '788 Patent (Request Nos. 12-13)

MCT fails to account for numerous conception, reduction to practice and early development documents that are still missing from its production. In an apparent effort to show

1  it has produced *some* meaningful documents, MCT points to the "several hundred" pages of
2  emails and technical documents it has produced in response to this request.  As discussed above,
3  however, MCT has failed to produce *any* internal emails in Mandarin or English that contain
4  *substantive* discussions related to the development of the '788 patent.
5       Moreover, MCT has taken the position that it conceived of the patent-in-suit in early
6  2000.  *See* Shanberg Decl. Ex. F (MCT's Third Supplemental Objections and Responses to
7  DisplayLink Corporation's Interrogatories), at 4:20-1.  Yet, MCT's email production does not
8  begin until October 2001.  It is difficult to believe that MCT had absolutely no discussions about
9  the development of its alleged invention for one full year after its invention was allegedly
10 conceived.  Thus, at a minimum, MCT has failed to search for and produce responsive emails for
11 the period January 2000 through mid-October 2001.
12      In addition, MCT has not produced copies of all communications and agreements with
13 the third-parties involved in joint development work with MCT related to the claimed invention,
14 *i.e.* VinChip, Targus and Cypress.  MCT has not produced any emails betwen and among
15 VinChip, Targus and MCT after September 2003.  Moreover, MCT has not produced the
16 executed agreements governing MCT's joint development work with VinChip, Cypress and
17 Targus.  There should be written documents and possibly draft agreements regarding who would
18 own the intellectual property arising from the parties' joint development work.  MCT has not
19 given any indication that it has searched for these documents.  It should be compelled to do so
20 now.

21 **D.    Communications Between MCT and any Distributors of its Products
         (Request No. 10)**
22

23      MCT does not say much about its failure to produce communications with its distributors.
24 It does not explain why it has thus far failed to produce any communications with its distributors
25 regarding pricing, discounts, features, performance, availability, complaints, competitors'
26 products or marketing.  Nor does it explain its failure to produce a copy of its distributorship
27 agreements.  Instead, all MCT says is that it will search for further communications and
28

1  "anticipates producing all responsive documents prior to June 24." MCT's promise provides thin
2  assurance absent a court order compelling such production.

3      **E.  Documents Related to MCT's First Sale, Offer for Sale or Demonstration (Request No. 23)**
4

5  MCT does not state that it has produced all documents related to its first sale, offer for
6  sale or demonstration of its embodying Display Adapater Technology. MCT says only that it is
7  searching for "more particularized evidence of its first sale." To be clear, documents related to
8  MCT's first sale are not the only documents covered by this request. This request also covers
9  documents related to MCT's first offer for sale and demonstration. The documents produced to
10 date indicate that Targus and MCT planned to do a road show for some potential customers in
11 mid-2003. No documents related to that road show have been produced. Nor has MCT
12 produced documents related to any other customer demonstrations or beta-testing performed
13 prior to or coincident with the launch of its product. The court should compel production of such
14 documents.

15     **F.  Documents Related to the Sale, Market for and Marketing of MCT's Products (Request Nos. 7, 16, 25-26 and 31-32)**
16

17 MCT attempts to explain its meager production of documents related to the sale, market
18 for and marketing of its products by saying (again without testimonial support) that its
19 advertising is performed primarily by its distributors such as Tritton. Even if it is true that
20 Tritton handles most of the advertising for MCT's products in the United States, it is difficult to
21 imagine that MCT has no written communications with Tritton regarding how its products will
22 be or have been advertised and marketed, who the target market may be, how those products
23 should be priced and the type of customer feed-back Tritton is receiving. MCT has produced
24 invoices to Tritton dating back to September 2004, so there should be email and other
25 communications between the two companies since at least that time. In addition, there must be a
26 distributorship agreement between Tritton and MCT which also has never been produced.
27 Because MCT fails to indicate in its opposition what times of sales and marketing documents it
28

1  intends to look for and produce, the Court should compel production of all such documents to
2  ensure that MCT's production is thorough and complete.

3  **III.    CONCLUSION**

4      For the foregoing reasons, DisplayLink respectfully requests that its Motion to Compel
5  be granted in its entirety and MCT be ordered to produce documents and information responsive
6  to the above-identified discovery requests in no less than ten business days.

Dated: June 10, 2008          WILSON SONSINI GOODRICH & ROSATI
                                    Professional Corporation

By: /s/ Monica Mucchetti Eno
     JAMES C. YOON, State Bar No. 177155
     STEFANI E. SHANBERG, State Bar No. 206717
     MONICA MUCCHETTI ENO, State Bar. No. 164107
     WILSON SONSINI GOODRICH & ROSATI
     Professional Corporation
     650 Page Mill Road
     Palo Alto, CA 94304-1050
     Telephone: (650) 493-9300
     Facsimile: (650) 565-5100
     Email: jyoon@wsgr.com
     Email: sshanberg@wsgr.com
     Email: meno@wsgr.com

     Attorneys for Plaintiff and Counterclaim Defendant
     DISPLAYLINK CORPORATION