# EXHIBIT A

**W**S**G**R   Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

650 Page Mill Road
Palo Alto, CA 94304-1050

PHONE 650.493.9300
FAX 650.493.6811

www.wsgr.com

February 19, 2008

**VIA ELECTRONIC MAIL & U.S. MAIL**

Mr. Richard Cauley
Wang, Hartmann, Gibbs, & Cauley, PC
1301 Dove Street, Suite 1050
Newport Beach, California  92660
rcauley@whglawfirm.com

      Re:    *DisplayLink Corp. v. Magic Control Technology Corp.*,
              U.S.D.C., Northern District of California, Case No. CV07-01998-RMW

Dear Richard:

      We have reviewed MCT's Supplemental Responses to DisplayLink's First Set of Interrogatories and MCT's supplemental document production.  We believe MCT's discovery responses and document production remain deficient.  Specifically, MCT has failed to provide full and complete responses in the following respects.

      **A.**      **Interrogatories**

Interrogatory No. 1 (seeking information re: conception and reduction to practice):
Interrogatory No. 1 requests that, for the alleged invention defined by *each* claim of the '788 patent, MCT "describe in detail the facts and circumstances that explain how and when the alleged invention was first conceived and first reduced to practice and identify all facts and evidence that support Your description." Although MCT has supplemented its response to this request to provide some basic information, MCT still has not identified critical information, such as the actual date on which the asserted claims of the patent were conceived and reduced to practice.

      Instead, MCT states only that the patent was conceived "at least as early" as December 2001 and reduced to practice "at least as early" as December 11, 2002.  As you know, the date of first conception and reduction to practice has a direct bearing on what constitutes prior art.  Therefore, if MCT contends that the '788 patent was conceived more than one year prior to the filing date, it must identify the specific date of alleged conception.  Likewise, if it believes the claimed inventions were reduced to practice before December 11, 2002, the date for such alleged reduction to practice must also be identified and supported.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Mr. Richard Cauley
February 19, 2008
Page 2

Moreover, while MCT's response identifies several people with knowledge relevant to conception and reduction to practice, *e.g.,* Serena Chang, J.J. Chen, Leslie Dotson and others, it fails to identify (i) whether these people played a role in the conception or reduction to practice of the '788 patent, and if so what role they played, or (ii) whether these people can corroborate the named inventor Pei Chung Liu's testimony regarding conception or reduction to practice, and if so, the nature of such corroborating testimony. This information is relevant since conception and reduction to practice must be proved by independent corroborating evidence. *See Cooper v. Goldfarb*, 154 F.3d 1321, 1329-30 (Fed. Cir. 1998) ("In order to establish an actual reduction to practice, an inventor's testimony must be corroborated by independent evidence"); *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994) ("Because [conception] is a mental act, courts require corroborating evidence of a contemporaneous disclosure that would enable one skilled in the art to make the invention."). Thus, MCT must either stipulate that it contends (i) the date of invention for the asserted claims of the '788 patent is no earlier than the date of that patent's filing and (ii) no person or entity can corroborate Mr. Liu's testimony regarding the dates of conception and reduction to practice, or it must immediately supplement its response to this Interrogatory to supply the above information.

Finally, MCT's supplemental response still fails to identify **by Bates Number** *any* documents that: (i) constitute, demonstrate, or relate to the alleged conception and/or reduction to practice of the '788 patent (as required by Interrogatory No. 1) or (ii) were referenced, studied, or relied upon by the named inventor of the '788 patent in the course of designing or developing any display adapter technology (as required by Interrogatory No. 7).

<u>Interrogatory No. 2 (seeking information re: objective indicia of non-obviousness)</u>: While MCT provides some basic information regarding its non-obviousness contentions, its supplemental response to Interrogatory No. 2 indicates that "further investigation and/or discovery from DisplayLink may reveal other indicia of non-obviousness." MCT's response suggests that it cannot provide any further information about its non-obviousness contentions until it takes discovery *from DisplayLink*.

However, MCT should not need any discovery from DisplayLink to state whether it contends that such factors as long felt need, failure of others, unexpected results and the receipt of honors and awards (if any) support a finding of non-obviousness, and if so, the evidentiary basis for each such contention. Therefore, MCT should further supplement its response to Interrogatory No. 2 to provide this information immediately or stipulate that it has no further evidentiary basis to support a claim of non-obviousness other than evidence it may obtain during the course of discovery from DisplayLink.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Mr. Richard Cauley
February 19, 2008
Page 3

Interrogatory No. 3 (seeking the identity of MCT's embodying products): MCT's supplemental response still does not identify which MCT products embody claims of the '788 patent, but instead, identifies those products that MCT claims "*may* practice and/or embody" certain claims. Yet, MCT clearly believes that certain of its products practice or embody the '788 patent because it stated as much in its supplemental response to Interrogatory No. 2: "Objective indicia of non-obviousness include products covered by the invention, sold ... by MCT . . ."

Interrogatory No. 6 (seeking the identity of patents related or similar to the '788 patent): MCT's supplemental response identifies four issued patents related to USB-to-VGA converters. Please verify whether MCT has any *pending* patents of a similar nature.

Interrogatory No. 8 (seeking communications between MCT and DisplayLink Customers). MCT has still not provided us with any response to this request.

**B.    Document Requests**

During our December 2007 meet and confer, you suggested that many of DisplayLink's concerns regarding the adequacy of MCT's document production to date (*i.e.*, the 37 pages produced by MCT in addition to the '788 patent file history) would be addressed by MCT's supplemental document production (*i.e.*, the approximately 2,000 pages produced in December). They were not. MCT has produced few documents – and in many instances, no documents – responsive to the following categories of requests.

- Documents related to the research, design, development, structure and manufacture of MCT Display Adapter Technology and Display Adapter Technology (Request Nos. 3, 14, 16 and 17)

- Documents constituting or referring to prior art to the '788 patent (Request Nos. 6, 33 and 34-36)

- A sample of each MCT Display Adapter Product made, sold or distributed (Request No. 18)

- Documents related to any aspect of the conception, reduction to practice or development of the '788 patent (Request Nos. 12-13 and 19)

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Mr. Richard Cauley
February 19, 2008
Page 4

- Communications between MCT and any distributors of MCT's or DisplayLink's products (Request Nos. 10-11 and 24)

- Documents related to the evaluation or analysis of DisplayLink's products (Request No. 20)

- Documents related to MCT's first sale or offer for sale (Request No. 23; Patent L. R. 3-2)

- All documents that refer or relate to any non-infringing substitutes (Request No. 30)

- Documents related to the sale, market for and marketing of MCT's products (Request Nos. 7, 16, 25-26, and 31-32).

* * *

It has been seven months since DisplayLink served its discovery requests, and we cannot wait any longer for MCT to fulfill its discovery obligations. Based on our in person meet and confer conducted on December 5, 2007, it is my impression that MCT has no intention of providing full and complete supplementation to its discovery responses or document production absent a Court order. I will call you later this week to confirm whether my understanding on that front is correct.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Stefani E. Shanberg