# EXHIBIT B



**WSGR** Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

650 Page Mill Road
Palo Alto, CA 94304-1050
PHONE 650.493.9300
FAX 650.493.6811
www.wsgr.com

April 15, 2008

**VIA ELECTRONIC MAIL & U.S. MAIL**

Mr. Erick P. Wolf
Wang, Hartmann, Gibbs, & Cauley, P.L.C.
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
ewolf@whglawfirm.com

Re: *DisplayLink Corp. v. Magic Control Technology Corp.*, U.S.D.C., Northern District of California, Case No. CV07-01998-RMW

Dear Erick:

We have reviewed MCT's April 2, 2008 response to our outstanding discovery concerns and MCT's Second Supplemental Response to Interrogatories of last week. We are still at a discovery impasse on a number of issues, including the following:

1. MCT's failure to specify the actual date on which the asserted claims of the patent were conceived and reduced to practice.

2. MCT's failure to specify whether the people it has identified as knowledgeable about conception and reduction to practice, *e.g.*, Serena Chang, J.J. Chen, Leslie Dotson and others, (a) played a role in the conception or reduction to practice of the '788 patent, and if so what role they played, or (ii) can corroborate the named inventor Pei Chung Liu's testimony regarding conception or reduction to practice, and if so, the nature of such corroborating testimony.

3. MCT's continued failure to produce all documents related to the research, design, development, structure and manufacture of MCT Display Adapter Technology and Display Adapter Technology (Request Nos. 3, 14, 16 and 17). In your April 2 letter, you indicate that MCT has produced all responsive, non-privileged documents that "it is aware of." However, MCT has produced e-mail from only one custodian. It is therefore clear, that MCT has not conducted a diligent search of the e-mails of all relevant witnesses. In addition, MCT has produced no internal communications or internal memos. The absence of such documents provides further indication that MCT's document collection efforts remain incomplete.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Mr. Erick P. Wolf
April 15, 2008
Page 2

    4.    MCT's continued failure to produce all documents constituting or referring to prior art to the '788 patent (Request Nos. 6, 33 and 34-36).

    5.    MCT's failure to produce all documents related to any aspect of the conception, reduction to practice or development of the '788 patent (Request Nos. 12-13 and 19). As noted before, MCT has produced e-mail from only one custodian. It cannot, therefore, justifiably claim that its production of these documents is "complete."

    6.    MCT's failure to produce any communications between MCT and its distributors on the grounds that this request is overbroad (Request Nos. 10-11 and 24).

    7.    MCT's continued failure to produce documents related to its first sale or offer for sale (Request No. 23; Patent L. R. 3-2)

    8.    MCT's continued failure to produce documents related to the sale, market for and marketing of MCT's products (Request Nos. 7, 16, 25-26, and 31-32).

I would like to meet and confer with someone from your office to discuss each of these outstanding discovery issues. I am available all day tomorrow or all day Monday, April 21. Please propose a time on one of those days when we can talk. During our conference, please prepare to provide me with a date certain by which MCT will supplement its responses to Items 4, 7 and 8 above as you indicate MCT is planning to do.

Finally, in your April 2 letter, you ask that we agree on a date by which the parties will exchange samples of their respective products. DisplayLink should be able to exchange by April 28. Please let us know whether that day works for MCT.

I look forward to hearing from you shortly regarding these issues.

                Sincerely,

                WILSON SONSINI GOODRICH & ROSATI
                Professional Corporation

                Stefani E. Shanberg