# EXHIBIT A

Case 5:07-cv-01998-RMW    Document 78-2    Filed 06/25/2008    Page 1 of 8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISPLAYLINK CORPORATION, a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MAGIC CONTROL TECHNOLOGY CORPORATION, a Taiwanese corporation,<br><br>　　　　　Defendant.<br><br>MAGIC CONTROL TECHNOLOGY CORPORATION, a Taiwanese Corporation,<br><br>　　　　　Counterclaim Plaintiff,<br><br>　vs.<br><br>DISPLAYLINK CORPORATION, a Washington corporation,<br><br>　　　　　Counterclaim Defendant. | CASE NO.: CV07-01998-RMW (HRL)<br>RELATED CASE<br>NO.: CV07-05707-RMW<br><br>**LETTER ROGATORY TO THE APPROPRIATE JUDICIAL AUTHORITY OF INDIA SEEKING DOCUMENTARY AND TESTIMONIAL EVIDENCE FROM VINCHIP SYSTEMS, INC.** |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**(LETTER ROGATORY)**

The United States District Court for the Northern District of California, San Jose Division, presents its compliments and greetings to the Appropriate Judicial Authority of India. This request for international judicial assistance is submitted on behalf of the plaintiff in a lawsuit pending before this Court titled *DisplayLink Corporation v. Magic Control Technology Corporation*, Case No. CV07-01998-RMW (HRL) and the related case titled *Magic Control Technologies v. Kensington Computer Products Group*, Case No. CV07-05707-RMW. A trial in

the former matter has a proposed trial date of March 30, 2009, in San Jose, California, United States of America.

The plaintiff in the above-referenced lawsuit requests the assistance of the Appropriate Judicial Authority of India in obtaining documentary and testimonial evidence located in India. Specifically, the plaintiff seeks evidence regarding the collaboration between VinChip Systems, Inc. ("VinChip"), an Indian entity, and Magic Control Technology Corporation ("MCT"), a Taiwanese entity, in the creation of a USB-to-VGA converter that resulted in United States Patent 7,203,788 ("the '788 patent"). This Court thus requests that the Appropriate Judicial Authority of India compel the appearance of the individual named below:

> **Custodian of Records, VinChip Systems, Inc.**
> 2, III Flr, Taas Mahal
> 10, Montieth Road,
> Chennai - 600 008
> Phone:91-44-8415474/8517129
> Fax:91-44-8514663

This Court offers reciprocal assistance to the Appropriate Judicial Authority of India should the need arise. This Court also offers to reimburse the Appropriate Judicial Authority of India for costs incurred in executing this Letter Rogatory.

### A. The Parties and Their Representatives

#### 1. The Plaintiff and Its Representative

The plaintiff in the above-referenced lawsuit is DisplayLink Corporation ("DisplayLink"). DisplayLink is represented by:

> James C. Yoon, Esq.
> Stefani E. Shanberg, Esq.
> Wilson Sonsini Goodrich & Rosati PC
> 650 Page Mill Road
> Palo Alto, CA 94304
> Telephone: (650) 493-9300
> Facsimile: (650) 565-5100

#### 2. The Defendant and Its Representative

The defendant in the above-referenced lawsuit is MCT. MCT is represented by:

> Richard F. Cauley, Esq.
> Franklin E. Gibbs, Esq.
> Wang, Hartmann, Gibbs & Cauley PLC

1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Telephone: (949) 833-8483
Facsimile: (949) 833-2281

### B. Nature of the Proceedings

#### 1. Status of the Lawsuit

The above-referenced lawsuit is a civil lawsuit. The suit is a declaratory judgment action initiated by DisplayLink, in which DisplayLink alleges that MCT created a justiciable controversy under the Declaratory Judgment Act §§ 2201 and 2202 by demonstrating an intent to enforce its patent for a USB-to-VGA converter (the '788 patent) against DisplayLink, which sells a similar USB-to-VGA converter. DisplayLink alleges that the '788 patent is both invalid and non-infringed. A copy of DisplayLink's Complaint for Declaratory Judgment of Patent Non-Infringement and Invalidity is attached as Exhibit A. MCT asserts that the '788 patent is valid and infringed by DisplayLink's USB-to-VGA converter. A copy of MCT's Answer to Complaint for Declaratory Judgment and Counterclaim for Patent Infringement is attached as Exhibit B.

DisplayLink is currently taking steps to complete fact discovery relating to the collaboration between MCT and VinChip in the creation of the USB-to-VGA converter covered by the '788 patent. A trial is tentatively scheduled to begin on March 30, 2009 before the Honorable Ronald M. Whyte, United States District Court Judge.

#### 2. Summary of the Allegations

DisplayLink alleges that MCT's '788 patent is invalid and non-infringed. As part of its allegations, DisplayLink alleges that the '788 patent is invalid as a result of MCT's failure to properly identify all inventors of the patent. Specifically, MCT collaborated extensively with VinChip in the creation of the USB-to-VGA converter. The only person named as an inventor of the '788 patent, however, is an employee of MCT. Further, MCT has identified three VinChip engineers as having knowledge about the conception and reduction to practice of the '788 patent. DisplayLink wishes to obtain evidence from VinChip as to the nature and extent of VinChip's

interaction with MCT as well as other entities and individuals involved in the creation of the USB-to-VGA technology, including Targus Group International ("Targus"), Cypress Semiconductor Corporation ("Cypress"), and Andrew Pargeter. This evidence is in the possession of VinChip in India. Thus, through this Letter Rogatory issued by the United States District Court for the Northern District of California, San Jose Division, DisplayLink seeks the assistance of the Appropriate Judicial Authority of India in obtaining this evidence.

