| | |
|---|---|
| JAMES C. YOON | RICHARD F. CAULEY |
| State Bar No. 177155 (jyoon@wsgr.com) | State Bar No. 109194 |
| STEFANI E. SHANBERG | FRANKLIN E. GIBBS |
| State Bar No. 206717 (sshanberg@wsgr.com) | State Bar No. 189015 |
| MONICA M. ENO | ERICK P. WOLF |
| State Bar No. 164107 (meno@wsgr.com) | State Bar No. 224906 |
| ROBIN L. BREWER | WANG, HARTMANN, GIBBS & CAULEY |
| State Bar No. 253686 (rbrewer@wsgr.com) | A Professional Corporation |
| WILSON SONSINI GOODRICH & ROSATI | 1301 Dove Street, Suite 1050 |
| Professional Corporation | Newport Beach, CA 92660 |
| 650 Page Mill Road | Telephone: (949) 833-8483 |
| Palo Alto, CA 94304-1050 | Facsimile: (949) 833-2281 |
| Telephone: (650) 493-9300 | Email: richardcauley@whgclaw.com |
| Facsimile: (650) 565-5100 | |

Attorneys for Intervenor DISPLAYLINK CORPORATION and Defendants KENSINGTON COMPUTER PRODUCTS GROUP, and GWC TECHNOLOGY, INC.

Attorneys for Plaintiff MAGIC CONTROL TECHNOLOGY CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DISPLAYLINK CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MAGIC CONTROL TECHNOLOGY CORPORATION, a Taiwanese corporation;<br><br>Defendant. | CASE NO.: CV07-01998-RMW<br>RELATED CASE<br>   NO.: CV07-05707-RMW<br><br>**Joint Status Report Regarding DisplayLink's Motion to Compel**<br><br>Hearing Scheduled for July 15, 2008 at 10:00 a.m. (if needed)<br>Magistrate Howard R. Lloyd |

Pursuant to the Court's June 18, 2008, Interim Order re: Plaintiff's Motion to Compel Production of Documents, plaintiff and counterclaim defendant DisplayLink Corporation ("DisplayLink") and defendant and counterclaim plaintiff Magic Control Technology Corporation ("MCT") hereby submit this Joint Status Report on those issues remaining to be resolved by the Court.

## I. DISPLAYLINK'S POSITION

MCT made supplemental document productions on June 25, 26 and 30, 2008. Having reviewed MCT's supplemental productions, it is DisplayLink's position that MCT's document production is still deficient in a number of material respects. The documents that DisplayLink believes are still missing from MCT's production are set forth below:

### A. Documents Related to the Research, Design, Development, Structure and Manufacture of MCT Display Adapter Technology and Display Adapter Technology (Request Nos. 3, 14, 16 and 17)

MCT has still not produced the following types of documents related to the research, design, development, structure and manufacture of MCT Display Adapter Technology and Display Adapter Technology:

- internal communications emails in Mandarin *or* English that contain substantive discussion about the actual design, development or manufacture of the products MCT claims incorporate the '788 patent;
- emails from or to the named inventor and MCT president, James Liu; and
- engineering notebooks, engineering test reports (from the development phase) and source code for its Display Adapter Technology.

### B. Documents Constituting and Referring to Prior Art to the '788 Patent (Request Nos. 6, 19 and 33-36)

MCT has still not produced the file histories for the foreign patent applications it previously identified (in response to DisplayLink Interrogatory No. 6) as related to the '788 patent. MCT filed related foreign patent applications in Taiwan, China, Japan, Germany and Korea.

### C. Documents Related to any Aspect of the Conception, Reduction to Practice or Development of the '788 Patent (Request Nos. 12-13)

MCT has still failed to produce the following documents related to conception, reduction to practice and/or development of the '788 patent:

- internal emails in Mandarin or English that contain *substantive* discussions related to the development of the '788 patent, including emails from or to the named inventor and MCT president, James Liu. MCT;
- emails for the period January 2000 through mid-October 2001, including emails from or to the named inventor and MCT president, James Liu;

- emails between and among VinChip, Targus and MCT from early 2000 through September 2003;

- the executed agreements governing MCT's joint development work with VinChip, Cypress and Targus, including but not limited to written documents and possibly draft agreements regarding who would own the intellectual property arising from the parties' joint development work;

- engineering notebooks, engineering test reports (from the development phase) and source code for its Display Adapter Technology; and

- planning documents (i.e. milestone timelines), meeting agendas and/or meeting minutes.

