1

2                                                    **\*E-FILED 7/23/2008\***

3

4

5

6

7                                    NOT FOR CITATION

8                        IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                   SAN JOSE DIVISION

11   DISPLAYLINK CORPORATION,                     No. C07-01998 RMW (HRL)

12            Plaintiff,                          **ORDER GRANTING IN PART
                                                 PLAINTIFF'S MOTION TO COMPEL**
      v.
13                                               **PRODUCTION OF DOCUMENTS**

14   MAGIC CONTROL TECHNOLOGY              **[Docket No. 67]**
     CORPORATION,
15
              Defendant.
16
     _____/
17

18          Plaintiff Displaylink Corporation ("Displaylink") filed the instant action, seeking

19   declaratory judgment that its products do not infringe MCT's U.S. Patent No. 7,203,788 ("the

20   '788 patent"). Defendant Magic Control Technology ("MCT") filed a counterclaim for

21   infringement.

22          Presently before this court is Displaylink's motion to compel the production of

23   documents. The requests at issue were served in July 2007; and, upon review of the moving

24   and responding papers, it appeared that there was no serious dispute as to the relevance of the

25   discovery sought. The only apparent point of contention was the timing of MCT's production.

26   In view of MCT's representation that it would be producing additional responsive documents by

27   June 24, 2008, this court continued the motion hearing and directed the parties to file a status

28   report identifying what issues (if any) remained for the court to resolve.

<div style="writing-mode: vertical">**United States District Court**
For the Northern District of California</div>

United States District Court

For the Northern District of California

1    MCT reportedly produced additional documents on June 25, 26, 28 and July 11, 2008.

2  The parties now advise that there is no longer an issue with respect to Displaylink's Request

3  Nos. 10 and 23.  Accordingly, the motion as to those requests is deemed moot.  As for those

4  items remaining in dispute, this court rules as follows:

5  **A.    Research, Design and Development of MCT's Display Adapter Technology
   (Request Nos. 3, 4, 16 and 17)**

6

7    Displaylink seeks the following documents:

8    •    internal communications emails in Mandarin or English that contain substantive

9       discussion about the actual design, development or manufacture of the products

10      MCT claims incorporate the '788 patent;

11   •    emails from or to the named inventor and MCT president, James Liu; and

12   •    engineering notebooks, engineering test reports (from the development phase)

13      and source code for its Display Adapter Technology.

14   At the motion hearing, MCT's counsel represented to the court that MCT has produced

15 all responsive documents within its possession, custody or control.  Further, MCT confirmed

16 that it has no engineering notebooks from the "development phase" or otherwise.  Based on

17 MCT's representations, plaintiff's motion is deemed moot as to these documents.

18   As for the requested source code, MCT now contends that the discovery sought was

19 never properly requested and is irrelevant in any event.  Insofar as plaintiff seeks source code to

20 determine whether MCT's products use "FIFO," MCT says that information is available in

21 product specifications which have already been produced.  With respect to claimed damages,

22 MCT argues that plaintiff does not need its source code to determine whether MCT's products

23 practice the claimed invention, citing *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1548

24 (Fed. Cir. 1995) ("Whether a patentee sells its patented invention is not crucial in determining

25 lost profits damages.").  For its part, Displaylink says that MCT has asserted that its products

26 practice the claimed invention.  To the extent MCT will rely on that assertion for any purpose at

27 trial, plaintiff says it is entitled to discovery of MCT's source code to verify MCT's

28 contentions.  Additionally, plaintiff asserts that MCT's source code may contain notes or

2

**United States District Court**
For the Northern District of California

1  comments which bear upon the design and development of MCT's products and the claimed

2  invention.

3      The requested source code is encompassed by Displaylink's document requests, and

4  Displaylink's motion specified source code as one of the items sought.  (Mot. at p. 7).  MCT

5  said little in opposition to the motion, except to say that it was in the process of producing all

6  responsive documents.  In any event, this court finds that the requested source code is relevant

7  or reasonably calculated to lead to the discovery of admissible evidence.  FED.R.CIV.P.

8  26(b)(1).  Moreover, there is a stipulated protective order in place which addresses

9  confidentiality concerns.  Accordingly, Displaylink's motion to compel the production of source

10  code is granted.  MCT shall produce the requested source code no later than **August 6, 2008**.

