1  JAMES C. YOON
      State Bar No. 177155 (jyoon@wsgr.com)
2  STEFANI E. SHANBERG
      State Bar No. 206717 (sshanberg@wsgr.com)
3  MONICA M. ENO
      State Bar No. 164107 (meno@wsgr.com)
4  ROBIN L. BREWER
      State Bar No. 253686 (rbrewer@wsgr.com)
5  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
6  650 Page Mill Road
   Palo Alto, CA 94304-1050
7  Telephone: (650) 493-9300
   Facsimile:  (650) 565-5100
8
   Attorneys for Intervenor DISPLAYLINK
9  CORPORATION and Defendants
   KENSINGTON COMPUTER PRODUCTS
10 GROUP, and GWC TECHNOLOGY, INC.

RICHARD F. CAULEY
   State Bar No. 109194
FRANKLIN E. GIBBS
   State Bar No. 189015
WANG, HARTMANN, GIBBS & CAULEY
A Professional Corporation
1301 Dove Street, Suite 1050
Newport Beach, CA  92660
Telephone: (949) 833-8483
Facsimile:   (949) 833-2281
Email:  richardcauley@whgclaw.com

Attorneys for Plaintiff
MAGIC CONTROL TECHNOLOGY
CORPORATION

11                                           ***E-FILED - 8/21/08***

12                        UNITED STATES DISTRICT COURT

13                      NORTHERN DISTRICT OF CALIFORNIA

14                               SAN JOSE DIVISION

15

16 | MAGIC CONTROL TECHNOLOGY        ) CASE NO.:  5:07-CV-05707-RMW
   | CORPORATION, a Taiwanese Corporation, )
17 |                                  ) RELATED CASE NO.: 5:07-CV-01998-
   |           Plaintiff,             ) RMW
18 |      v.                          )
   |                                  )
19 | KENSINGTON COMPUTER PRODUCTS     ) []
   | GROUP, a division of ACCO Brands ) **CASE MANAGEMENT ORDER**
20 | Corporation, a Delaware Corporation; GWC )
   | TECHNOLOGY INC., a California corporation; )
21 | GOOD WAY TECHNOLOGY CO. LTD., a  )
   | Taiwan corporation; and GOOD WAY )
22 | ELECTRONICS, a China corporation, )
   |                                  )
23 |           Defendants,            )
   |                                  )
24 | DISPLAYLINK CORPORATION, a Washington )
   | corporation,                     )
25 |                                  )
   |           Intervenor.            )
26 |_____)

27

28

1   On July 25, 2008, Plaintiff Magic Control Technology Corporation ("MCT"), Defendants
2   GWC Technology, Inc. ("GWC") and Kensington Computer Products Group ("Kensington") and
3   Intervenor DisplayLink Corporation ("DisplayLink") appeared before this Court for a Case
4   Management Conference in the above captioned action (hereafter "Customer Action"). Upon the
5   Court's suggestion, the parties agreed that this case should be consolidated with Related Case
6   No. 5:07-CV-01998-RMW (hereafter "DJ Action"). The parties agree and this Court hereby
7   orders that once the Customer Action is consolidated with the DJ Action, the Customer Action
8   should then be stayed pursuant to the limitations agreed upon by the parties and set forth in this
9   Case Management Order. The below is hereby adopted by the Court as the Case Management
10  Order for this case, and the parties are ordered to comply with the Order.

11  **I.   JURISDICTION AND SERVICE**

12  The parties agree that the Court has subject matter jurisdiction over this action pursuant
13  to 28 U.S.C. §§ 1331 and 1338(a). The parties further agree that personal jurisdiction and venue
14  are proper in this district as to those parties that have been served and/or appeared. Two parties
15  have yet to be served: Good Way Technology Co. Ltd., a Taiwan corporation ("Good Way
16  Taiwan"), and Good Way Electronics, a China corporation ("Good Way China").

17  The parties agree that the complaint, filed on July 19, 2008, should be dismissed without
18  prejudice against Defendants Good Way Taiwan and Good Way China in accordance with Fed.
19  R. Civ. Proc. R. 4(m) as these Defendants have yet to be served.

20  **II.  FACTS**

21  **A.   Brief chronology of the facts**

22  Kensington, GWC, Good Way Taiwan and Good Way China are all customers of
23  DisplayLink. On July 20, 2007, MCT filed a complaint against defendants Kensington, GWC,
24  Good Way Taiwan and Good Way China (hereafter "the Customer Defendants") in the Central
25  District of California. MCT's complaint alleges that the Customer Defendants infringe U.S.
26  Patent No. 7,203,788 ("the '788 patent").

