**WANG, HARTMANN, GIBBS & CAULEY, P.L.C.**
A Professional Law Corporation
Richard F. Cauley (SBN: 109194)
Franklin E. Gibbs (SBN: 189015)
Erick P. Wolf (SBN: 224906)
1301 Dove Street, Suite 1050
Newport Beach, CA  92660
Telephone: (949) 833-8483
Facsimile:  (949) 833-2281

Attorneys for Defendant and
Counterclaim Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| DISPLAYLINK CORPORATION, a Washington corporation<br><br>Plaintiff,<br><br>vs.<br><br>MAGIC CONTROL TECHNOLOGY, CORPORATION, a Taiwanese Corporation;<br><br>Defendant. | Case No. 5:07-CV-01998-RMW<br><br>**ANSWER TO AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY,  AND AMENDED COUNTERCLAIM FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |
| AND RELATED COUNTERCLAIMS | |

1
**ANSWER TO AMENDED COMPLAINT AND AMENDED COUNTERCLAIM
Case No. 5:07-CV-01998-RMW**

1  Magic Control Technology ("MCT") for its Answer and Counterclaim to the Amended
2  Complaint for Declaratory Judgment of Patent Non-Infringement, Invalidity, and
3  Unenforceability brought against it by DisplayLink Corporation ("DisplayLink"), alleges and
4  states as follows:

## THE PARTIES

6  1.  MCT lacks sufficient information to form a belief as to the truth or falsity of the
7  allegations in this paragraph, and therefore denies such allegations.

8  2.  MCT lacks sufficient information to form a belief as to the truth or falsity of the
9  allegations in this paragraph, and therefore denies such allegations.

10  3.  MCT admits to each and every allegation of this paragraph.

## JURISDICTION AND VENUE

12  4.  MCT admits the allegations of the paragraph

13  5.  Based on its concurrently-filed counterclaim, MCT does not dispute that there is
14  personal jurisdiction over it and venue in this District; MCT is without sufficient knowledge as
15  to the truth or falsity of the remaining allegations of this paragraph and, therefore denies such
16  allegations.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,203,788)**

19  6.  MCT repeats and realleges its responses to paragraphs 1 through 5 in their
20  entirety.

21  7.  MCT admits that it is the assignee of United States Patent Number 7,203,788 (the
22  "MCT Patent" or "'788 patent").  MCT admits that what purports to be a copy of the MCT
23  Patent was attached to the Complaint as Exhibit A.

24  8.  MCT admits that it intends to enforce its patent rights.  As to all other allegations
25  in this paragraph, because of the vagueness of the allegations of this paragraph, MCT lacks
26  sufficient information to form a belief as to the truth or falsity of the allegations and therefore
27  denies such allegations.

28  9.  Because of the vagueness of the allegations of this paragraph, MCT lacks

1 sufficient information to form a belief as to the truth or falsity of the allegations and therefore
2 denies such allegations.

3     10.    MCT admits that a meeting between Mr. Farzaneh and J. Liu occurred on or
4 about January 10, 2007.  As to all other allegations in this paragraph, implied or expressed,
5 because MCT lacks sufficient information to form a belief as to the truth or falsity of the
6 allegations, and because of the vagueness of the allegations of this paragraph, MCT therefore
7 denies such allegations.

8     11.    MCT denies the allegations of this paragraph.
9     12.    MCT denies the allegations of this paragraph.
10     13.    MCT denies the allegations of this paragraph.
11     14.    MCT denies the allegations of this paragraph.
12     15.    MCT denies the allegations of the first sentence of this paragraph and is without
13 sufficient information to form a belief as to the truth or falsity of the remaining allegations.
14     16.    MCT is without sufficient information to form a belief as to the truth or falsity of
15 the allegations of this paragraph.
16     17.    MCT lacks sufficient information to form a belief as to the truth or falsity of the
17 allegations in this paragraph except admits that it requested samples of DisplayLink's USB to
18 VGA products.
19     18.    MCT admits that the Court has jurisdiction over this matter. As to all other
20 allegations, expressed or implied in this paragraph, MCT denies the allegations.
21     19.    MCT admits that it believes that the MCT Patent is valid and enforceable.
22     20.    MCT lacks sufficient information to form a belief as to the truth or falsity of the
23 allegations in this paragraph but denies that the '788 patent is invalid.
24     21.    MCT denies the allegations of this paragraph.
25     22.    MCT admits that a justiciable controversy has arisen between MCT and
26 DisplayLink.  As to all other allegations, expressed or implied in this paragraph, MCT denies the
27 allegations.
28

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 7,203,788)**

23. MCT repeats and realleges its responses to paragraphs 1 through 22.

24. MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph but denies that the '788 patent is invalid.

25. MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph but denies that the '788 patent is not infringed.

26. MCT admits that a justiciable controversy has arisen between MCT and DisplayLink. As to all other allegations, expressed or implied in this paragraph, MCT denies the allegations.