### C. Description of the Evidence Sought

DisplayLink seeks evidence pertaining to whether and to what extent VinChip collaborated with MCT, Targus, Cypress, and/or Andrew Pargeter in the creation of the USB-to-VGA converters that are covered by the '788 patent.

#### 1. Documentary Evidence

DisplayLink seeks the following documents regarding the role of VinChip in the creation of the USB-to-VGA converters that are the subject of the '788 patent:

(a) Documents sufficient to identify the nature and extent VinChip's work for MCT, Targus, Cypress, or Andrew Pargeter relating to USB-to-VGA converters.

(b) Any contracts or agreements between VinChip and MCT regarding the design of any USB-to-VGA converters.

(c) Any documents pertaining to negotiations, contracts or agreements between VinChip and MCT, Targus, Cypress or Andrew Pargeter relating to the nature and purpose of the relationship.

(d) All documents, including correspondence and email, between VinChip and MCT, Targus, Cypress, or Andrew Pargeter relating to USB-to-VGA converters, including, but not limited to communications with the following persons: James Liu, J.J. Chen, or Serena Change of MCT, Leslie Dotson of Targus, or Chris Handsel of Cypress.

(e) Sketches, schematics, drawings, models, samples, examples or related materials relating to USB-to-VGA converters provided to VinChip by MCT, Targus, Cypress, or Andrew Pargeter or provided to MCT, Targus, Cypress, or Andrew Pargeter by VinChip.

(f) Documents produced in response to DisplayLink's subpoena, including VinChip's procedures for creating and maintaining such documents.

## 2. Testimonial Evidence

In addition, DisplayLink wishes to ask Krish Subramaniam, Shiv Shanker, and Murugesan, J. about the topics below to answer the following questions under oath:

(a) Please state your full name and address.

(b) Please state your title at VinChip.

(c) As to the development of USB-to-VGA converters,

    (i) What was VinChip's role in the design and development of a USB-to-VGA converter for MCT and Targus?

    (ii) What was your understanding of MCT's role in the design and development of the USB-to-VGA converter?

    (iii) What was your understanding of Targus's role in the design and development of the USB-to-VGA converter?

    (iv) What was your understanding of Cypress' role in the design and development of the USB-to-VGA converter?

    (v) What were each of the alternative configurations or implementations that were considered, whether eventually adopted or abandoned, for realizing the USB-to-VGA converter?

    (vi) What were the reasons for selecting or rejecting any particular aspect of each said configuration or implementation?

(d) What work did VinChip complete for MCT or Targus relating to USB-to-VGA converters?

(e) As to communications,

    (i) During the design and development of the USB-to-VGA converter, how frequently did VinChip communicate with MCT?

    (ii) What was the nature of those communications?

   (iii) During the design and development of the USB-to-VGA converter, how frequently did VinChip communicate with Targus?

   (iv) What was the nature of those communications?

   (v) Did VinChip ever meet with MCT or Targus?

   (vi) If VinChip met with MCT or Targus, how many times did they meet, where was (were) the meeting(s), and what was discussed at the meeting(s)?

   (vii) Was VinChip ever responsible for providing regular updates to MCT or Targus?

   (viii) If so, how frequent were the updates, to whom were the updates given, and what was included in the updates?

   (ix) Did VinChip ever discuss with MCT or Targus the possibility of patenting the USB-to-VGA converter?

   (x) If so, what was the substance of those discussions?

   (xi) Who would have ownership over any intellectual property rights related to any USB-to-VGA converters developed by VinChip, MCT, and/or Targus?

 (f) As to prior art,

   (i) Was VinChip aware of any public use of a USB-to-VGA converter prior to December 11, 2002?

   (ii) If so, please describe your knowledge of that public use.

   (iii) Was VinChip aware of any sale of a USB-to-VGA converter prior to December 11, 2002?

   (iv) If so, please describe your knowledge of that sale.

   (v) Was VinChip aware of any offer to sell a USB-to-VGA converter prior to December 11, 2002?

   (vi) If so, please describe your knowledge of that offer to sell.

This Court requests that the Appropriate Judicial Authority of India prepare a verbatim written transcript of the Appropriate Judicial Authority of India's examination of this witness under oath. This Court also requests that, after answering the foregoing questions, the witness execute the following affirmation under oath: I swear and affirm under the laws of India that the answers that I have given in response to the questions posed to me under the Letter Rogatory issued by the United States District Court for the Northern District of California, San Jose Division, are true and correct to the best of my knowledge and ability.

This Court also requests that, for each document produced in accordance with this request, and if the statement would be true, that the witness for VinChip also affirm in writing that each document produced in accordance with this request (1) is a true and correct copy of a document from the files of VinChip, (2) is a document kept in the course of the company's business; (3) is a document that was made at or near the time of the occurrence of the matters it sets forth (or from information transmitted by a person with knowledge of such matters); and (4) is a document stored in the ordinary course of business in a readily ascertainable location by VinChip.

This Court is grateful to the Appropriate Judicial Authority of India for its assistance in this matter.

Dated: _____

                                                        The Honorable Ronald M. Whyte
                                                        United States Magistrate Judge