**D.    Communications Between MCT and any Distributors of its Products (Request No. 10)**

Based on information presently available, DisplayLink no longer has an issue with MCT's production of documents responsive to this category.

**E.    Documents Related to MCT's First Sale, Offer for Sale or Demonstration (Request No. 23)**

MCT still has not produced the following documents responsive to this request:

- documents related to MCT's first sale, offer for sale and demonstration of a USB-to-VGA converter embodying the claims of the '788 patent;

- documents related to the road show Targus and MCT planned to do for some potential customers in mid-2003; and

- documents related to any other customer demonstrations or beta-testing performed prior to or coincident with the launch of its product.

**F.    Documents Related to the Sale, Market for and Marketing of MCT's Products (Request Nos. 7, 16, 25-26 and 31-32)**

MCT still has not produced the following documents related to the sales, market for and marketing of its products:

- Distributorship agreements between MCT and its distributors (including Tritton);

- marketing presentations (including Powerpoint presentations);

- competitive analysis documents and/or documents related to market share.

/ / /

/ / /

/ / /

## II. MCT's POSITION

As set forth above, MCT made supplemental document productions on June 25, 26 and 30, 2008. MCT is also planning another production later this week – in advance of the July 15th hearing date. Since DisplayLink filed its Motion to Compel, MCT has proceeded in good faith, searching and producing all known relevant and unprivileged responsive documents totaling approximately 20,000 additional pages.

MCT's position is that DisplayLink's remaining requests essentially seek information that does not exist, is not maintained in MCT's ordinary course of business, or is totally irrelevant to this case. Moreover, DisplayLink is moving to compel documents that it doesn't even know exist. DisplayLink is merely guessing that MCT has documents and has not produced them.

MCT addresses each discovery issue raised by DisplayLink in the following summary:

### A. Documents Related to the Research, Design, Development, Structure and Manufacture of MCT Display Adapter Technology and Display Adapter Technology (Request Nos. 3, 14, 16 and 17)

- "Internal communications emails in Mandarin or English that contain substantive discussion about the actual design, development or manufacture of the products MCT claims incorporate the '788 patent"

    o MCT has produced all documents in its possession, custody, or control that are responsive to this request aside from those described below relating to James Liu which will be produced shortly.

    o In 2002, MCT was a much smaller company and during the course of developing the technology, its members frequently communicated to each other verbally. There are no further documents in MCT's possession, custody, or control.

- "Email from or to the named inventor and MCT president, James Liu"

    o MCT has located some emails relating to James Liu – most of which have likely appeared in the body of Serena Chang's emails that were produced earlier.

- "Engineering notebooks, engineering test reports (from the development phase) and source code for its Display Adapter Technology"

    o MCT has produced all engineering test reports in its possession, custody or control.

    o MCT does not have any engineering notebooks or any engineering test reports from the so-called "development phase."

- o   As this Court is aware, source code is extremely sensitive, and in this case, irrelevant to DisplayLink's requests. DisplayLink contends that is needs to review this code to determine whether MCT's product uses "FIFO." However it is not necessary to review the source code to determine this as the USB 2.0 specification (already produced in this litigation) defines the data transfer at issue here to use FIFO.

**B.  Documents Constituting and Referring to Prior Art to the '788 Patent (Request Nos. 6, 19 and 33-36)**

- MCT is not in possession of complete file histories for the foreign patent applications identified in response to DisplayLink Interrogatory No. 6, as all such documents are in possession of its Taiwan law firm who, so far, has not provided such documents to either MCT or its US counsel. MCT is however producing all documents in its possession, custody, or control and will attempt again to acquire the remainder of the foreign prosecution histories and will produce such documents as soon as it has such documents in its possession.