11  **B.      Prior Art to the '788 Patent (Request Nos. 6, 19, and 33-36)**

12      Displaylink moves to compel the production of file histories for the foreign patent

13  applications MCT has identified as related to the '788 patent.  The applications in question were

14  filed in Taiwan, China, Japan, Germany, Korea, the Netherlands, United Kingdom and France.[1]

15  MCT agrees to produce the requested documents and says it will do so when the documents are

16  received from its foreign counsel.  Accordingly, Displaylink's motion as to the file histories for

17  the foreign patent applications related to the '788 patent is granted.  MCT shall produce the

18  requested documents no later than **August 6, 2008**.

19  **C.      Conception, Reduction to Practice or Development of the '788 Patent (Request Nos. 12-13)**

20      Displaylink seeks production of the following documents:

21  •       internal emails in Mandarin or English that contain substantive discussions

22          related to the development of the '788 patent, including emails from or to the

23          named inventor and MCT president, James Liu;

24  •       emails for the period January 2000 through mid-October 2001, including emails

25          from or to the named inventor and MCT president, James Liu;

26

27

28      [1]       The identified countries include those which Displaylink says were
discovered from MCT's documents produced after June 24, 2008.

3

United States District Court

For the Northern District of California

1    • emails between and among VinChip, Targus and MCT from early 2000 through

2    September 2003;

3    • the executed agreements governing MCT's joint development work with

4    VinChip, Cypress and Targus, including but not limited to written documents

5    and possibly draft agreements about who would own the intellectual property

6    arising from the parties' joint development work;

7    • engineering notebooks, engineering test reports (from the development phase)

8    and source code for its Display Adapter Technology; and

9    • planning documents (i.e., milestone timelines), meeting agendas and/or meeting

10    minutes.

11    Displaylink believes that there must be more documents to produce. However, as noted

12    above, MCT's counsel represented to the court that MCT has produced all responsive

13    documents within its possession, custody or control and that there are no more responsive

14    documents to be produced. Based on MCT's representations, plaintiff's motion is, for the most

15    part, deemed moot. Nevertheless, as discussed above, Displaylink's motion to compel

16    production of MCT's source code is granted, and the requested source code shall be produced

17    by **August 6, 2008**.

18    **D.    Sale, Market for and Marketing of MCT's Products (Request Nos. 7, 16, 25, 26, 31 and 32)**

19

20    Displaylink seeks the following documents:

21    • distributorship agreements between MCT and its distributors, including Tritton;

22    • marketing presentations (including Powerpoint presentations); and

23    • competitive analysis documents and/or documents related to market share.

24    With respect to the requested distributorship agreements, MCT says that no such

25    documents exist because its usual business practice is to enter into only mutual, non-written

26    distributorship agreements. It therefore appears that there are no documents to compel.

27    Nevertheless, no later than **August 6, 2008**, MCT shall produce declaration(s) from competent

28

4

1  person(s) at the company attesting to its reported business practice re distributorship

2  agreements.

3      At oral argument, MCT represented that it has produced all responsive marketing

4  presentations.  As for "competitive analysis documents and/or documents related to market

5  share," MCT initially stated that no documents exist because it never conducted any "formal"

6  analyses.  However, at the motion hearing, MCT confirmed that it has produced all competitive

7  analyses and documents related to market share, whether formal or informal.  Based on MCT's

8  representations, plaintiff's motion is deemed moot as to these documents.

9      SO ORDERED.

10  Dated:    July 23, 2008

11

12  HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5

**5:07-cv-1998 Notice has been electronically mailed to:**

Robin Lynn Brewer dfernandes@wsgr.com, rbrewer@wsgr.com

Richard F. Cauley rcauley@jcpw.com, ayordy@whglawfirm.com, faiza@jcpw.com

Brian Dietzel bdietzel@wsgr.com

Monica Mucchetti Eno mmucchetti@wsgr.com

Franklin Eugene Gibbs fgibbs@whglawfirm.com

Stefani Elise Shanberg sshanberg@wsgr.com, fgarcia@wsgr.com, shuckaby@wsgr.com

Ryan R. Smith rsmith@wsgr.com, tnero@wsgr.com

Erick Packard Wolf ewolf@whglawfirm.com

James Chung-Yul Yoon jyoon@wsgr.com, abaranski@wsgr.com, nfurino@wsgr.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

6