27  On August 21, 2007, DisplayLink filed a Motion to Intervene and to Stay or Transfer the
28  action to the Northern District of California. DisplayLink's Motion to Intervene and Transfer

was based, in part, on its claim that all of the critical issues in this case would be decided by the DJ Action, an earlier filed declaratory judgment action brought by DisplayLink against MCT in the Northern District of California, and in which MCT had filed an answer and counterclaims.

DisplayLink's Motion to Intervene was granted on September 10, 2007, and DisplayLink's Complaint in Intervention was filed on September 10, 2007. DisplayLink's Motion to Transfer was granted on October 19, 2007, and this case was transferred from the Central District of California to the Northern District of California on November 14, 2007. Pursuant to a stipulated request by the parties, this case was related to the DJ Action by Order of April 24, 2008.

Counsel for DisplayLink, MCT, Kensington and GWC agreed that their clients' respective responsive pleadings would not be due until an agreed-upon date after transfer of the case. By mutual agreement, the parties filed their responsive pleadings on or before August 1, 2008.

**B.     Statement of the principal factual issues in dispute**

The principal factual issues which the parties dispute are:

1. whether the '788 patent is valid and enforceable;
2. whether DisplayLink, Kensington and GWC infringe any valid claim of the '788 patent;
3. whether MCT is entitled to damages, and if so, the amount of such damages;
4. whether MCT is entitled to any form of injunctive relief; and
5. whether this case is "exceptional" within the meaning of 35 U.S.C. § 285.

**III.     LEGAL ISSUES**

The principal legal issues which the parties dispute are:

1. whether the '788 patent is valid under 35 U.S.C. § 102, 103, and/or 112 and enforceable;
2. whether DisplayLink, Kensington, and GWC infringes the '788 patent under 35 U.S.C. § 271, and in particular, the proper construction of certain claim terms of the '788 patent;

1          3.   whether MCT is entitled to damages under 35 U.S.C. § 284, and if so, the amount of
2  such damages;
3          4.   whether MCT is entitled to any form of injunctive relief under 35 U.S.C. § 283; and
4          5.   whether this case is "exceptional" within the meaning of 35 U.S.C. § 285.

**IV.    MOTIONS**

There are no pending motions.

**V.     AMENDMENT OF PLEADINGS**

The parties currently do not anticipate amending the pleadings.

**VI.    EVIDENCE PRESERVATION**

The parties have agreed to electronically preserve information that is stored, or otherwise maintained, in computers reasonably likely to have information relevant to this action. Absent a showing of good cause and a reasonable belief that any archived electronic materials contain discoverable information that is not reasonably obtained from another source and/or that is not duplicative or other information (or sources), parties need not search archived electronic materials. The parties further agree to discuss in good faith whether good cause and reasonable belief exist.

**VII.   DISCLOSURES**

The parties have agreed to exchange their initial Fed. R. Civ. P. 26(a)(1) disclosures by August 15, 2008.

**VIII.  DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following discovery plan:

A. <u>Initial Disclosure Requirement</u>: Pursuant to Fed. R. Civ. P. 26(a), the parties will exchange initial disclosures on August 15, 2008.

B. <u>Scope of Discovery</u>: The parties agree that, with the exception of the service of and response to interrogatories, all discovery in this case shall be stayed until completion of the DJ Action (including all appeals).

1        C. <u>Electronic Discovery</u>:  The parties anticipate that certain discovery may be produced in electronic form and will meet and confer, as necessary, to resolve any issues concerning electronic discovery.

      D. <u>Claims of Privilege</u>:  The parties will comply with the requirements of Fed. R. Civ. P. 26(b)(5) and will meet and confer, as necessary, to resolve any issues concerning claims of privilege.

      E. <u>Changes to Discovery Rules</u>:

          1.  All pleading, motions, discovery, or other papers shall, to the extent possible, be served on all parties by electronic means.  Service shall be deemed proper and effective if the document is sent to:

| **For DisplayLink:** | **For MCT:** |
|---|---|
| jyoon@wsgr.com | richardcauley@whgclaw.com |
| sshanberg@wsgr.com | franklingibbs@whgclaw.com |
| meno@wsgr.com | erickwolf@whgclaw.com |
| rbrewer@wsgr.com | amberyordy@whgclaw.com |

          2.  When service has been properly effected through electronic delivery, no additional time for response shall be added as is otherwise permitted under Fed. R. Civ. P. 6(e). For purposes of calculating the response date of any pleading motion or other paper, the date of service shall be considered to be the date the e-mail transmission was sent to opposing counsel if such transmission was sent before 6:00 p.m. (Pacific time).  Otherwise, the date of service shall be the next business day following the transmission.