## THIRD CAUSE OF ACTION

**(Declaratory Judgment of Unenforceability of U.S. Patent No. 7,203,788)**

27. MCT repeats and realleges its responses to paragraphs 1 through 26.

28. MCT admits that it has averred that the '788 patent was duly and legally issued, that MCT is the lawful owner, and that MCT has the right to sue and recover for any and all infringement of the '788 patent.

29. MCT denies this paragraph in its entirety.

30. MCT denies this paragraph in its entirety.

31. MCT admits there is an actual controversy between DisplayLink and MCT as to the enforceability of the '788 patent.

32. MCT admits that a justiciable controversy has arisen between MCT and DisplayLink. As to all other allegations, expressed or implied in this paragraph, MCT denies the allegations.

///

///

## COUNTERCLAIM FOR PATENT INFRINGEMENT

MCT renews its previously filed Amended Counterclaim.

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the claims asserted herein according to 28 U.S.C. §§ 1331 and 1339.

2. Venue is proper in this judicial district according to 28 U.S.C. § 1400.

### FACTS

3. MCT is the owner of all right, title and interest in United States Patent No. 7,203,788 ("the '788 patent") entitled "USB-to-VGA converter." A true and correct copy of the '788 patent is attached hereto as Exhibit A.

4. DisplayLink offers a product called Merlin ("Merlin") as found on the DisplayLink website at http://www.displaylink.com/products/boards.htm.

5. Merlin incorporates the DisplayLink DL-160 Integrated Circuit.

6. Merlin is a USB-to-VGA converter and is designed to connect a PC with a USB 2.0 port to any VGA display device.

### First Counterclaim

**(Patent infringement by DisplayLink)**

7. MCT repeats and realleges paragraphs 1 through 6 as though fully set forth herein.

8. DisplayLink has infringed and is continuing to infringe the claims of the '788 patent and is currently directly infringing, contributorily infringing and/or inducing infringement of the '788 Patent, by among other things, making using, offering to sell, selling and/or importing without authority or license from MCT infringing products including, but not limited to, the Merlin device.

9. MCT is informed and believes, and thereon alleges, that DisplayLink infringement of the MCT Patent has been and continues to be willful.

10. Unless enjoined, DisplayLink will continue to infringe the MCT Patent, and MCT

1 will suffer irreparable injury as a direct and proximate result of DisplayLink's conduct.

2     11.    MCT has been damaged by DisplayLink's conduct, and until an injunction issues
3 will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, MCT requests that the Court grant the following relief:

A.     Judgment that the '788 Patent is valid and enforceable;

B.     Judgment that DisplayLink infringes the '788 Patent;

C.     Judgment that this case is exceptional in accordance with 35 U.S.C. § 285;

D.     An order that preliminarily and permanently enjoins DisplayLink, its directors, officers, employees, attorneys, agents and all persons in concert or participation with any of the foregoing from further acts that infringe, contributorily infringe or induce infringement of the '788 Patent;

E.     An order that awards MCT recovery for all damages that result from DisplayLink's infringing acts;

F.     An order that trebles the amount of damages as a result of the willful and deliberate nature of DisplayLink's acts;

G.     An order that awards interest on damages;

H.     An order that directs DisplayLink to pay MCT's costs, expenses, and awards attorney fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure; and

I.     For such other and further relief as the Court may deem proper.

Dated: September 12, 2008

WANG, HARTMANN, GIBBS & CAULEY
A Professional Law Corporation

By: /s/ Erick P. Wolf
    Richard F. Cauley
    Franklin E. Gibbs
    Erick P. Wolf
    Attorneys for Defendant
    Counterclaim Plaintiff

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 12, 2008

WANG, HARTMANN, GIBBS & CAULEY
A Professional Law Corporation

By: /s/ Erick P. Wolf
    Richard F. Cauley
    Franklin E. Gibbs
    Erick P. Wolf
    Attorneys for Defendant
    Counterclaim Plaintiff