**C.  Documents Related to any Aspect of the Conception, Reduction to Practice or Development of the '788 Patent (Request Nos. 12-13)**

- "Internal emails in Mandarin or English that contain substantive discussions related to the development of the '788 patent, including emails from or to the named inventor and MCT president, James Liu."
  - o   As set forth above, MCT was much smaller in 2002 and relied on oral communication in its initial product development. MCT has produced all responsive documents in its possession, custody or control.

- "Emails for the period January 2000 through mid-October 2001, including emails from or to the named inventor and MCT president, James Liu;"
  - o   As set forth above, MCT has produced, or is producing every such document it has located. Most of the documents were likely already reflected in emails relating to Serena Chang.

- "Emails between and among VinChip, Targus and MCT from early 2000 through September 2003;"
  - o   MCT has already produced every document requested herein in its possession, custody or control. It should be noted that DisplayLink has had subpoenas pending to VinChip and Targus for over a month asking for these same documents. .

- "The executed agreements governing MCT's joint development work with VinChip, Cypress and Targus, including but not limited to written documents and possibly draft agreements regarding who would own the intellectual property arising from the parties' joint development work;"
  - o   MCT has produced these agreements previously and is currently searching for signed versions of every such document in its possession, custody, or control which it will produce by the end of the week.

- "Engineering notebooks, engineering test reports (from the development phase) and source code for its Display Adapter Technology;"
    - MCT has produced all such documents in its possession, custody or control. As noted above, source code is irrelevant to any issue in this action.
- "Planning documents (i.e. milestone timelines), meeting agendas and/or meeting minutes."
    - MCT is completing production of what few documents it has in this regard by the end of the week. Most of the documents requested simply do not exist.

**D.    (N/A)**

**E.    Documents Related to MCT's First Sale, Offer for Sale or Demonstration (Request No. 23)**

- "Documents related to MCT's first sale, offer for sale and demonstration of a USB-to-VGA converter embodying the claims of the '788 patent;"
    - These documents are limited as MCT mainly provides OEM/ODM services. They are usually presented in emails sent to MCT customers. These documents have already been produced.

- "Documents related to the road show Targus and MCT planned to do for some potential customers in mid-2003;"
    - MCT is not in possession, custody, or control of any such documents.

- "Documents related to any other customer demonstrations or beta-testing performed prior to or coincident with the launch of its product."
    - Any such documents should be in emails to the customers. However, these documents are limited as the product was not promoted to many customers.

**F.    Documents Related to the Sale, Market for and Marketing of MCT's Products (Request Nos. 7, 16, 25-26 and 31-32)**

- "Distributorship agreements between MCT and its distributors (including Tritton);"
    - Distributorship agreements between MCT and its distributors (including Tritton) do not exist. MCT's usual practice is to have mutual, non-written distributorship agreements with its distributors.
    -
- "Marketing presentations (including Powerpoint presentations);"
    - MCT has already produced marketing presentations (including Powerpoint presentations) and will complete any remainder of production by the end of this week.

- "Competitive analysis documents and/or documents related to market share."

- These documents do not exist as MCT did not conduct such formal analysis.

Dated: July 8, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Monica Mucchetti Eno
    Monica Mucchetti Eno

Attorneys for Plaintiff/Counterclaim Defendant
DisplayLink Corporation

Dated: July 8, 2008

WANG, HARTMAN, GIBBS & CAULEY
A Professional Law Corporation

By: /s/ Erick P. Wolf
    Erick P. Wolf

Attorneys for Defendant and Counterclaim Plaintiff
Magic Control Technology Corporation

**ATTESTATION CLAUSE**

I, Richard F. Cauley, am the ECF User whose identification and password are being used to file this Stipulation. In compliance with General Order 45.X.B., I hereby attest that Monica Mucchetti Eno of Wilson Sonsini Goodrich & Rosati has concurred in this filling

Dated: July 8, 2008

WANG, HARTMAN, GIBBS & CAULEY
A Professional Law Corporation


By: /s/ Richard F. Cauley
       Richard F. Cauley

Attorneys for Defendant and
Counterclaim Plaintiff
Magic Control Technology Corporation