          3.  Because a substantial portion of the discovery needed in this case will be, or already has been, obtained in the DJ Action, the parties agree that the Court should impose a limit of two depositions per side on any fact deposition taken after the stay is lifted, including any deposition noticed pursuant to Rule 30(b)(6).  Under Rule 30(d)(1), each deposition shall be limited to one day of seven hours.

          4.  The parties agree to make available for deposition each expert witness that submits an expert report in this case.  The parties further agree that the Court should limit the deposition of an expert witness to two days, with each day being limited to seven hours.

5. The parties may seek permission to expand any discovery limitation (whether set forth above or by the Federal Rule of Civil Procedure) based upon a showing of good cause. The parties agree to meet-and-confer regarding whether to expand a discovery limitation.

6. The parties will make good faith efforts to ensure that all deponents are made available for deposition in the United States.

F. <u>Cross-Use</u>: The parties agree to cross-use of discovery obtained in this case and the related DJ Action. Thus, the parties shall be permitted to use any discovery obtained in this case in the DJ Action and vice-versa.

G. <u>Protective Order</u>: The parties agree that a protective order entered in the DJ Action shall govern this case.

## IX. CLASS ACTIONS

This case is not a class action.

## X. RELATED CASES

As noted above, this case is related to *DisplayLink v. Magic Control Technology*, Case No. 5:07-CV-01998-RMW.

## XI. RELIEF

MCT seeks judgment that the '788 Patent is valid and enforceable, judgment that GWC, Good Way Tech, Good Way Electronics, and Kensington infringe the '788 Patent, judgment that this case is exceptional in accordance with 35 U.S.C. § 285, an order that preliminarily and permanently enjoins GWC, Good Way Tech, Good Way Electronics, and Kensington, their directors, officers, employees, attorneys, agents and all persons in concert or participation with any of the foregoing from further acts that infringe, contributorily infringe or induce infringement of the '788 Patent, an order that awards MCT recovery for all damages that result for Kensington's infringing acts, an order that trebles the amount of damages as a result of the willful and deliberate nature of GWC, Good Way Tech, Good Way Electronics, and Kensington's acts, an order that awards interest on damages, an order that directs GWC, Good Way Tech, Good Way Electronics, and Kensington to pay MCT's costs, expenses, and awards

1  attorney fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules

2  of Civil Procedure, and such other and further relief as the Court may deem proper.

3      DisplayLink, Kensington and GWC seek a judgment that customers Kensington and

4  GWC do not infringe, willfully infringe, induce others to infringe or contribute to the

5  infringement of any valid claims of the '788 patent.  DisplayLink, Kensington and GWC also

6  seek a judgment that the claims of the '788 patent are invalid and/or unenforceable.

7  Additionally, DisplayLink, Kensington and GWC seek a judgment enjoining MCT, it officers,

8  partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or

9  participation with any of them from making any claims that Kensington, GWC or any other

10 DisplayLink customer infringes the '788 patent or from instituting or prosecuting any lawsuit or

11 proceeding, placing in issue the right of Kensington, GWC or any other DisplayLink customer to

12 make, use or sell the products which allegedly infringe the '788 patent.  Finally, DisplayLink,

13 Kensington and GWC seek reasonable attorneys' fees and costs and such other and further relief

14 as this Court may deem just and appropriate.

15 **XII.  SETTLEMENT AND ADR**

16     In accordance with ADR Local Rule 3-5, the parties participated in an ADR Conference

17 Call on July 21, 2008.  The Customer Defendants agree to participate in any ADR proceedings in

18 connection with the DJ Action.  The parties agreed to contact the Court within thirty (30) days of

19 the issuance of a claim construction order in Related Case No. 5:07-CV-01998-RMW to seek a

20 settlement conference with a Magistrate Judge.

21 **XIII.  CONSENT TO MAGISTRATE FOR ALL PURPOSES**

22     On January 22, 2008, DisplayLink filed a declination to proceed before a Magistrate

23 Judge for all purposes.  *See* Docket No. 3.

24     On February 4, 2008, MCT filed a declination to proceed before a Magistrate Judge for

25 all purposes.  *See* Docket No. 5.

26 **XIV.  OTHER REFERENCES**

27     This case is not suitable for reference to binding arbitration, a special master, or the

28 Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties hereby agree as follows:

1. Attorney-client privileged materials communicated between counsel and client after the filing of this lawsuit and/or work product materials generated after the filing of this lawsuit need not be included on a privilege log;

2. Oral and written communications between an expert witness (for any party) and the party, their attorneys or representatives employing such expert that are made in connection with the expert witness's engagement for this case will not be discoverable, except to the extent that the expert relies upon them for his opinions;

3. Drafts of a report of an expert witness for a party or parties that are prepared in connection with the expert witness's engagement for this case will not be discoverable; and

4. The provisions of Federal Rule of Civil Procedure 26(a)(2)(B) regarding the content of a report of an expert witness are not changed, except that "considered" is replaced by "relied upon."

The parties are not currently aware of any further issues that can be narrowed by agreement or by motion.

## XVI. EXPEDITED SCHEDULE

This case is not suitable for handling on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The parties agree that no pretrial or trial dates should be set in this case at the present time because this case should be stayed pending resolution of the DJ Action.

## XVIII. TRIAL

Both parties have demanded a jury trial. The parties currently estimate that a trial in this case would take approximately two to three trial days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On July 9, 2008, DisplayLink and Kensington filed their Certifications of Interested Entities or Persons. GWC filed its Certification on July 15, 2008. DisplayLink, Kensington and

GWC restate the entities that have a financial interest in them or any other kind of interest that could be substantially affected by the outcome of the proceeding, as follows:

<u>For DisplayLink</u>:  Atlas Venture; Benchmark Europe; Espirit Capital; Martin King; Henry Happel; and David Mooring are all investor/shareholders in DisplayLink.

<u>For Kensington</u>:  Kensington is a division of ACCO Brands USA LLC (DE), which is a subsidiary of publicly traded ACCO Brands Corporation (DE).

<u>For GWC</u>:  GWC's parent company is Good Way Technology Co., Ltd.

MCT filed its Certification of Interested Entities or Persons on July 20, 2007.  MCT's counsel certified that there were not any interested parties to report.  *See* Docket No. 2 under case no. 07-833.

## XX. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

The parties agree that this case will be resolved must quickly and efficiently if it is stayed until completion of the DJ Action (including all appeals).  Liability of DisplayLink's customers named in this suit, if any, will be wholly determined by the findings reached in the DJ Action.  Further, the Customer Defendants agree to be bound by the results of the DJ Action.  Therefore, in order to avoid unnecessary waste of judicial and party resources, this case should be stayed.

## XXI. FURTHER INFORMATION REQUIRED UNDER PATENT LOCAL RULE 2-1

The parties have met and conferred as required by Patent Local Rule 2-1(a).  The parties agree that no claim construction is needed in this case because they are willing to be bound by the claim construction ruling that will be entered in the DJ Action.  In addition, the parties will not be required to submit Patent Initial Disclosures (as set forth in Patent Local Rules 3-1 through 3-8) in this case.  Instead, they agree that the Patent Initial Disclosures made in the DJ Action will be binding in this suit.

| | |
|---|---|
| 1  Dated: August 12, 2008 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |

By:  /s/ Stefani E. Shanberg
      Stefani E. Shanberg

Attorneys for Intervenor DISPLAYLINK CORPORATION and Defendants KENSINGTON COMPUTER PRODUCTS GROUP and GWC TECHNOLOGY, INC.

Dated: August 12, 2008

WANG, HARTMANN, GIBBS & CAULEY
A Professional Corporation

By:  /s/ Richard F. Cauley
      Richard F. Cauley

Attorneys for Plaintiff
MAGIC CONTROL TECHNOLOGY CORPORATION

IT IS ORDERED.

Dated: August 21, 2008

*Ronald M. Whyte*
The Honorable Ronald M. Whyte

# ATTESTATION CLAUSE

I, Stefani E. Shanberg, am the ECF User whose identification and password are being used to file this [Proposed] Case Management Order. In compliance with General Order 45.X.B., I hereby attest that Richard F. Cauley of Wang, Hartmann, Gibbs & Cauley, P.L.C. has concurred in this filing

Dated: August 12, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:   /s/ Stefani E. Shanberg
       Stefani E. Shanberg

Attorneys for Intervenor DISPLAYLINK CORPORATION and Defendants KENSINGTON COMPUTER PRODUCTS GROUP and GWC TECHNOLOGY, INC.